**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
| --- | --- |
| KATHRYN HYLAND, MELISSA GARCIA, ELDON R. GAEDE, JESSICA SAINT-PAUL, REBECCA SPITLER-LAWSON, MICHELLE MEANS, ELIZABETH KAPLAN, JENNIFER GUTH, and MEGAN NOCERINO, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>NAVIENT CORPORATION and NAVIENT SOLUTIONS, LLC,<br><br>        Defendants. | Case No. 18-cv-9031-DLC |

## <u>RULE 26(f) JOINT STATUS REPORT AND DISCOVERY PLAN</u>

Date: 12/4/2018

| | |
| --- | --- |
| Faith Gay | Andrew A. Ruffino |
| Maria Ginzburg | COVINGTON & BURLING LLP |
| Yelena Konanova | The New York Times Building |
| Margaret England | 620 Eighth Avenue |
| SELENDY & GAY PLLC | New York, NY 10018 |
| 1290 Avenue of the Americas | Telephone: (212) 841-1097 |
| New York, NY 10104 | E-mail: aruffino@cov.com |
| Telephone: (212) 390-9000 | |
| E-mail: fgay@selendygay.com | Ashley M. Simonsen |
| | COVINGTON & BURLING LLP |
| Mark Richard | 1999 Avenue of the Stars |
| PHILLIPS, RICHARD & RIND, P.A. | Los Angeles, CA 90067 |
| 9360 SW 72 Street, Suite 283 | Telephone: (424) 332-4782 |
| Miami, FL 33173 | E-mail: asimonsen@cov.com |
| Telephone: (305) 412-8322 | *Attorneys for Defendants* |
| Email: mrichard@phillipsrichard.com | |
| (*pro hac vice* forthcoming) | |
| *Attorneys for Plaintiffs* | |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("Rule 26(f)"), counsel for the parties have met and conferred regarding the matters covered by Rule 26(f) and Your Honor's Order of November 13, 2018 and submit this Joint Status Report and Discovery Plan ("Report"). In instances where the parties were unable to agree with respect to matters addressed by this Report, their respective positions are described below.

## I.     Nature of the Claims and Defenses

This is a putative class action brought on behalf of borrowers of FFEL and Direct federal student loans serviced by Defendants pursuant to servicing contracts with the U.S. Department of Education.[1]  Plaintiffs allege that when putative class members contacted Defendants regarding their eligibility for the Public Service Loan Forgiveness ("PSLF") Program, Defendants misled them by, among other things, (i) falsely stating that borrowers were on track to qualify for PSLF when the borrowers did not have loans eligible for PSLF; (ii) stating that borrowers should enter into payment plans that did not qualify for PSLF; (iii) falsely stating that borrowers should not file paperwork that would permit them to track whether they were making PSLF-qualifying payments; and (iv) delaying to process borrowers' income recertification forms.  Plaintiffs further allege that Defendants were incentivized to mislead borrowers about PSLF because that benefitted Defendants' bottom line—taking steps towards qualifying for PSLF would result in borrowers changing their loan servicing company, and Navient would no longer receive servicing fees.  Plaintiffs bring claims

---

[1] All terms used in this Report are as defined in the Complaint.

for breach of contract, tortious interference with contract and expectancy, unjust enrichment, breach of fiduciary duty, negligence, negligent misrepresentation, and violations of the New York, Florida, California, and Maryland consumer protection laws.

Defendants deny the material allegations of the Complaint and contend that all of Plaintiffs' claims should be dismissed because they are preempted by the Higher Education Act, 20 U.S.C. § 1070 *et seq.* (the "HEA").  The HEA expressly preempts "*any* disclosure requirement of *any* State law" that purports to apply to federal loans. 20 U.S.C. § 1098g (emphasis added).  As multiple courts have held, and the United States Department of Education confirmed in a recent Interpretation, a state law prohibition on misrepresentations and omissions is "merely the converse of a State-law requirement that alternate disclosures be made."[2]  Since Plaintiffs seek to hold Navient liable under state law for alleged misstatements and omissions, the HEA expressly preempts their claims.  Conflict preemption independently bars Plaintiffs' claims because state regulation of federal student loan servicers would undermine Congress's "unmistakable command" in enacting the HEA: "Establish a set of rules that will apply across the board."  *Chae v. SLM Corp.*, 593 F.3d. 936, 945 (9th Cir. 2010); *accord* 83 Fed. Reg. at 10621.

Even if Plaintiffs' claims were not preempted, they still fail as a matter of law for the other reasons set forth in Defendants' motion to dismiss (filed November 30, 2018).  Resolving Plaintiffs' claims will also require many individualized inquiries

---

[2] United States Department of Education, Interpretation, *Federal Preemption and State Regulation of the Department of Education's Federal Student Loan Programs and Federal Student Loan Servicers*, 83 Fed. Reg. 10619-01, 10621 (March 12, 2018).

relating to (among other things) each class member's conversations with Navient customer service representatives; it is thus plain from the face of the Complaint that Plaintiffs cannot satisfy the commonality, predominance, and superiority requirements of Rule 23 of the Federal Rules of Civil Procedure, and a class could never be certified.

## II.    Settlement and Alternative Dispute Resolution

The parties discussed the possibility of settlement and alternative dispute resolution.  Plaintiffs are amenable to mediation of their claims with either a private or Court-appointed mediator.  Defendants believe settlement discussions would be premature at this time but are open to considering mediation with either a private or Court-appointed mediator at an appropriate time in the future.

## III.    Preserving Discoverable Information

The parties discussed the need to preserve discoverable information.  Shortly after this lawsuit was filed, Defendants issued a document preservation notice to preserve all potentially relevant documents.

On November 26, 2018, Plaintiffs sent Defendants' counsel a litigation hold letter requesting that Defendants retain, among other things, any documents related to their contractual relationship with the U.S. Department of Education, any documents related to borrowers of federal student loans, any internal documents related to Defendants' servicing of federal student loans, and any documents relating to Defendants' employee policies and records, as detailed in the litigation hold letter. Plaintiffs' counsel has instructed the individual Plaintiffs to preserve all potentially relevant documents.

4

IV.     **Schedule for Pre-Answer Filings**

The parties discussed a schedule for pre-answer filings and propose the following:

- Plaintiffs to file an amended complaint on or before **January 16, 2019**.

- Defendants to file a renewed motion to dismiss on or before **February 15, 2019** (not to exceed 30 pages); Plaintiffs to file their opposition to Defendants' renewed motion to dismiss on or before **March 18, 2019** (not to exceed 30 pages); and Defendants to file their reply to Plaintiffs' opposition to the renewed motion to dismiss on or before **April 8, 2019** (not to exceed 15 pages).

V.      **Discovery Plan**

The parties' positions with respect to discovery are as follows:

A.      **Changes To Disclosures Under Rule 26(a) (Fed. R. Civ. P. 26(f)(3)(A))**

Pursuant to Rule 26(f)(3)(A) of the Federal Rules of Civil Procedure, the parties discussed changes to the timing, form, or requirement for disclosures under Rule 26(a).

The parties have agreed, for good cause shown, to exchange the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on or before **February 15, 2019**.  The parties propose changes to the deadlines set by Rules 26(a)(2) and 26(a)(3) for expert and pretrial disclosures as set forth below.

**B.    Subjects For Discovery, Discovery In Phases, and Discovery Deadlines (Fed. R. Civ. P. 26(f)(3)(B))**

Pursuant to Rule 26(f)(3)(B) of the Federal Rules of Civil Procedure, the parties discussed subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

**1.    Discovery in Phases**

Plaintiffs propose that initial targeted discovery focused on Defendants' centralized policies, procedures, and servicing contracts applicable to Plaintiffs' federal student loans (including change orders), and any recordings and/or transcripts of phone calls with borrowers should proceed during the pendency of any motion to dismiss.  Plaintiffs propose that class and merits discovery should proceed simultaneously thereafter.

Defendants agree to the above proposal except that Defendants believe any recordings and/or transcripts of phone calls produced during the initial phase of targeted discovery should be limited to those pertaining to the named Plaintiffs.

**2.    Discovery Deadlines**

The parties propose the following discovery schedule:

- All discovery as to fact evidence to close **240 days (approximately 8 months)** following the Court's decision on Defendants' motion to dismiss.

  - Document discovery and interrogatories to conclude **120 days (approximately 4 months)** following the Court's decision on Defendants' motion to dismiss.

  - Deposition discovery to conclude **120 days (approximately 4 months)** following the close of document discovery.

6

- All discovery as to class certification expert evidence to close **270 days (approximately 9 months)** following the close of fact discovery.

    o Parties to disclose class certification expert identities and topics **7 days** following the close of fact discovery.

    o Plaintiffs to serve class certification expert reports **45 days (approximately 1.5 months)** following the close of fact discovery.

    o Defendants to serve class certification expert reports **75 days (approximately 2.5 months)** after Plaintiffs serve their class certification expert reports.

    o Plaintiffs to serve reply class certification expert reports **45 days (approximately 1.5 months)** after Defendants serve their class certification expert reports.

    o Defendants to serve reply class certification expert reports **45 days (approximately 1.5 months)** after Plaintiffs serve their reply class certification expert reports.

    o Class certification expert depositions to conclude **60 days (approximately 2 months)** after Defendants serve their reply class certification expert reports.

### 3.     Deadline for Class Certification Motion

The parties discussed the deadline for any class certification motion.  The

parties propose the following schedule:

- Plaintiffs to file a motion for class certification on or before **45 days** following the close of class certification expert discovery.

- Defendants to file their opposition to Plaintiffs' motion for class certification **45 days** after Plaintiffs file their opening motion for class certification.

- Plaintiffs to file their reply to Defendants' opposition **21 days** after Defendants file their opposition brief.

7

### 4.    Other Deadlines

The parties agreed to submit a proposed schedule for merits expert discovery and any dispositive motion and pre-trial filings at a later date.

### C.    Electronically Stored Information (Fed. R. Civ. P. 26(f)(3)(C))

Pursuant to Rule 26(f)(3)(C) of the Federal Rules of Civil Procedure, the parties discussed any issues related to the disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.  On or before December 5, 2018, Plaintiffs sent Defendants a proposed protocol for exchanging electronically stored information.

### D.    Claims Of Privilege Or Protection As Trial-Preparation Materials (Fed. R. Civ. P. 26(f)(3)(D))

Pursuant to Rule 26(f)(3)(D) of the Federal Rules of Civil Procedure, the parties discussed any issues related to claims of privilege or protection as trial-preparation materials.  On or before December 5, 2018, Plaintiffs sent Defendants a proposed confidentiality order.

### E.    Changes In Limitations On Discovery (Fed. R. Civ. P. 26(f)(3)(E)) And Any Other Orders Pursuant to Rule 26(c) (Fed. R. Civ. P. 26(f)(3)(F))

Pursuant to Rules 26(f)(3)(E) and 26(f)(3)(F) of the Federal Rules of Civil Procedure, the parties discussed whether changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and what other limitations should be imposed; and whether the Court should issue any other orders under Rule 26(c) or under Rule 16(b) and (c).  The parties do not propose

any changes to the discovery limitations or propose any other Court orders at this time.

## VI.   Additional Matters

Plaintiffs have requested a jury trial for all issues so triable as a matter of right.  The parties do not consent to trial before the magistrate judge.

Dated:  December 4, 2018             Respectfully submitted,
      New York, NY


SELENDY & GAY PLLC                  COVINGTON & BURLING LLP


By: /s/ *Faith Gay*                 By: /s/ *Andrew A. Ruffino*
Faith Gay                           Andrew A. Ruffino
Maria Ginzburg                      COVINGTON & BURLING LLP
Yelena Konanova                     The New York Times Building
Margaret England                    620 Eighth Avenue
SELENDY & GAY PLLC                  New York, NY  10018
1290 Avenue of the Americas         Telephone: (212) 841-1097
New York, NY  10104                 E-mail: aruffino@cov.com
Telephone: (212) 390-9000
E-mail: fgay@selendygay.com         Ashley M. Simonsen
     mginzburg@selendygay.com    COVINGTON & BURLING LLP
     lkonanova@selendygay.com    1999 Avenue of the Stars
     mengland@selendygay.com     Los Angeles, CA  90067
                                         Telephone: (424) 332-4782
Mark Richard                        E-mail: asimonsen@cov.com
PHILLIPS, RICHARD & RIND, P.A.
9360 SW 72 Street, Suite 283
Miami, FL  33173                    *Attorneys for Defendants*
Telephone: (305) 412-8322
Email: mrichard@phil-
lipsrichard.com
(*pro hac vice* forthcoming)


*Attorneys for Plaintiffs*

9