Selendy & Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212 390 9000

Lena Konanova
Partner
212 390 9010
lkonanova@selendygay.com



December 5, 2018

**<u>Via ECF</u>**

Hon. Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

Re:   *Hyland v. Navient Corp.*, **No. 1:18-cv-09031**

Dear Judge Cote:

We represent the Plaintiffs, individually and on behalf of all others similarly situated, in the above-captioned class action and write pursuant to Part 4.C of the Court's Individual Practices in Civil Cases to set forth the basis on which diversity jurisdiction exists in this matter pursuant to 28 U.S.C. § 1332(d)(2).

The named Plaintiffs are: (1) Kathryn Hyland, a resident of the State of New York; (2) Melissa Garcia, a resident of the State of New York; (3) Eldon R. Gaede, a resident of the State of New York; (4) Jessica Saint-Paul, a resident of the State of California; (5) Rebecca Spitler-Lawson, a resident of the State of California; (6) Michelle Means, a resident of the State of Maryland; (7) Elizabeth Kaplan, a resident of the State of Maryland; (8) Jennifer Guth, a resident of the State of Maryland; and (9) Megan Nocerino, a resident of the State of Florida.

Defendant Navient Corporation ("Navient Corp.") is a corporation organized under the laws of the State of Delaware, with its principal place of business at 123 Justison Street, Wilmington, Delaware 19801.  Defendant Navient Solutions, LLC (collectively with Navient Corp., "Navient" or "Defendants") is a limited liability corporation organized under the laws of the State of Delaware, that is wholly owned by and shares its principal place of business with Navient Corp.

Hon. Denise L. Cote, U.S. District Judge for the Southern District of New York
December 5, 2018

To establish jurisdiction under 28 U.S.C. § 1332(d)(2), a party must show "no fewer than 100 members of the plaintiff class, minimal diversity, and $5 million in controversy." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006). Plaintiffs easily meet those requirements.

***First***, since none of the named Plaintiffs is a citizen of the State of Delaware, and both Defendants are citizens of the State of Delaware, at least one "member of a class of plaintiffs is [necessarily] a citizen of a State different from any Defendant." 28 U.S.C. § 1332(d)(2)(A). ***Second***, while factual discovery and expert analysis will provide further clarity, publicly available information suggests that approximately 1 in 4 U.S. workers is employed in the public service[1] and Navient services approximately 6.1 million accounts (Dkt. 1, Compl. ¶ 8), such that approximately 1.525 million out of the 6.1 million borrowers serviced by Navient are likely eligible for Public Service Loan Forgiveness ("PSLF"). ***Third***, the U.S. Government Accountability Office determined earlier this year that spending 3 years of repayment in forbearance would cost an average borrower an additional $6,742.[2] If Navient steered even just 10% of the potential 1.525 million PSLF-eligible borrowers into forbearance for 3 years through its affirmative misrepresentations—a number far exceeding the minimum 100-member threshold for putative class actions (28 U.S.C. § 1332(d)(5)(B))—the damages would easily surpass the $5 million minimum threshold for amount in controversy (*id.* §§ 1332(d)(2), (6)), exceeding $1 billion—that is, without accounting for other types of harm that Navient inflicts on borrowers, as pled in the Complaint.

Moreover, because Defendants are not citizens of the State of New York, neither the "discretionary exception" (*id.* § 1332(d)(3)), nor the "home state exception" (*id.* § 1332(d)(4)), applies to deprive this Court of subject matter jurisdiction. We also note that Defendants have moved to dismiss the claims in Plaintiffs' Complaint (Dkt. 23), and in doing so have not raised objections to the Court's subject matter jurisdiction over the proposed class action.

Respectfully submitted,

*/s/ Lena Konanova*

Lena Konanova
cc (via ECF): Defendants' counsel

---

[1] *See, e.g.*, Consumer Fin. Prot. Bureau, *Staying On Track While Giving Back: The Cost Of Student Loan Servicing Breakdowns For People Serving Their Communities* 1 (Jun. 2017), https://s3.amazonaws.com/files.consumerfinance.gov/f/documents/201706_cfpb_PSLF-mid-year-report.pdf.

[2] *See* U.S. GAO, *Federal Student Loans: Actions Needed To Improve Oversight Of Schools' Default Rates* 19 (Apr. 2018), https://www.gao.gov/assets/700/691520.pdf.