**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KATHRYN HYLAND, MELISSA GARCIA, ELDON R. GAEDE, ELIZABETH TAYLOR, JESSICA SAINT-PAUL, REBECCA SPITLER-LAWSON, MICHELLE MEANS, ELIZABETH KAPLAN, JENNIFER GUTH, MEGAN NOCERINO, and ANTHONY CHURCH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NAVIENT CORPORATION and NAVIENT SOLUTIONS, LLC,<br><br>Defendants. | Case No. 18-CV-9031-DLC |

**[PROPOSED] STIPULATED CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER**

Upon agreement of the Parties for an order pursuant to Fed. R. Civ. P. 26(c),

Kathryn Hyland, Melissa Garcia, Eldon R. Gaede, Elizabeth Taylor, Jessica Saint-

Paul, Rebecca Spitler-Lawson, Michelle Means, Elizabeth Kaplan, Jennifer Guth,

Megan Nocerino, and Anthony Church (collectively, "Plaintiffs") and Navient

Corporation and Navient Solutions, LLC (together, "Defendants") (Plaintiffs and

Defendants, individually, a "Party" and, collectively, the "Parties") hereby stipulate

and the Court orders as follows:

1. <u>PURPOSE</u>

This Stipulated Confidentiality Agreement and Protective Order (this "Order") is being entered into to facilitate the production, exchange, and discovery of documents and information that the Parties agree merit confidential treatment. This Order shall govern the handling of Discovery Material, as defined herein, produced in the above-captioned litigation (this "Action").

2. <u>DEFINITIONS</u>

2.1  <u>Confidential</u>:  A designation that can be applied to information that the Producing Party reasonably and in good faith believes constitutes and reveals personal, commercial, or other sensitive information or trade secrets not generally available in the public domain, proprietary business information, competitively sensitive information, or other non-public personal matter or information (including, but not limited to, personal identifying or sensitive borrower information, such as names, Social Security numbers, home telephone numbers and addresses, tax returns, and medical, investment, credit and banking information).

2.2  <u>Counsel (without qualifier)</u>:  Outside Counsel and In-House Legal Personnel, as well as their support staffs, including but not limited to attorneys, paralegals, secretaries, and law clerks.

2.3  <u>Discovery Material</u>:  All information, regardless of the medium or manner generated, stored, or maintained (including, among other things, electronically stored information, testimony, transcripts, or tangible things), recorded

or graphic matter, and/or other information produced, given, exchanged by, or obtained from any Party or Non-Party during discovery in this Action.

2.4    Expert:  A person with specialized knowledge or experience in a matter pertinent to this Action, including his or her employees and support personnel, whether formally retained or not, to whom it is reasonably necessary to disclose Protected Material.  This definition includes a professional jury or trial consultant in connection with this Action.  Nothing in this Order purports to define the term "expert" for purposes other than those addressed in this Order, or to alter the requirements for offering testimony under Fed. R. Evid. 703.

2.5    In-House Legal Personnel:  Attorneys and other personnel employed by a Party to perform legal functions who are involved in the prosecution or defense of this Action.

2.6    Legend:  The designation affixed to or appearing on Protected Material (*i.e.*, "CONFIDENTIAL").

2.7    Non-Party:  A person or entity not a Party.

2.8    Outside Counsel:  External lawyers retained by the Parties to litigate this Action and that have appeared in this Action or are acting at the direction of a lawyer who has appeared in this Action, together with their clerical, support, or other staff who are involved with this Action.

2.9    Party:  Any Party to this Action, including all of its officers, directors, employees, consultants, experts, and Outside Counsel (and their support staffs).

2.10    <u>Producing Party</u>:  Any Party or Non-Party that produces or provides Discovery Material in this Action.

2.11    <u>Protected Material</u>:  Any Discovery Material that is designated as "Confidential."

2.12    <u>Receiving Party</u>:  Any Party receiving Discovery Material in this Action.

2.13    <u>Vendors</u>:  Persons or entities other than Outside Counsel that provide litigation support services (*e.g.*, deposition stenography; photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or processing data in any form or medium), together with their employees, subcontractors, and support staffs.

2.14    <u>Written Assurance</u>:  An executed document in the form attached as Exhibit A.

3.  <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or Counsel that might reveal Protected Material.  However, the protections conferred by this Order do not cover any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party, including through trial or otherwise, as a result of publication not involving a

violation of this Order.  The Parties reserve the right to seek additional protections beyond those provided in this Order.

4.  DESIGNATING PROTECTED MATERIAL

4.1    A Producing Party may designate as "CONFIDENTIAL" any Discovery Material being furnished to any Party in connection with this Action, including any appeal therefrom or any remands thereto, in accordance with this Order if such Producing Party in good faith believes that such Discovery Material contains Confidential information as defined in this Order.  Designating Discovery Material as Confidential does not mean that such material has any status or protection by statute or otherwise, except as provided in this Order.

4.2    Manner and Timing.  Except as otherwise provided in this Order, Discovery Material that qualifies for protection under this Order must be designated as such before it is disclosed or produced.  Designation requires the following:

(a) For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall, to the extent practicable, affix the Legend (*i.e.*, "CONFIDENTIAL") on each page.

(b) For non-documentary tangible items, the Producing Party shall, to the extent practicable, affix the Legend in a prominent place on the exterior of the item, or the container or containers in which the item is stored.

(c) To the extent that information is produced in a form rendering it impractical to label (including information requiring production in native format or other electronically stored information produced on electronic or magnetic media)

("Computerized Material"), the Producing Party may designate such material as Confidential, consistent with this Order, by cover letter or coversheet referring generally to such matter, by affixing to such media a label containing the Legend, or by identifying the material as Confidential in the load file accompanying an electronic production.  With respect to native files, the Producing Party may add the word "CONFIDENTIAL" to the filename of the native file.

(d) Testimony from depositions or portions of any depositions taken in this Action may be designated as Confidential.  A Party may either: (a) identify on the record all Confidential testimony by specifying all portions of the testimony that qualify as Confidential; or (b) before the close of the deposition, designate the entirety of the testimony at the deposition as Confidential and, within thirty (30) days following receipt of the final transcript, identify the specific portions of the testimony that qualify as Confidential.  If the Party elects to use option (b) and fails to designate a specific portion of the testimony as Confidential within the prescribed thirty (30) day time period, the entirety of the testimony and/or any specific portions not so designated shall be deemed not Confidential.

(e) To the extent that any Receiving Party or counsel for the Receiving Party creates, develops, or otherwise establishes or maintains for review on any electronic system Protected Material, the Party and/or its Counsel must take reasonable steps to ensure that access to such media is properly restricted to those persons who, by the terms of this Order, may have access to Protected Material.

4.3     Inadvertent Production of Confidential Materials.     Any material containing Confidential information inadvertently produced without designation as to its confidential nature may be so designated by the Party asserting confidentiality protection by written notice to the respective undersigned counsel for the Receiving Party, identifying the material as Confidential, within fifteen (15) days following the discovery that the material was been produced without such designation.     If Confidential information has been inadvertently filed by the Producing Party on the public record, upon learning of the inadvertent disclosure, the Producing Party shall immediately contact the Court to obtain the return of the Confidential information, and if necessary, take all steps necessary to redress the disclosure and prevent further dissemination of the Confidential information.

4.4     Inadvertent Production of Privileged Materials.  If a Producing Party inadvertently or mistakenly produces information, documents, or tangible items in this Action that should have been withheld subject to a claim of attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity, such inadvertent or mistaken production shall not prejudice or otherwise constitute a waiver of any claim of such privilege or immunity, provided that such production was inadvertent or mistaken and the Producing Party provides written notice to each Receiving Party of the inadvertent or mistaken production.  A Producing Party may request the return of any document ("Notice of Recall") that it inadvertently produced by identifying the document and stating the basis for withholding such document from production, within five (5) business days after discovery of the inadvertent

production.  Within five (5) business days after receiving the Producing Party's written request, the Receiving Party shall return to the Producing Party, or destroy, any documents or tangible items that the Producing Party represents are covered by a claim of privilege or immunity and which were inadvertently or mistakenly produced and certify in writing that these tasks have been completed; provided, however, that the Receiving Party may sequester one copy of the document or tangible item at issue for submission to the Court for determination of the claim as provided by Fed. R. Civ. P. 26(b)(5)(B).  If the sequestered document or tangible item is later determined to be privileged, however, the Receiving Party shall immediately take steps to return to the Producing Party, or destroy, any such document or tangible item.

5.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

     5.1    Written Notice.  A Receiving Party may challenge a Producing Party's confidentiality designation if such challenge is made in good faith.  A Receiving Party that elects to initiate a challenge to a Producing Party's designation of Discovery Material as Confidential under this Order must do so in writing to the Producing Party, requesting that the Producing Party change or remove the designation.  The Receiving Party and Producing Party shall, within five (5) business days after service of the written objection, meet and confer concerning the objection.

     5.2    Judicial Resolution.  If the Producing Party refuses to change or remove its designation within ten (10) business days after the meet and confer, the Receiving Party may present the dispute to the Court in accordance with the provisions of

Paragraph 2.C of this Court's Individual Practices in Civil Cases and Rule 37.2 of the Local Rules of the Southern District of New York for a determination that the Discovery Material is wrongly designated. In any judicial proceeding challenging a confidentiality designation, the burden of proof with respect to the propriety of the designation shall remain upon the Producing Party in accordance with applicable law. Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1     Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose Protected Material only to:

(a) The Court and any appellate court in this Action, along with court personnel;

(b) Court reporters and/or videographers who record depositions or other testimony in this Action;

(c) Any mediator or special master who is engaged to assist the Parties in settlement negotiations, provided that, before any disclosure is made, she/he must execute the Written Assurance;

(d) Counsel (as defined in paragraph 2.2 herein), including members of their firms and associates, associate attorneys, contract lawyers, paralegals, clerical, and other employees or agents of such Counsel who are assisting in the conduct and/or

9

management of this Action and who have been advised by such Counsel of their obligations hereunder;

(e) The Parties;

(f)  Employees of the Parties;

(g) Experts, including third-party consultants and investigators, as well as employees of such Experts involved with this Action, provided that, before any disclosure is made, she/he must execute the Written Assurance;

(h) Any individual expressly identified in the particular Protected Material as having authored, received, or having previously had access to the Protected Material;

(i) Any deponents or witnesses in this Action, and their Counsel, to the extent that such disclosure is reasonably necessary for this Action, provided that such deponents or witnesses have executed the Written Assurance (execution of the Written Assurance will be unnecessary if the deponent or witness is employed by the Producing Party or is already obligated to comply with the terms of this Protective Order);

(j)  Vendors to whom it is necessary to disclose Protected Material for the purpose of assisting Counsel in this Action, so long as each Vendor has executed the Written Assurance; and/or

(k) Any other person upon order of the Court or upon written consent of the Producing Party.

In the event that any of the foregoing persons ceases to participate in this Action, access by such person(s) to Protected Material shall be terminated.  Any such material in the possession of any such person(s) shall be returned or destroyed.

6.2    <u>Use of Protected Material at Hearings or at Trial</u>.  Should the need arise for any Party or Non-Party to disclose Protected Material during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or Non-Party shall notify the Producing Party of the need to do so before disclosing such Protected Material, and may so disclose such information only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such.

6.3    <u>Reservation of Rights as to Admissibility</u>.    Nothing herein shall be deemed to waive any privilege or protection recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts revealed in the course of this Action.

6.4    <u>Limitations on Use of Protected Material</u>.  Protected Material shall be used by the Receiving Party, its Counsel, and any others for purposes of this Action only and for no other purposes, including, without limitation, any media communications, public relations matter, business or commercial purpose, product development, intellectual property development, or in any other legal proceeding. Any person receiving Protected Material shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms of this Order.

11

6.5    <u>Allowances for Use of Protected Material</u>.  Nothing in this Order shall prevent the disclosure or use of Protected Material in a manner otherwise consistent with this Order where:

(a) The Producing Party withdraws, in writing or on the record of this Action, its designation that such information is Protected Material;

(b) The Producing Party consents, in writing or on the record of this Action, to a conditional disclosure or use of Protected Material that differs from the terms of this Order; or

(c) The Court orders Protected Material released from the restrictions of this Order.

7.  <u>PROTECTED MATERIAL SOUGHT IN OTHER LITIGATION</u>

In the event a Receiving Party is served with a subpoena or order issued in other litigation that would compel the production or disclosure of any Protected Material, the Receiving Party must promptly notify the Producing Party in writing. Such notification shall include a copy of the subpoena or court order.  The Receiving Party also must promptly inform in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order, and deliver a copy of this Order to such person.  Nothing in this Order should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

8.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Producing Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material (and, if the Protected Material was filed with the Court by the Receiving Party, move the Court to have the Protected Material filed under seal); (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the Written Assurance.

9.  NON-PARTIES

Any Party, in conducting discovery from Non-Parties in connection with this Action, shall provide any Non-Party from which it seeks discovery with a copy of this Order so as to inform each such Non-Party of its rights herein.  If a Non-Party provides discovery to any Party in connection with this Action, the provisions of this Order shall apply to such discovery as if such discovery were provided by a Party. Under such circumstances, the Non-Party shall have the same rights and obligations under the Order as held by the Parties, including but not limited to the right to designate Discovery Material as Confidential.

10.  FILING PROTECTED MATERIAL

In the event that Counsel for any Party determines to file any Protected Material in this Action, or any papers containing or making reference to such

13

Protected Material, Counsel must comply with the provisions of Paragraph 4.A of this Court's Individual Practices in Civil Cases and the Sealed Records Filing Instructions of the Local Rules of the Southern District of New York.  Paragraph 4.A of this Court's Individual Practices in Civil Cases, effective May 4, 2018, provides:

> Any party wishing to file in redacted form any pleading, motion, memorandum, exhibit, or other document, must make a request to the Court by filing a letter on ECF explaining briefly, without disclosing confidential matters, the reasons for seeking to file that submission under seal. The party must submit to the Court, by hand-delivery or mail, its letter, any appropriately ex parte support for its request, and one full set of the relevant document(s) in highlighted form (i.e., by highlighting the material to be redacted). The party must also submit digital copies of these documents to chambers at CoteNYSDChambers@nysd.uscourts.gov.

> If approval is given for any redactions, the party seeking redaction shall then (1) publicly file any redacted materials; and (2) file the set of unredacted materials or sealed documents with the Sealed Records Department of the Southern District of New York, in accordance with the Department's procedures, available at http://www.nysd.uscourts.gov/cases_records.php under the "Sealed Records" tab.

11. FINAL DISPOSITION

Unless otherwise ordered by the Court or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of this Action, all Protected Material shall be returned to the Producing Party, or, upon permission of the Producing Party, destroyed.  The Receiving Party must provide a certification as to such return or destruction within the sixty (60) calendar day period. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney

14

work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order.

12. <u>MISCELLANEOUS</u>

12.1    <u>Further Amendment</u>.  Except as otherwise provided in this Order, its terms may be amended only by written stipulation of the Parties, or by motion and order of the Court.

**CONSENTED TO BY:**

| | |
|---|---|
| SELENDY & GAY PPLC | COVINGTON & BURLING LLP |

By:  */s/  Faith Gay*                          By:  */s/  Andrew Ruffino*

Faith Gay
(fgay@selendygay.com)
Maria Ginzburg
(mginzburg@selendygay.com)
Yelena Konanova
(lkonanova@selendygay.com)
Margaret Siller
(msiller@selendygay.com)

SELENDY & GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Phone: (212) 390-9040
Fax: (212) 390-9399

*Attorneys for Plaintiffs Kathryn Hyland, Melissa Garcia, Eldon R. Gaede, Elizabeth Taylor, Jessica Saint-Paul, Rebecca Splitter-Lawson, Michelle Means, Elizabeth Kaplan, Jennifer Guth, Megan Nocerino, and Anthony Church, individually and on behalf of all others similarly situated*

Andrew Ruffino
(aruffino@cov.com)

COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Phone: (212) 841-1000
Fax: (212) 841-1010

Ashley Simonsen
(asimonsen@cov.com)

COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Phone: (424) 332-4800
Fax: (424) 332-4749

*Attorneys for Defendants Navient Corp. and Navient Solutions, LLC*

16

## <u>ORDER</u>

Based on the foregoing stipulation of the Parties, and good cause appearing

therefore, **IT IS SO ORDERED** this _____ day of _____, 2019.


_____

United States District Judge

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHRYN HYLAND, MELISSA GARCIA, ELDON R. GAEDE, ELIZABETH TAYLOR, JESSICA SAINT-PAUL, REBECCA SPITLER-LAWSON, MICHELLE MEANS, ELIZABETH KAPLAN, JENNIFER GUTH, MEGAN NOCERINO, and ANTHONY CHURCH, individually and on behalf of all others similarly situated,<br><br><br>Plaintiffs,<br><br>v.<br><br>NAVIENT CORPORATION and NAVIENT SOLUTIONS LLC,<br>                    Defendants. | Case No. 18-CV-9031-DLC |

## WRITTEN ASSURANCE

I, _____, residing at _____ and employed by _____, declare that:

1.  I have read and understand the terms of the Protective Order dated _____, 2019, filed in Civil Action No. 1:18-cv-09031-DLC (S.D.N.Y.), pending in the United States District Court for the Southern District of New York.

2.  I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court and that any or all of the Parties or Non-Parties that designate information pursuant to the Protective Order may assert other remedies against me.

3.  I agree not to disclose Confidential information as defined in this Order to any person not entitled to receive it and agree not to use such information except as permitted by this Order.

4.  Upon request, I will return to counsel for the Party by whom I am employed or retained, or to counsel from whom I received the Protected Material, or destroy or permanently delete all Protected Material that comes into my possession, and documents or things that I have prepared that in any way disclose Confidential information.

5.  I submit myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Date: _____          Signature: _____