Selendy & Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212 390 9000

Lena Konanova
Partner
212 390 9010
lkonanova@selendygay.com



May 30, 2019

<u>Via ECF</u>

Hon. Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

Re:   *Hyland, et al. v. Navient Corp., et al.*, No. 1:18-cv-09031

Dear Judge Cote:

We represent the putative class of Plaintiffs in the above-referenced action and write respectfully to compel Defendants Navient Corporation and Navient Solutions, LLC (together, "Navient") to produce: (i) an estimated production completion date for call recordings between Navient and the named Plaintiffs ("Named Plaintiffs"); (ii) borrower call recordings previously produced to the Federal Student Aid Office (the "FSA"), an Office of the Department of Education; and (iii) a dynamic version of Navient's "Knowledge Share" database containing call flow procedures consulted by Navient's call center employees, requested in Plaintiffs' First Requests for Production served on December 12, 2018 (Ex. 1). Defendants served Responses & Objections on January 11, 2019, generally objecting on the grounds that this Court impliedly entered a stay of discovery (Ex. 2 at 2). The parties met and conferred and are now at an impasse (Ex. 3).

*First*, Navient remains unwilling to confirm a completion date for its production of call recordings for the 11 Named Plaintiffs (RFP No. 3), though it first agreed to produce them *four months ago* (Ex. 6 at 3-4). Navient has produced fewer than half of those recordings, even though it has identifying information for each call from each Named Plaintiff's "Correspondence History" log. Navient's conduct is inconsistent with Rule 34(b)(2)(B) of the Federal Rules of Civil Procedure ("FRCP"), which requires a producing party to "specify the beginning and end dates of the production." *Fischer v. Forrest*, 2017 WL 773694, at *2 (S.D.N.Y. Feb. 28, 2017) (emphasis omitted) (quoting 2015 Adv. Comm. Notes to FRCP 34). Navient's contention that it cannot produce more quickly is belied by other cases alleging similar misconduct. *See, e.g., Washington v. Navient Corp.*, Dkt. 161, No.

17-2-01115-1, at *2 (Wa. Super. Ct. May 9, 2019) (ordering Navient to produce all call recordings for Navient borrowers within the state within seven days).

*Second*, Navient is unwilling to produce 2,388 call recordings reviewed by the FSA in connection with the FSA's 2017 audit of Navient (RFP No. 4), which found Navient did not provide borrowers with correct loan repayment options, instead steering borrowers into forbearance. Navient's stock objections of irrelevance, overbreadth, burden, and privacy concerns fail (*see* Ex. 2 at 9-10). Navient's misconduct found by the FSA is consistent with Plaintiffs' allegations (*see, e.g.*, Am. Compl. ¶¶ 16-17, 25, 28, 32, 35, 43-166, 338-395, 407-503), though Plaintiffs will review the recordings for misrepresentations as to Income Driven Repayment ("IDR") plans and the Public Service Loan Forgiveness ("PSLF") Program specifically. Contrary to Navient's objections, there is no burden associated with re-producing a collection of recordings already gathered for the FSA; Plaintiffs requested this collection early in the discovery process precisely because it is easy to produce. And any production will remain confidential subject to the February 15, 2019 Protective Order (Dkt. 38).

*Third*, Navient has refused to allow Plaintiffs to inspect the interactive, hyperlinked database Navient call center employees use as call flow procedures to guide uniform answers to borrower inquiries, including as to IDR plans and the PSLF Program. Navient agrees its employees use the interactive database but refuses inspection thereof on the grounds that it produced (in response to RFP No. 1) approximately 5,000 database printouts (*e.g.*, Ex. 4)—without any associated index or links. That is insufficient under FRCP 34—analogous to producing all the pages of a massive book separately and in random order after stripping out all page numbers. Navient employees do not use printouts of the database in the regular course of business. As a result of Navient's conduct, Plaintiffs are unable to reconstruct how call center employees actually use the system, in contravention of established law. *See, e.g.*, *Pass & Seymour, Inc. v. Hubbell Inc.*, 255 F.R.D. 331, 335-36 (N.D.N.Y. 2008) (production of 405,367 loosely organized pages in unlabeled files with no corresponding index was improper); *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 610-11 (D. Neb. 2001) ("[P]roducing large amounts of documents in no apparent order does not comply with a party's obligation under Rule 34."). Navient must produce the interactive, hyperlinked database as used in the regular course of business or, alternatively, allow Plaintiffs and their experts to inspect the database on Navient's premises.

*Finally*, although Navient has made limited, insufficient productions to date, it has repeatedly claimed that this Court impliedly entered a stay of discovery at the December 7, 2018 initial conference by not entering a scheduling order (Ex. 5 at 16:18-22). That is unsupported. Navient has not sought a stay of discovery, and this Court has not entered one. "[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Moran v. Flaherty*, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992). Other courts have uniformly rejected Navient's explicit requests for a stay. *See, e.g.*, *Daniel v. Navient Sols., LLC*, 2018 WL 2441151, at *1 (M.D. Fla. May 31, 2018) ("[T]imely propound[ing] [of] comprehensive discovery requests" is "[c]onsistent with [the] priority" to "peek" behind pleadings.); *Demyanenko-Todd v. Navient Corp.*, Dkt. 55, No. 3:17-cv-00772, at *2 (M.D. Pa. Dec. 4, 2017) ("If the Federal Rules of Civil Procedure envisioned that discovery should be stayed in such cases, the rules would have provided as much."). Navient cannot obtain by implication what it has failed to obtain expressly.

Respectfully submitted,

*/s/ Lena Konanova*

Lena Konanova

cc (via ECF): Counsel of record