# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHRYN HYLAND, MELISSA GARCIA, ELDON R. GAEDE, JESSICA SAINT-PAUL, REBECCA SPITLER-LAWSON, MICHELLE MEANS, ELIZABETH KAPLAN, JENNIFER GUTH, and MEGAN NOCERINO, individually and on behalf of all others similarly situated,<br><br>                        Plaintiffs,<br><br>                        v.<br><br>NAVIENT CORPORATION and NAVIENT SOLUTIONS, LLC,<br><br>                        Defendants. | ECF Case<br><br>Case No. 18-CV-09031 (DLC) |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, the Local Rules of the United States District Court for the Southern District of New York, and Judge Cote's Individual Practices in Civil Cases, Defendants Navient Corporation and Navient Solutions, LLC ("Defendants") respond below to the First Set of Requests for Production of Documents to Defendants, dated December 12, 2018 (the "Requests") by Plaintiffs Kathryn Hyland, Melissa Garcia, Eldon R. Gaede, Jessica Saint-Paul, Rebecca Spitler-Lawson, Michelle Means, Elizabeth Kaplan, Jennifer Guth, and Megan Nocerino ("Plaintiffs"). All references to the "Action" refer to the above-captioned matter. Defendants make the following responses based upon information reasonably available to them at this time, and reserve the right to supplement or amend these responses when, and if, necessary.

**General Objections**

1.     Defendants object to the Requests as premature.  On November 13, 2018, the Court instructed the parties that "[a] schedule [for this case] will be discussed at the initial conference."  Dkt. No. 18.  In the Notice of Initial Pretrial Conference issued on that date, the Court directed the parties to "prepare a detailed written proposed schedule for any motions and discovery."  Dkt. No. 19 at 1.  On December 4, 2018, the parties submitted a proposed schedule to the Court.  Dkt. No. 24.  On December 7, 2018, at the initial pretrial conference, the Court expressly declined to approve the parties' proposed discovery schedule or any other discovery schedule in light of Defendants' motion to dismiss, which asserts that Plaintiffs' claims are entirely or substantially barred on various independent grounds.  The Court deferred decision on "what schedule we may follow here" until after ruling on Defendants' motion to dismiss, at which point the Court and the parties "will have another conference."  Tr. of Initial Conference (Dec. 7, 2018) ("Tr.") at 16:17-23.  In addition, there is no currently operative complaint in this action, given that Plaintiffs have announced that they plan to file an amended complaint, but will not do so until January 16, 2019.  Under these circumstances, where there is no operative complaint and the Court has not determined which, if any, of the claims asserted are legally sufficient to proceed to discovery, Defendants should not be subjected to burdensome document collection, review, and production obligations.  Defendants accordingly plan to serve supplemental responses within 30 days after the Court approves a discovery schedule in this Action.  In the meantime, Defendants are willing to meet and confer with Plaintiffs about the possibility of a more narrow and less burdensome production of documents.

2.      Defendants object to the Requests to the extent they seek documents or information not related to the transactions upon which Plaintiffs' claims are based. For any class action to proceed, it must first be established whether, on the basis of those transactions, Plaintiffs can maintain any viable claim against any Defendant. Any broader discovery is premature and potentially wasteful of the Court's and Defendants' resources, as it may ultimately not be needed if Plaintiffs are shown to have no viable claim.

3.      Defendants object to the Requests to the extent they purport to impose on Defendants obligations beyond, or otherwise inconsistent with, those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern and Eastern Districts of New York, Judge Cote's Individual Practices in Civil Cases, any Order of this Court, or any other applicable law or rule. To the extent the Requests purport to require, instruct, or define response obligations that exceed what is required under the applicable rules and orders, Defendants object thereto on the grounds that such a requirement, instruction, or definition (a) exceeds the scope of permissible discovery and (b) improperly attempts to impose upon Defendants unreasonable burden and expense.

4.      Defendants object to the Requests to the extent they seek documents or information protected by the attorney-client privilege, the work product doctrine, bank examination privilege, any other applicable privilege or immunity, or any protective order or confidentiality agreement, or which are otherwise exempted from discovery. Defendants hereby assert all applicable privileges and protections to the extent implicated by each Request, whether based upon statute or recognized at common law. Any disclosure of such privileged and/or protected information is inadvertent and is not intended to waive those privileges or protections. Defendants reserve the right to recall any inadvertently produced

material that is protected by any applicable privilege or immunity.  Further, Defendants construe the Requests as not seeking information that constitutes attorney-client communications and/or work product generated in connection with this or other litigation, anticipated litigation, or any government investigation.  Insofar as the Requests purport to require a search for such privileged and work product material, Defendants object to the Requests as overbroad, unduly burdensome, and not proportional to the needs of the case.  Defendants will not undertake such a search, and such documents will not be logged on a privilege log.

5.      Defendants object to the Requests to the extent they seek documents or information that are not in the possession, custody, or control of Defendants.  Defendants respond to the Requests on behalf of Navient Corporation and Navient Solutions, LLC, and not on behalf of any subsidiaries, affiliates, or other corporations or separate legal entities, or any other individuals.

6.      Defendants object to the Requests to the extent they seek documents or information in Plaintiffs' possession, custody, or control or in the public domain, or from some other source that is more convenient, less burdensome, or less expensive.

7.      Defendants object to the Requests to the extent they purport to require Defendants to produce documents or things that are not reasonably available, do not already exist, and/or are in a format other than the format in which Defendants maintain the requested materials in the ordinary course of business.

8.      Defendants object to the Requests to the extent they seek documents or information concerning confidential, proprietary, or private consumer information.  Any such information that is non-privileged and responsive to the Requests will be produced

subject to the an appropriate Stipulation and Protective Order ("Protective Order") to be entered in this Action.

9. Defendants object to the Requests to the extent they seek documents or information, the production of which would violate a duty of confidentiality owed to a regulatory body or governmental agency.

10. Defendants object to the Requests to the extent they seek information that Defendants have been instructed not to produce by any competent government agency or regulator.

11. Defendants object to the Requests as not proportional to the needs of the case insofar as the burden or expense of the requested discovery outweighs its likely benefit, taking into account, for example, the needs of the case, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## Objections to Definitions and Instructions

12. Defendants object to Plaintiffs' proposed "Definitions" to the extent they are susceptible to more than one meaning or are inconsistent with the ordinary and customary meaning of such words and phrases or the rules governing the permissible scope of discovery. Defendants further object to the Definitions to the extent they contain factual or legal conclusions. By making these responses, Defendants do not in any way adopt Plaintiffs' purported definitions of words and phrases.

13. Defendants object to Plaintiffs' definition of "Communication" to the extent it is intended to be broader than the definition provided by Local Civil Rule 26.3.

14. Defendants object to Plaintiffs' definition of "Document" to the extent it is intended to be broader than the definitions provided by Local Civil Rule 26.3(C)(2) and Federal Rule of Civil Procedure 34(a)(1)(A).

15. Defendants reserve their right to object in other contexts to the definitions and legal conclusions contained in Plaintiffs' definitions of "Direct Loan," "Direct Loan Program," "Federal Family Education Loan Program," "FFEL Program," "FFEL Loan," "FFEL Loans," "Income-driven repayment plans," "IDR Plans," and "Servicing Contracts." However, for purposes of responding to these Requests—and for that purpose only—Defendants will adhere to these definitions.

16. Defendants object to the definition of "Relevant Time Period" to the extent it is broader than the time period during which Plaintiffs' federal student loans were serviced by Navient Solutions, LLC ("NSL"). Defendants interpret "Relevant Time Period" to mean the time period during which Plaintiffs' federal student loans were serviced by NSL, but in no instance before September 27, 2007, the date the College Cost Reduction and Access Act was passed into law, or after October 3, 2018, the date this Action was commenced.

17. Defendants object to Plaintiffs' definition of "You" as overbroad and improper to the extent that definition purports to refer to separate legal entities as one single entity.

18. Defendants object to Plaintiffs' use of the word "information" in Instruction No. 1, to the extent this word purports to require Defendants to produce information other than documents in response to the Requests.

19. Defendants object to Instruction No. 4, to the extent that construing a verb as being used "in all other tenses" would require the production of documents outside the Relevant Time Period as Defendants use that term.

## Specific Responses and Objections

All responses made below, and any documents that may be produced in response to these Requests, are stated and produced, respectively, subject to and without waiving the foregoing General Objections (including the foregoing Objections to Definitions and Instructions), which are specifically incorporated in each response below. Defendants reserve the right to amend or supplement their answers to these Requests pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 1**: Any documents (including call scripts and call flow procedures) containing policies or procedures applicable as of or during the Relevant Time Period that are related to Defendants' evaluation of, or communication with or about, the Plaintiffs regarding their eligibility for the IDR plans or the PSLF Program either collectively or on an individual basis.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**: In addition to the above General Objections, Defendants object to this Request as vague, ambiguous, overbroad, and not proportional to the needs of the case in its use of the phrases "call scripts," "call flow procedures," "documents … containing policies or procedures," and "evaluation of."

For the reasons explained above in paragraph 1 of the General Objections, Defendants will not produce the documents sought by this Request at this time. Defendants plan to serve a supplemental response to this Request within 30 days after the Court approves a discovery

schedule in this Action, and in the meantime, Defendants are willing to meet and confer with Plaintiffs about the possibility of a more narrow and less burdensome production of documents.

**REQUEST FOR PRODUCTION NO. 2**:  Any Servicing Contracts applicable to the Plaintiffs' FFEL Program or Direct Loan Program loans entered as of or during the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:  Defendants incorporate the foregoing General Objections as if set forth fully herein.

For the reasons explained above in paragraph 1 of the General Objections, Defendants will not produce the documents sought by this Request at this time.  Defendants plan to serve a supplemental response to this Request within 30 days after the Court approves a discovery schedule in this Action, and in the meantime, Defendants are willing to meet and confer with Plaintiffs about the possibility of a more narrow and less burdensome production of documents.

**REQUEST FOR PRODUCTION NO. 3**:  Any recordings and/or transcripts of phone calls with Named Class Representatives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:  In addition to the above General Objections, Defendants object to this Request on the ground that Plaintiffs have not provided NSL with sufficient identifying information for the named Plaintiffs to identify recordings of phone calls for all of the named Plaintiffs.  Defendants further object to this Request as unduly burdensome to the extent it purports to require Defendants to produce call recordings that are not reasonably available, do not already exist, are not relevant to the issues raised in this action, and/or are in a format other than the format in which NSL maintains call recordings in the ordinary course of business.  Defendants further object to this Request on the

ground that it is not limited to a time period relevant or even proximate to the Relevant Time Period.

For the reasons explained above in paragraph 1 of the General Objections, Defendants will not produce the documents sought by this Request at this time. Defendants plan to serve a supplemental response to this Request within 30 days after the Court approves a discovery schedule in this Action, and in the meantime, Defendants are willing to meet and confer with Plaintiffs about the possibility of a more narrow and less burdensome production of documents.

**REQUEST FOR PRODUCTION NO. 4**: Any recordings and/or transcripts of phone calls furnished to the Department of Education Federal Student Aid office in connection with its 2017 audit of Navient.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**: In addition to the above General Objections, Defendants object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks discovery of call recordings for a set of individuals that have no connection to the claims or issues in this case. Defendants further object to this Request as unduly burdensome to the extent it purports to require Defendants to produce call recordings that are not reasonably available, do not already exist, are not relevant to the issues raised in this action, and/or are in a format other than the format in which NSL maintains call recordings in the ordinary course of business. Defendants further object to this Request on the ground that it is not limited to a time period relevant or even proximate to the Relevant Time Period.

For the reasons explained above in paragraph 1 of the General Objections, Defendants will not produce the documents sought by this Request at this time. Defendants plan to serve a supplemental response to this Request within 30 days after the Court approves a discovery

schedule in this Action, and in the meantime, Defendants are willing to meet and confer with Plaintiffs about the possibility of a more narrow and less burdensome production of documents.

Dated: Los Angeles, CA            Respectfully submitted,
       January 11, 2019
                                  COVINGTON & BURLING LLP

                                  By:   s/ Ashley Simonsen
                                        Ashley Simonsen

                                  1999 Avenue of the Stars
                                  Los Angeles, CA 90067-4643
                                  asimonsen@cov.com
                                  Tel.: (424) 332-4800

                                  Andrew A. Ruffino
                                  Alexander Setzepfandt
                                  The New York Times Building
                                  620 Eighth Avenue
                                  New York, NY 10018-1405
                                  aruffino@cov.com
                                  asetzepfandt@cov.com
                                  Tel.: (212) 841-1000

                                  *Counsel for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHRYN HYLAND, MELISSA GARCIA, ELDON R. GAEDE, JESSICA SAINT-PAUL, REBECCA SPITLER-LAWSON, MICHELLE MEANS, ELIZABETH KAPLAN, JENNIFER GUTH, and MEGAN NOCERINO, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>NAVIENT CORPORATION and NAVIENT SOLUTIONS, LLC,<br><br>      Defendants. | ECF Case<br><br>Case No. 18-CV-09031 (DLC)<br><br>**PROOF OF SERVICE** |

I, **Jessica Kinsey** declare:

  I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is Covington & Burling, 1999 Avenue of the Stars, Los Angeles, California, 90067-4643.

  On January 11, 2019, I served the foregoing document by U.S. Mail and electronically described as:

  **DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

on the following person(s) addressed as follows:

| | |
|---|---|
| Margaret Marie England<br>Selendy & Gay PLLC<br>1290 Avenue of the Americas<br>New York<br>New York, NY 10104<br>212-390-9000<br>Email: mengland@selendygay.com | *Attorneys for Plaintiffs* |

Maria Ginzburg
Selendy & Gay PLLC
1290 Avenue of The Americas, 17th Floor
New York, NY 10104
212-390-9000
Email: mginzburg@selendygay.com

Yelena Konanova
Selendy & Gay PLLC
1290 Avenue of The Americas, 17th Floor
New York, NY 10104
212-390-9000
Email: lkonanova@selendygay.com

Faith E. Gay
Selendy & Gay PLLC
1290 Avenue of the Americas
Ste 17th Floor
New York, NY 10104
212-390-9000
Fax: 212-390-9399
Email: fgay@selendygay.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of January 2019.

_____
Jessica Kinsey