# Exhibit 3

**From:** Lauren Zimmerman
**Sent:** Wednesday, May 22, 2019 10:39 PM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Maggie Siller <msiller@selendygay.com>; Ruffino, Andrew <aruffino@cov.com>; Setzepfandt, Alexander <ASetzepfandt@cov.com>
**Cc:** Faith Gay <fgay@selendygay.com>; Maria Ginzburg <mginzburg@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; Mark Richard, Counsel to the President <mrichard@aft.org>
**Subject:** RE: Hyland v. Navient Corporation, Case No. 1:18-cv-09031 (DLC)

Ashley,

*First*, as to our request for an estimated completion deadline, the parties have reached an impasse. As you are aware, FRCP 34(b)(2)(B) requires production by "the time … specified in the request [in this case, January 11, 2019] or another reasonable time specified in the response." Delaying production without an estimated completion date is inconsistent with the federal rules. Navient's purported error in producing the information of Navient borrowers who are not among our named plaintiffs as a consequence of Navient failing to QC its production does not justify the unreasonable delay. Your cited alleged practical difficulties, lacking in any evidentiary support, are similarly unavailing (indeed, we are aware the Superior Court of Washington recently ordered Navient to produce all of the call recordings for Navient borrowers within the state within *7 days* of its Order granting the State of Washington's motion to compel).

*Second*, as to our request for policies and procedures related to training call center representatives and "Average Handle Time," the parties are similarly at an impasse. Your offer to "produce the entirety of [Navient's] production in *Daniel v. Navient*, excluding documents specific to the *Daniel* named plaintiffs," conditioned on Plaintiffs forgoing their entitlement to discovery in the absence of a stay, simply based on your contention that such production "should contain" responsive policies and procedures, is insufficient. We will separately seek the entirety of the *Daniel* production, which you have conceded is relevant, from Navient.

*Third*, as to your refusal to grant our request for the production of a dynamic version of the "KnowledgeShare" database, the parties have similarly reached an impasse.

Regards,
Lauren

---

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Friday, May 17, 2019 3:00 PM
**To:** Lauren Zimmerman <lzimmerman@selendygay.com>; Maggie Siller <msiller@selendygay.com>; Ruffino, Andrew <aruffino@cov.com>; Setzepfandt, Alexander <ASetzepfandt@cov.com>
**Cc:** Faith Gay <fgay@selendygay.com>; Maria Ginzburg <mginzburg@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; Mark Richard, Counsel to the President <mrichard@aft.org>
**Subject:** RE: Hyland v. Navient Corporation, Case No. 1:18-cv-09031 (DLC)

Lauren,

I write in response to your May 14 email below. I disagree with your characterizations of our prior discussions, but in any event my main interest here is in trying to minimize disputes. To that end, please find below an update on the issues on which I promised follow-up and that you raised below:

1.  **Supplemental production**.  We made a supplemental production of recordings yesterday, as we previously indicated we would do.  We expect to make a production next week of call recordings and/or written correspondence to Jennifer Guth and Elizabeth Kaplan.

2.  **Estimated completion deadline**.  In our previous email, we again explained that collecting call recordings is a burdensome and manual process, and we provided you with the information you requested about calls that remain potentially outstanding.  We have prioritized finding materials for Jennifer Guth, Kathryn Hyland, and Elizabeth Kaplan and, as noted above, will be producing materials for two of these plaintiffs next week.  I note that we produced written correspondence for accounts bearing these names in February, but were not notified by plaintiffs until May that this correspondence was for accounts of individuals other than the plaintiffs in this case; and we still have not received the information necessary to identify Melissa Garcia's account.  For these reasons, we cannot at this time provide you with an estimated date by which we will complete our production of call recordings, but will continue working diligently to identify and produce these recordings.

3.  **Policies and procedures related to training call center representatives and "Average Handle Time."**  We have assessed the burden of producing these materials and are willing to offer the following compromise:  Navient will agree to produce the entirety of its production in *Daniel v. Navient*, excluding documents specific to the *Daniel* named plaintiffs.  The *Daniel* case asserts substantially similar claims to those asserted here, and the lawyers representing Navient in *Daniel* undertook a reasonable search for and produced materials related to PSLF and Average Handle Time ("AHT").  Accordingly, we understand that the *Daniel* production should contain – in addition to large quantities of documents bearing on other subjects – any policies and procedures relating to PSLF and AHT.  Navient's offer to produce this large volume of material to plaintiffs is conditioned upon plaintiffs' agreement not to continue requesting additional documents from Navient until after the motion to dismiss is resolved.

4.  **Hyperlinks for KS documents**.  Navient has further considered your request to inspect the Knowledge Share database and has concluded that an inspection is not appropriate or warranted, at least at this time.  Plaintiffs still have not articulated any reason why they need to manually inspect the Knowledge Share system in order to understand relevant content in that system available to customer service representatives, which has already been produced.  The vast majority of the content in Knowledge Share has no relevance to this case, and thus inspection of the entire system as plaintiffs have requested is overbroad and wholly disproportionate to the needs of the case, particularly at this early juncture.  Moreover, there is no way to navigate the Knowledge Share system on a historical basis such that plaintiffs could view relevant policies and procedures as they existed during the time period relevant to this case.  If you have particular questions about the hyperlinks in the pages that we have produced – many of which clearly link to other sections of the same Knowledge Share pages we produced – we are willing to confer with you about that by phone or through written correspondence.

Best,

**Ashley Simonsen**

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4782 | asimonsen@cov.com
www.cov.com

---

**From:** Lauren Zimmerman <lzimmerman@selendygay.com>
**Sent:** Tuesday, May 14, 2019 7:31 PM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Maggie Siller <msiller@selendygay.com>; Ruffino, Andrew <aruffino@cov.com>; Setzepfandt, Alexander <ASetzepfandt@cov.com>
**Cc:** Faith Gay <fgay@selendygay.com>; Maria Ginzburg <mginzburg@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; Mark Richard, Counsel to the President <mrichard@aft.org>
**Subject:** RE: Hyland v. Navient Corporation, Case No. 1:18-cv-09031 (DLC)

Ashley:

Following last week's Meet and Confer and subsequent email exchange, the following items remain outstanding:

*First*, we are awaiting Navient's supplemental production of call recordings for seven of the Named Plaintiffs, which you indicated in your May 10, 2019 email would be made to us this week.

*Second*, we requested during the May 8, 2019 Meet and Confer that you provide to us by May 10, 2019 an estimated time of completion for production of the call recordings for the seven Named Plaintiffs whom you have correctly identified, which production has been outstanding since the end of January 2019. To date, we have not received such information. Moreover, following our provision of their mailing addresses, as of Friday, May 10, 2019, you had correctly identified the account information for two more Named Plaintiffs—Jennifer Guth and Elizabeth Kaplan. We expect the awaited estimated date of completion to include the call recordings for Plaintiffs Guth and Kaplan.

*Third*, you indicated that you are still investigating what documents may be implicated by our request for policies and procedures related to training call center representatives and "Average Handle Time," and would update us this week with the results.

*Fourth*, you stated that you are "looking into a way to produce (1) more information about how the hyperlinks in the Knowledge Share documents work and (2) the pages to which they link," and would update us this week on your "progress."

With respect to the above-described four open items, we would like the parties to come to an agreement regarding the nature and date of production for each open item by **close of business on Friday, May 17, 2019.** Unless we are able to do so, we will consider the parties at an impasse on these items.

Finally, as per your request, Ms. Hyland's Navient Account Number is ▬▬▬▬▬▬. Her maiden name is Clemens (full name: Kathryn A. Clemens). We are still awaiting such information from Melissa Garcia and will provide it as soon we have it.

Regards,
Lauren

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Friday, May 10, 2019 5:23 PM
**To:** Lauren Zimmerman <lzimmerman@selendygay.com>; Maggie Siller <msiller@selendygay.com>; Ruffino, Andrew <aruffino@cov.com>; Setzepfandt, Alexander <ASetzepfandt@cov.com>
**Cc:** Faith Gay <fgay@selendygay.com>; Maria Ginzburg <mginzburg@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; Mark Richard, Counsel to the President <mrichard@aft.org>
**Subject:** RE: Hyland v. Navient Corporation, Case No. 1:18-cv-09031 (DLC)

Counsel:

We continue to believe that your requests are inconsistent with both (i) Judge Cote's decision at the December conference not to consider any discovery schedule until after ruling on Navient's motion to dismiss and (ii) our compromise agreement nevertheless to produce a large volume of material to you earlier this year.

We also continue to object to your request for the thousands of call recordings reviewed by FSA in connection with its 2017 site review, which were randomly selected and are not relevant to the claims asserted, and would be unduly burdensome to collect and product.

As discussed during our call on Wednesday, we have spoken with our client about certain issues and have the following updates:

1. **Identifying account information for Melissa Garcia, Jennifer Guth, Kathryn Hyland, and Elizabeth Kaplan**. Navient has been able to locate the accounts for Jennifer Guth and Elizabeth Kaplan using the phone number and address information you provided, but has been unable to do so for Kathryn Hyland and Melissa Garcia. Please send us the account or social security numbers for these two plaintiffs and we will attempt

3

    to locate their accounts using that method.  It would also be helpful to know whether these two plaintiffs ever went by different names, including maiden names.

2. **Production of call recordings**.  As we have mentioned multiple times, Navient's collection of call recordings is a burdensome and manual process, and Navient continues to work diligently to locate all available call recordings for all of the named plaintiffs.  For the seven named plaintiffs whose accounts Navient has been able to identify, Navient has already produced 160 call recordings, constituting the majority of call recordings for those plaintiffs.

   During our call earlier this week, you asked us (1) when we expect to make our next production of call recordings and (2) approximately how many recordings remain to be produced.  We have looked into these questions and can report the following:  We will make our next supplemental production of call recordings next week.  For the seven named plaintiffs whose accounts Navient was able to identify, we are in the process of attempting to locate recordings for approximately 150 additional calls.  It should be noted that, given the dates of many of these calls and the fact that many likely reflect unrecorded communications with Navient's Interactive Voice Responses system, we do not expect to find recordings for most of these calls.

3. **Policies and procedures available to call center representatives relating to training of call center representatives and "Average Handle Time."**  We are still investigating what documents may be implicated by this request and the burden of collecting and producing such documents, to the extent they exist, and will update you next week when we have more information.

4. **Production format of documents from Knowledge Share database**.  As we previously informed you, it is not possible for Navient to produce Knowledge Share documents with active hyperlinks.  We disagree that you need to be able to "navigate through the hyperlinks in the database" when we have already produced the responsive material that is in the database.  Navient is not prepared to agree to a physical inspection of its Knowledge Share database, which includes large volumes of information that has nothing to do with the claims in this case.  But as a compromise we are looking into a way to produce (1) more information about how the hyperlinks in the Knowledge Share documents work and (2) the pages to which they link.  We will update you on our progress next week.

5. **Metadata for call recordings**.  Navient confirms that it has produced all metadata that was extractable from the produced audio files.

Best,

**Ashley Simonsen**

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4782 | asimonsen@cov.com
www.cov.com

**COVINGTON**

---

**From:** Lauren Zimmerman <lzimmerman@selendygay.com>
**Sent:** Thursday, May 9, 2019 7:22 PM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Maggie Siller <msiller@selendygay.com>; Ruffino, Andrew <aruffino@cov.com>; Setzepfandt, Alexander <ASetzepfandt@cov.com>
**Cc:** Faith Gay <fgay@selendygay.com>; Maria Ginzburg <mginzburg@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; Mark Richard, Counsel to the President <mrichard@aft.org>
**Subject:** RE: Hyland v. Navient Corporation, Case No. 1:18-cv-09031 (DLC)

Ashley:

Thank you for speaking to us yesterday afternoon. Below is a summary of the issues we discussed.

4

Following yesterday's meet and confer, it is our understanding that the parties have reached an impasse as to the two issues described below.

*First*, we continue to disagree that Judge Cote made statements during the December 7, 2018 Initial Conference indicative of an intent to stay discovery while Navient's motion to dismiss is pending. Navient has not moved for a stay, and the Court has not entered one sua sponte.

*Second*, Navient continues to refuse to produce call recordings and transcripts provided to the Department of Education's Federal Student Aid Office ("FSA") during its 2017 audit. We disagree that collecting these documents would be burdensome as Navient has already assembled and produced these documents to FSA. Moreover, there are no confidentiality issues with respect to the individual borrowers as we represent the putative class, and there is a Protective Order in place in this action. See Dkt. 38. Furthermore, these documents are clearly relevant to the class action allegations as they relate to misrepresentations made by Navient call center representatives to borrowers.

We further understand that the five issues outlined below remain open and that you will provide us with Navient's positions as to them by Friday, May 10, 2019.

*First*, we notified you that the documents and call recordings provided to us for four of our named plaintiffs – Melissa Garcia, Jennifer Guth, Kathryn Hyland, and Elizabeth Kaplan (the "Four Named Plaintiffs")– belong to other Navient customers that are not among our named plaintiffs. Navient agreed to provide to us with all of the agreed-upon documents and audio files relevant to the Four Named Plaintiffs. To appropriately identify the Four Named Plaintiffs, Navient asked that we provide the Four Named Plaintiffs' Navient account numbers. We agreed to reach out to our clients for that information, but in the meantime, Navient will begin to assemble the relevant documents and audio files for the Four Named Plaintiffs based on their home addresses, which are provided below.

1. Melissa Garcia: [redacted]
2. Jennifer Guth: [redacted]
3. Kathryn Hyland: [redacted]
4. Elizabeth Kaplan: [redacted]

*Second*, we asked for confirmation that Navient has produced all the call recordings during the relevant period (as defined in our December 12, 2018 First Request for Production ("RFP")) that are in its possession for the remaining seven named plaintiffs. You indicated that Navient has not completed its production of call recordings and would not provide us with a general estimate of the volume of the remaining recordings. You further stated that you could not provide an estimated time of completion for production of all of the call recordings. Since we initially requested these calls in November of 2018 and Navient formally agreed to produce them at the end of January of 2019, the lack of a full production or any information as to when a full production will be completed is concerning to us.

*Third*, as outlined in our April 24, 2019 email, Navient has failed to produce of documents containing policies or procedures related to: (i) training of call center representatives and (ii) "Average Handle Time" (RFP No. 1). We disagree with Navient's assertion that RFP No. 1 does not encompass those documents. See RFP No. 1 (requesting "[a]ny documents (including call scripts and call flow procedures) containing policies or procedures applicable as of or during the Relevant Time Period that are related to Defendants' evaluation of, or communication with or about, the Plaintiffs regarding their eligibility for the IDR plans or the PSLF Program either collectively or on an individual basis") (emphasis added). While Navient argues that it only agreed to produce policies and procedures "available to call center representatives," Navient has provided no basis for its assertion that documents related to training and "Average Handle Time" would not be available to call center representatives. You did not agree during our call to produce these documents but offered to discuss this issue with your client and to provide us with a final answer.

*Fourth*, Navient continues to refuse to produce a dynamic version of the "KnowledgeShare" database. To understand how call center representatives interacted with borrowers, we must be able to navigate through the hyperlinks in the

5

database, which we cannot do with thousands of static pdfs. Navient agreed to consider whether there is a program we can download to view the database or whether we may come inspect the database at your or your client's offices.

*Fifth*, the audio files that Navient has produced thus far have a number of metadata fields including, but not limited to, "CallDirection," "CalledPartyNumber," "CustomerID," "CustomerName," and "CustomerState" that were empty. Navient agreed to check whether additional metadata fields are available, and if so, to produce them accordingly.

Best regards,
Lauren

**Lauren J. Zimmerman**
Associate

**Selendy & Gay PLLC**
1290 Avenue of the Americas, New York, NY 10104
**T** 212 390 9068 **C** 646 734 0435

lzimmerman@selendygay.com | www.selendygay.com

---

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Monday, May 6, 2019 10:45 AM
**To:** Maggie Siller <msiller@selendygay.com>; Ruffino, Andrew <aruffino@cov.com>; Setzepfandt, Alexander <ASetzepfandt@cov.com>
**Cc:** Faith Gay <fgay@selendygay.com>; Maria Ginzburg <mginzburg@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; Mark Richard, Counsel to the President <mrichard@aft.org>
**Subject:** RE: Hyland v. Navient Corporation, Case No. 1:18-cv-09031 (DLC)

Maggie,

We are tied up Tuesday, but are available on Wednesday from 1:30-4 p.m. ET.

Best,
Ashley

---

**From:** Maggie Siller <msiller@selendygay.com>
**Sent:** Friday, May 3, 2019 11:04 AM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Ruffino, Andrew <aruffino@cov.com>; Setzepfandt, Alexander <ASetzepfandt@cov.com>
**Cc:** Faith Gay <fgay@selendygay.com>; Maria Ginzburg <mginzburg@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; Mark Richard, Counsel to the President <mrichard@aft.org>
**Subject:** RE: Hyland v. Navient Corporation, Case No. 1:18-cv-09031 (DLC)

Ashley,

Thank you for your response. We think it would be helpful to set up a call to discuss. Please let us know if you are available on Tuesday during any of the following times:
- 10:30 am – 11 am EST
- 12 pm – 1 pm EST
- 2 pm – 3 pm EST
- After 4 pm EST

Thank you,

Maggie

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Thursday, May 2, 2019 2:23 PM
**To:** Maggie Siller <msiller@selendygay.com>; Ruffino, Andrew <aruffino@cov.com>; Setzepfandt, Alexander <ASetzepfandt@cov.com>
**Cc:** Faith Gay <fgay@selendygay.com>; Maria Ginzburg <mginzburg@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; Mark Richard, Counsel to the President <mrichard@aft.org>
**Subject:** RE: Hyland v. Navient Corporation, Case No. 1:18-cv-09031 (DLC)

Maggie,

Please see below for responses to the points raised in your email. Please let us know if it would be helpful to set up a call to discuss.

**1. Policies or procedures related to training of call center representatives and "Average Handle Time."**

We did not agree in our RFP responses or in the parties' subsequent discussions to produce policies or procedures related to training of call center representatives or "Average Handle Time." Nor did Plaintiffs request these documents in their RFP No. 1. As we have previously explained, we believe plaintiffs' requests generally are inconsistent with the Court's decision at the initial conference expressly declining to approve any discovery schedule in light of Navient's motion to dismiss, and deferring decision on "what schedule we may follow here" until after ruling on the motion. In an effort to minimize disputes, Navient agreed several months ago to produce a limited set of documents to plaintiffs. The only "policies and procedures" documents in that limited set were documents relating to PSLF and IDR that are available to call center representatives, and Navient has already produced those documents.

**2. Recordings of phone calls with the named plaintiffs.**

As previously noted, the collection of call recordings with the named plaintiffs is a laborious and burdensome process. Nevertheless, Navient has been working diligently to identify and collect these recordings and expects to make a substantial production of those recordings by early next week.

**3. Written correspondence to Anthony Church and Elizabeth Taylor and any notes or summaries prepared by Navient of calls with those individuals.**

As you know, Navient has already voluntarily produced a substantial volume of materials relating to the named plaintiffs in this case, including written correspondence. Navient expects to produce by early next week written correspondence to Anthony Church and Elizabeth Taylor, as well as documents reflecting notes or summaries of calls with Ms. Taylor. As you know, Navient has already produced notes and summaries of calls with Mr. Church, *see* NAV_HY_00206203; NAV_HY_00206290, and has produced the requested materials for the other nine named plaintiffs.

**4. Production format of documents from Knowledge Share database.**

Your email below requests the production of documents such as NAV_HY_00012185 in a format with active hyperlinks. We have looked into this request and determined that, because of the nature of the database from which these documents were pulled, it is not possible to produce them in the requested format. We note that Navient has already produced additional metadata fields for these documents not required by the ESI Stipulation.

**5. Recordings reviewed by FSA in connection with its 2017 site visit review of Navient.**

Navient continues to object to plaintiffs' request for the production of call recordings reviewed by FSA in connection with its 2017 site visit review. As noted in Navient's responses and objections to Plaintiffs' RFP No. 4, this request is overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks discovery of call recordings for a set of individuals, and relating to issues, that have no connection to the claims or issues in this case. FSA's review of these call recordings in 2017 did not relate to PSLF. Furthermore, these call recordings were randomly selected without regard to whether PSLF (or any other subject) was discussed in any of the conversations, and there is no way to determine which call recordings might have involved references to PSLF issues without manually reviewing each one. In addition, because these recordings are of calls with borrowers who are not parties to this lawsuit, privacy concerns and the burden

associated with retrieving and producing thousands of call recordings outweigh any relevance these calls might have to the claims and issues in this case.

Best,

**Ashley Simonsen**

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4782 | asimonsen@cov.com
www.cov.com

**COVINGTON**

---

**From:** Simonsen, Ashley M
**Sent:** Thursday, April 25, 2019 7:45 PM
**To:** 'Maggie Siller' <msiller@selendygay.com>; Ruffino, Andrew <aruffino@cov.com>; Setzepfandt, Alexander <ASetzepfandt@cov.com>
**Cc:** Faith Gay <fgay@selendygay.com>; Maria Ginzburg <mginzburg@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; Mark Richard, Counsel to the President <mrichard@aft.org>
**Subject:** RE: Hyland v. Navient Corporation, Case No. 1:18-cv-09031 (DLC)

Maggie,

We are looking into your questions below and will provide a written response. If there remain any outstanding issues that you wish to discuss following our response, we will be happy to set up a meet and confer call at that time.

Best,

**Ashley Simonsen**

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4782 | asimonsen@cov.com
www.cov.com

**COVINGTON**

---

**From:** Maggie Siller <msiller@selendygay.com>
**Sent:** Wednesday, April 24, 2019 2:33 PM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Ruffino, Andrew <aruffino@cov.com>; Setzepfandt, Alexander <ASetzepfandt@cov.com>
**Cc:** Faith Gay <fgay@selendygay.com>; Maria Ginzburg <mginzburg@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; Mark Richard, Counsel to the President <mrichard@aft.org>
**Subject:** Hyland v. Navient Corporation, Case No. 1:18-cv-09031 (DLC)

Ashley, Andrew, Alex:

We've completed our review of the four production volumes Navient has produced thus far.  We have identified the deficiencies listed below.  Please let us know if you are available for a meet and confer on Friday, April 26.

1. Navient has not produced documents containing policies or procedures related to training of call center representatives (RFP No. 1).
2. Navient has not produced documents containing policies or procedures related to "Average Handle Time" (RFP No. 1).
3. Navient has not produced any recordings and/or transcripts of phone calls with Named Class Representatives (RFP No. 3).
4. Navient has not produced notes or summaries prepared by Navient concerning calls between Navient and Named Class Representatives Anthony Church and Elizabeth Taylor (Jan. 30, 2019 email from A. Simonsen).
5. Navient has failed to produce any correspondence between Navient and Named Class Representatives Anthony Church and Elizabeth Taylor (Jan. 30, 2019 email from A. Simonsen).

In addition, Navient has produced call flow procedures that appear to be located on an internal database or network entitled "Solutions Navigator."  *See, e.g.,* NAV_HY_00012185. Please produce a downloaded version of Solutions Navigator that will enable us to actively click on the hyperlinks and navigate through the call flow procedures.

Please also confirm whether Navient is maintaining the position set forth in its Response No. 4 to Navient's Responses and Objections—*i.e.*, that Navient will not, at this time, produce any recordings or transcripts of calls furnished to the Department of Education Federal Student Aid office in connection with FSA's 2017 audit of Navient.

Best,

**Margaret M. Siller**
Associate

―――――――――――――――――――――

**Selendy & Gay PLLC**
1290 Avenue of the Americas, New York, NY 10104
**T** 212 390 9021

―――――――――――――――――――――

msiller@selendygay.com   www.selendygay.com