Selendy & Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212 390 9000

---

Lena Konanova
Partner
212 390 9010
lkonanova@selendygay.com



July 1, 2019

**<u>Via ECF and Hand Delivery</u>**

Hon. Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

Re:     *Hyland v. Navient Corp.*, No. 1:18-cv-09031 (the "Action")

Dear Judge Cote:

    Plaintiffs write respectfully to alert the Court to a decision by the U.S. Court of Appeals for the Seventh Circuit, *Nelson v. Great Lakes Educational Loan Services, Inc.*, No. 18-1531 (7th Cir. June 27, 2019) (Ex. 1).  The Seventh Circuit vacated and remanded a decision on which Defendants ("Navient") relied in the pending motion to dismiss (Dkt. 40 at 9-10; Dkt. 44 at 2, n.3).

    The Seventh Circuit held that "[w]hen a loan servicer holds itself out to a borrower as … [an] expert[] who work[s] for her, … and tells her that it[] [] know[s] what options are in her best interest, those statements, when untrue, … are affirmative misrepresentations, not failures to disclose." Ex. 1 at 2.  When a servicer voluntarily deceives, rather than "remaining silent[,] [s]tate law could impose liability on [the servicer's] affirmative misrepresentations[,]" *id.* at 17 (internal citation omitted), as Plaintiffs allege here (Am. Compl., Dkt. 32 ¶¶ 16-17).  Specifically, Congress "most certainly did not enact language [in the Higher Education Act ("HEA")] imposing broad preemption on … any state consumer-protection or tort laws, that might apply to student loans and their servicing." Ex. 1 at 15.  Moreover, *Chae v. SLM Corp.*, 593 F.3d 936 (9th Cir. 2010), cited by Navient (Dkt. 40 at 2, 4, 8-15, Dkt. 44 at 2-6, 8), "made clear that § 1098g [of the HEA] would not extend to … [servicers'] affirmative misrepresentations[.]" Ex. 1 at 19.

    The Seventh Circuit chose "not [to] give special deference to the U.S. Department of Education's 2018 informal guidance," on which Navient relied heavily in its briefing (Dkt. 40 at 1-4, 6, 10, 12-15, 22; Dkt. 44 at 2, 4-6), which claimed "the HEA preempts all state regulations that 'impact' [] loan servicing." *Id.* at 21 n.2.  The court found it "not

persuasive because it is not particularly thorough and it represents a stark, unexplained change in the Department's position." *Id.* (internal quotation and citation omitted).  The court concluded individual states have "a compelling interest in protecting [their] consumers by providing oversight of federal student loan servicers." *Id.* at 22 n.3.

Respectfully submitted,

*/s/ Lena Konanova*

Lena Konanova
cc (via ECF): Defendants' counsel