**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Ashley Simonsen

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4782
asimonsen@cov.com

**By ECF**                                                                                     July 3, 2019

Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:  *Hyland v. Navient Corporation*, Case No. 1:18-cv-09031
           (DLC)

Dear Judge Cote:

      We represent defendants Navient Solutions, LLC and Navient Corporation ("Navient"), and write in response to Plaintiffs' letter regarding *Nelson v. Great Lakes Educational Loan Services, Inc.*, No. 18-1531 (7th Cir. June 27, 2019).  ECF No. 51.

      *Nelson* is inconsistent with *Chae v. SLM Corp.*, 593 F.3d 936 (9th Cir. 2010) and its progeny with respect to the scope of express preemption under 20 U.S.C. § 1098g.  *Chae* plainly held that section 1098g preempts state law claims based on affirmative misrepresentations.  *Id*. at 943 (holding that "the state-law prohibition on misrepresenting a business practice 'is merely the converse' of a state-law requirement that alternate disclosures be made," and is thus preempted by section 1098g).  Applying *Chae*, numerous courts have held that state law claims based on misrepresentations and omissions nearly identical to those alleged by Plaintiffs here are expressly preempted by section 1098g.  *See* ECF No. 40 (Defs.' Mot.) at 8-13; ECF No. 44 (Defs.' Reply) at 1-4.  To the extent *Nelson* held otherwise, that holding is inconsistent with *Chae* and its progeny.

      Even if followed, *Nelson* declined to follow *Chae* only with respect to misrepresentations that were made **voluntarily** and where the loan servicer "could have avoided [state law misrepresentation claims] by remaining silent" on certain topics.  No. 18-1531 at 17; *see also id*. at 19.  In contrast, Plaintiffs here have alleged that Navient is *required* under federal law and its contract with the ED "to communicate with borrowers on behalf of [ED] about their loans," Am. Compl. ¶ 10, and specifically to provide borrowers with information about "repayment options," "forgiveness options," "alternative payment options," and "PSLF," *id*. ¶¶ 10-11.  Plaintiffs' claims here therefore do *not* involve the types of voluntary statements at issue in *Nelson*.

      Indeed, *Nelson* held that affirmative misrepresentation claims ***are*** preempted by section 1098g when (as here) the purported misrepresentations relate to a topic that the loan servicer is required to discuss with borrowers.  *See* No. 18-1531 at 15-16.  For example, claims that a servicer "did not appropriately inform [the borrower] of her repayment plan options" are preempted because loan servicers are required to have "communications with struggling borrowers about their repayment options."  *Id*. at 16.  Finding that "[t]his sort of communication between a lender and a borrower is exactly what is at issue" on certain of the plaintiff's claims, the *Nelson* court found those claims preempted.  *Id*.  Here, Plaintiffs similarly allege that


**COVINGTON**

Honorable Denise L. Cote
July 3, 2019
Page 2

Navient was required to counsel borrowers on all of the topics that are the subjects of their misrepresentation claims—including (as in *Nelson*) repayment plan options. *See, e.g.*, Am. Comp. ¶¶ 10-11, 90, 144, 303. Accordingly, *Nelson* actually supports the application of preemption to Plaintiffs' claims here.

*Nelson* also supports Navient's position that oral misrepresentation claims are preempted by section 1098g: *Nelson* expressly rejected the argument, echoed by Plaintiffs here, that section 1098g preempts only written disclosures on standardized forms. No. 18-1531 at 15; *see* ECF No. 43 (Pls.' Opp. to Defs.' Mot. to Dismiss) at 9.

Finally, while *Nelson* gave ED's recent Interpretation "little weight," it did so by adopting the flawed analysis of *Student Loan Servicing Alliance v. District of Columbia*, 351 F. Supp. 3d 26, 48–49 (D.D.C. 2018). No. 18-1531 at 21 n.2; *see* ECF No. 40 (Defs.' Mot.) at 15-16 & n.4; ECF No. 44 (Defs.' Reply) at 6-7.

Respectfully submitted,

*s/Ashley Simonsen*

Ashley Simonsen

cc:     Counsel of Record (by ECF)