# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

**Ashley Simonsen**

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T  +1 424 332 4782
asimonsen@cov.com

*By ECF*                                                July 30, 2019

Honorable Denise Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York  10007-1312

Re:  *Hyland v. Navient Corporation*, Case No. 1:18-cv-09031 (DLC)

Dear Judge Cote:

I write in response to Your Honor's request for citations to three cases supporting defendants' positions regarding class certification. *Daniel v. Navient*, No. 8:17-cv-2503-T-24JSS (M.D. Fl. Apr. 26, 2019) (enclosed) is directly on point. Like Plaintiffs here, the *Daniel* plaintiffs asserted class claims against Navient based on varying alleged oral misrepresentations regarding their eligibility for Public Service Loan Forgiveness ("PSLF"). *See id.* at 5–9; Am. Compl. ¶¶ 47–51, 62–67, 75–77, 89–91, 95. The court emphatically denied class certification, finding that plaintiffs could not show commonality, typicality, or predominance because proof of their claims would "require[] a highly fact-intensive and individualized analysis of [each] conversation," requiring "a thorough examination of call recordings, account servicing notes and testimony in order to determine: (1) the subject of a given communication (i.e., about PSLF or not); (2) if the conversation was about PSLF, what was the content; (3) based on that content, could anything be construed as a misrepresentation that the borrower's loans qualified for PSLF" and "whether the borrower was harmed." *Id.* at 15–18. "Then an additional set of highly individualized questions would be raised as to whether a borrower was, in fact, both eligible for PSLF and had fulfilled the program requirements." *Id.* at 16.

Second Circuit case law confirms that class certification is not proper in cases involving disparate alleged oral misrepresentations. *See, e.g.*, *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1255–56 (2d Cir. 2002) (class certification denied due to lack of "evidence of materially uniform misrepresentations"; "material variations" in sales pitches precluded class certification, even though plaintiffs alleged a "common scheme" where defendant's sales representatives were trained to mislead buyers about the nature of defendant's product); *Mullaney v. Delta Air Lines, Inc.*, 258 F.R.D. 274, 279 (S.D.N.Y. 2009) (denying class certification because class members "spoke with different representatives," "could have been told different things," and "undoubtedly asked a variety of questions").

Respectfully submitted,

*s/Ashley Simonsen*

Ashley Simonsen