**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KATHRYN HYLAND, MELISSA GARCIA, ELDON R. GAEDE, ELIZABETH TAYLOR, JESSICA SAINT-PAUL, REBECCA SPITLER-LAWSON, MICHELLE MEANS, ELIZABETH KAPLAN, JENNIFER GUTH, MEGAN NOCERINO, and ANTHONY CHURCH, individually and on behalf of all others similarly situated, | Case No. 18-CV-09031 (DLC) |
| Plaintiffs, | **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT** |
| v. | |
| NAVIENT CORPORATION and NAVIENT SOLUTIONS, LLC, | |
| Defendants. | |

Defendants Navient Corporation and Navient Solutions, LLC (individually and/or together, "Navient"), by and through their undersigned attorneys, hereby answer plaintiffs' Amended Class Action Complaint dated January 16, 2019 (the "Complaint") as follows. To the extent any allegation is not specifically admitted, it is expressly denied.

Navient states that it is not required to respond to documents annexed as exhibits to or cited in footnotes in the Complaint. To the extent a response to such documents may be deemed necessary, Navient refers to the documents for a complete and accurate statement of their contents, denies plaintiffs' averments to the extent they are inconsistent with the documents, and denies knowledge or information sufficient to form a belief as to the truth or falsity of averments that relate to the actions of parties other than Navient. Navient further states that no response is required to allegations in the Complaint that pertain to claims the Court dismissed in its Opinion

and Order dated July 8, 2019.  Navient further states that no response is required to the section headings in the Complaint, but to the extent a response is required, Navient denies any statements or implications made in those headings.

1.      Navient admits that millions of people in the United States have taken out student loans and that loan volume has increased substantially since 1999, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2.      Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3.      Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4.      Navient admits that the Federal Government created the Public Service Loan Forgiveness program and, through the Department of Education, enters into standardized Master Promissory Note contracts with borrowers which explain the terms and conditions of loans. Navient refers to the cited statutes for a complete and accurate statement of their contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5.      Navient refers to the cited statute for a complete and accurate statement of its contents and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.      Navient admits that a borrower may confirm eligibility for PSLF and track qualifying payments by submitting employment certification forms to the Department of

Education, refers to the cited statute for a complete and accurate statement of its contents, and denies plaintiffs' allegations to the extent they are inconsistent with the statute.

7.      Navient admits that some borrowers may be entitled to use income-driven repayment plans that are based in part on the borrower's income and family size and can result in payments as low as $0 a month, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.      Navient admits that the Department of Education has contracted with private, for-profit servicing companies to assist in the administration of student loan repayments and otherwise denies the allegations in paragraph 8.

9.      Navient admits that it is a servicing company for federal student loans and refers to the cited Form 10-K for a complete and accurate statement of its contents, and denies plaintiffs' allegations in paragraph 9 to the extent they are inconsistent with the cited 10-K.

10.      Navient admits that it has entered into servicing contracts with the Department of Education, refers to those contracts for a complete and accurate statement of their contents, and otherwise denies the allegations of paragraph 10.

11.      Navient admits that it communicates with borrowers concerning circumstances affecting their loans and otherwise denies the allegations of paragraph 11.

12.      Navient refers to the cited Form 10-K for a complete and accurate statement of its contents and denies plaintiffs' allegations in paragraph 12 to the extent they are inconsistent with the 10-K.

13.      Navient admits that it helps its customers successfully manage their loans,  refers to the cited webpages for a complete and accurate statement of their contents, and denies plaintiffs' allegations in paragraph 13 to the extent they are inconsistent with those webpages.

14.     Navient admits that its website previously contained the statements in Exhibits 1-3, refers to the the cited webpages for a complete and accurate statement of their contents, and otherwise denies the allegations in paragraph 14.

15.     Navient admits that the statements in Exhibits 1-3 were previously on its website, admits that the statements in Exhibits 4 and 5 are currently on its website, refers to those documents for a complete and accurate statement of their contents, and otherwise denies the allegations in paragraph 15.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21.     Navient denies that it engaged in misconduct, refers to the cited sources for a complete and accurate statement of their contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23.     Navient refers to the cited source for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24.     Denied.

25.     Navient denies the allegation that it "pays its employees to avoid engaging in lengthy conversations with a borrower" and "advocate[s] for quick and easy options that are not in the borrower's best interests."  Navient refers to the cited source for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25.

26.     Navient admits that a borrower who enters a loan Forbearance is temporarily relieved from making loan payments, that interest on a loan may continue to accrue while it is placed in a Forbearance, that a borrower may owe more money at the end of a Forbearance period than at the beginning, and that while in Forbearance, a borrower may not be making any qualifying payments for PSLF.  Navient otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27.     Denied.

28.     Denied.

29.     Navient refers to the cited source for a complete and accurate statement of its contents, and otherwise denies the allegations in paragraph 29.

30.     Denied.

31.     Admitted, except Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 31.

32.     Denied.

33.     Navient admits that submitting an Employment Certification Form can allow a borrower to determine whether the borrower's loans, payment plans, and employment qualify for PSLF, and that the Department of Education recommends borrowers send in Employment Certification Forms.  Navient denies the allegations in the last sentence, and otherwise denies

knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 33.

34.     Denied.

35.     Navient states that no response is required to the allegations in paragraph 35 that concern named plaintiffs who have been dismissed.  Navient's response is limited to the allegations concerning Plaintiffs Kathryn Hyland, Melissa Garcia, Eldon Gaede, and Elizabeth Taylor.  Navient admits that in November 2016, Navient informed Ms. Hyland that payments made on her FFEL loans are not qualifying payments for PSLF.  Navient denies knowledge or information sufficient to form a belief as to the truth of the following allegations in paragraph 35: (1) "Plaintiff Kathryn Hyland is a full-time public school literacy teacher and coach living in New York who took out FFEL Loans  for both her undergraduate and graduate education"; (2) "Plaintiff Melissa Garcia is a full-time public school teacher living in New York who took out Direct Loans for her graduate degree"; (3) all allegations concerning Eldon Gaede; and (4) all allegations concerning Elizabeth Taylor.  Navient denies all other allegations in paragraph 35.

36.     Navient denies the allegations in the first sentence, refers to the cited source for a complete and accurate statement of its contents, and denies knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 36.

37.     Navient refers to the cited source for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38.     Denied.

39.     Denied, except Navient admits that plaintiffs purport in this action to seek relief on behalf of a class of borrowers.

40.     Denied.

41.     Denied, except Navient admits that Plaintiffs have attempted to bring this action on behalf of proposed Nationwide Classes and Subclasses of borrowers in California, Florida, Maryland, and New York as described in paragraph 41.  Navient notes that all claims asserted on behalf of the proposed Nationwide Class and Subclasses of borrowers from California, Florida, and Maryland, have been dismissed, and denies that any class may properly be certified in this case.  Navient denies all other allegations in paragraph 41.

42.     Denied, except Navient admits that plaintiffs purport to seek injunctive relief as described in paragraph 42.

43.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44.     Navient admits that Ms. Hyland took out FFEL Loans, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.

45.     Navient admits that in 2009, Ms. Hyland began repaying her loans under an income-sensitive repayment plan.  Navient otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47.     Navient admits that Ms. Hyland has contacted Navient on several occasions since 2009, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in first sentence of paragraph 47.  Navient denies the allegations in the second sentence of paragraph 47.

48.     Denied.

49.     Denied.

50.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence and otherwise denies the allegations in paragraph 50.

51.     Navient admits Ms. Hyland called Navient in November 2016, that Navient informed Ms. Hyland that her previous loan payments had not qualified for PSLF, and that Navient told Ms. Hyland she would need to consolidate her loans from FFEL Loans into Direct Loans if she would like to make qualifying payments for PSLF.  Navient denies knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 51.

52.     Navient admits that Ms. Hyland requested call recordings of her conversations with Navient representations, that Navient did not produce those recordings to Ms. Hyland, and that Navient informed Ms. Hyland that it had not given her incorrect information about PSLF. Navient denies knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 52.

53.     Navient admits that Ms. Hyland filed a complaint with the CFPB and refers to the cited complaint for a complete and accurate statement of its contents.  Navient otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53.

54.     Navient admits that Ms. Hyland filed a complaint with the Department of Education's office of Federal Student Aid and that Navient submitted a response to the complaint.  Navient refers to this complaint and response for a complete and accurate statement of their contents.  Navient denies knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 54.

55.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56.     Denied.

57.     Navient admits that it remains Ms. Hyland's loan servicer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58.     Navient admits that it has records indicating dates Ms. Hyland had conversations with Navient as well as the names of some of the Navient employees with whom Ms. Hyland spoke, and that it possesses recordings of certain conversations.  Navient otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

59.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.

60.     Navient admits that Ms. Garcia took out Direct Loans, that at least some of her loans were originally serviced by Sallie Mae, and that Navient currently services her loans. Navient denies knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 60.

61.     Navient admits that Ms. Garcia began repaying her loans in 2012, and otherwise denies the allegations of paragraph 61.

62.     Navient denies the allegations in the last sentence, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62.

63.     Navient admits that borrowers generally can submit their Employment Certification Forms to FedLoan Servicing at any time and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 63.  Navient denies the other allegations in paragraph 63.

64.     Navient denies that Ms. Garcia was misinformed by Navient regarding the submission of her Employment Certification Form, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64.

65.     Navient admits that in January 2016, a Navient representative informed Ms. Garcia about the number of payments she had made towards PSLF.  Navient otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65.

66.     Navient admits that a Navient customer service representative informed Ms. Garcia that enrolling in a graduated repayment plan could lower her monthly payments, that Ms. Garcia did enroll in a graduated repayment plan in 2016, that Ms. Garcia made payments on this plan, and that payments made on this plan were not qualifying payments for PSLF.  Navient denies knowledge or information sufficient to form a belief as to the truth of the other allegations in the last sentence of paragraph 66.  Navient denies the other allegations in paragraph 66.

67.     Denied.

68.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence, and otherwise denies the allegations in paragraph 68.

69.     Denied.

70.     Navient admits that Navient remains Ms. Garcia's loan servicer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.

71.     Navient admits that it has records indicating dates Ms. Garcia had conversations with Navient and as well as the names of some of the Navient employees with whom Ms. Garcia spoke, and that it possesses recordings of certain conversations.  Navient otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

72.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.

73.     Navient admits that Dr. Gaede took out FFEL Loans and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

76.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77.     Navient admits that Dr. Gaede enrolled in an income-driven repayment plan in 2013.  Navient otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

79.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.

81.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81.

82.     Navient admits that Navient remains Dr. Gaede's loan servicer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83.     Navient admits that it has records indicating dates Dr. Gaede had conversations with Navient as well as the names of some of the Navient employees with whom Dr. Gaede spoke, and that it possesses recordings of certain conversations.  Navient otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

85.     Navient admits that Ms. Taylor took out FFEL Loans, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85.

86.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86.

87.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87.

88.     Navient admits that Navient has been the servicer for Ms. Taylor's federal student loans since October 2011, and admits that Ms. Taylor has been repaying those loans on a graduated repayment plan.  Navient denies knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 88.

89.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89.

90.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90.

91.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91.

92.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

93.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93.

94.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94.

95.     Denied.

96.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96.

97.     Navient admits that it is still Ms. Taylor's loan servicer, but denies knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 97.

98.     Navient admits that it has records indicating dates Ms. Taylor had conversations with Navient as well as the names of some of the Navient employees with whom Ms. Taylor spoke, and that it possesses recordings of certain conversations.  Navient otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98.

99–166.  Navient states that no response is required to the allegations in paragraphs 99 through 166, which pertain to claims that have been dismissed.

167.     Admitted, except Navient denies that Navient Corp. "is the successor to the Student Loan Marketing Association."

168.     Admitted that following privatization SLM Corporation was the parent company and Sallie Mae, Inc. was a subsidiary that was primarily responsible for servicing student loans. Navient otherwise denies the allegations in paragraph 168.

169.     Admitted that in April 2014 then SLM Corporation underwent a reorganization that resulted in the creation of two separate, publicly traded companies, one of which operates as Navient Corporation and the other as SLM Corporation.  Navient otherwise denies the allegations in paragraph 169.

170.     Navient admits that following the "split," Navient Corporation, through its affiliates, continued to service student loans, while SLM Corporation, through its affilates, primarily engaged in the business of originating private student loans.  Navient refers to the cited document for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170.

171.    Navient refers to the cited website page for a complete and accurate statement of its contents and denies plaintiffs' allegations in paragraph 171 to the extent they are inconsistent with the website text.

172.    Paragraph 172 contains legal conclusions to which no response is required. Navient refers to the Separation and Distribution Agreement dated as of April 28, 2014 for a complete and accurate statement of the terms and conditions applicable to the transaction described in this paragraph.

173.    Navient admits that Navient Corporation is a Delaware corporation with its principal place of business located at 123 Justison Street, Wilmington, Delaware 19801, and that Navient Solutions, LLC operates call centers in Fishers and Muncie, Indiana; Newark, Delaware; and Wilkes-Barre, Pennsylvania.  Navient otherwise denies the allegations in paragraph 173.

174.    Admitted.

175.    Admitted.

176.    Navient refers to the cited Form 10-K for a complete and accurate statement of its contents and denies plaintiffs' allegations in paragraph 176 to the extent they are inconsistent with the 10-K.

177.    Navient admits that Sallie Mae, Inc. became Navient Solutions, Inc., a subsidiary of Navient Corporation.  Navient otherwise denies the allegations in paragraph 177.

178.    Navient admits that NSI was a Delaware corporation, a wholly-owned subsidiary of Navient Corporation, and the main servicing subsidiary of Navient Corporation.  Navient otherwise refers to the cited Form 10-K for a complete and accurate statement of its contents and denies plaintiffs' allegations in paragraph 178 to the extent they are inconsistent with the 10-K.

179.    Navient admits that following a corporate reorganization, Navient Solutions, Inc. became a Delaware limited liability company called Navient Solutions, LLC.  Navient otherwise denies the allegations in paragraph 179.

180.    Admitted.

181.    Denied.

182.    Navient admits that Christian Lown is the Executive Vice President and Chief Financial officer for both Navient Corp. and Navient Solutions, LLC, that Steve Hauber is the Executive Vice President and Chief Risk and Compliance Officer for both Navient Corp. and Navient Solutions, LLC, that Stephen O'Connell serves as Senior Vice President and Treasurer for both Navient Corp. and Navient Solutions, LLC, and otherwise denies the allegations in paragraph 182.

183.    Admitted.

184.    Denied.

185.    Denied.

186.    Admitted.

187.    Admitted.

188.    Navient states that Navient's current Code of Business Conduct states that "This Code applies equally to all employees, officers and directors of all Navient companies including Navient Solutions, Inc., and all other direct and indirect subsidiaries of Navient Corporation (referred to collectively as 'Navient'), as well as consultants hired by Navient."  Navient refers to the cited website for a complete and accurate statement of its contents, and denies plaintiffs' allegations in paragraph 188 to the extent they are inconsistent with the cited website.

189.    Paragraph 189 contains legal conclusions to which no response is required.  To the extent a response may be deemed necessary, the allegations are denied.

190.    Paragraph 190 contains legal conclusions to which no response is required.  To the extent a response may be deemed necessary, the allegations are denied.

191.    Paragraph 191 contains legal conclusions to which no response is required.  To the extent a response may be deemed necessary, the allegations are denied.

192.    Paragraph 192 contains legal conclusions to which no response is required.  To the extent a response may be deemed necessary, the allegations are denied.

193.    Navient admits that this court has subject matter jurisdiction over this case. Navient otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193.

194.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 194.

195–197.  Navient states that no response is required to the allegations in paragraphs 195 through 197, which pertain to claims that have been dismissed.

198.    Admitted.

199.    Admitted, except that Navient Solutions, LLC's principal place of business is in Reston, Virginia.

200.    Navient admits that in 2017, it serviced approximately 6.1 million federal student loan accounts.  Navient denies knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 200.

201.    Navient refers to the cited source for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 201.

202.    Navient Corp. does not contest personal jurisdiction in this action and admits that it does business in this District.  Navient otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 201.

203.    Navient Solutions, LLC does not contest personal jurisdiction in this action and admits that it does business in this District.  Navient otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 202.

204.    Navient admits that venue in this district is proper.  Navient otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 203.

205.    Admitted.

206.    Admitted.

207.    Navient refers to the cited source for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 207.

208.    Navient refers to the cited sources for a complete and accurate statement of their contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 208.

209.    Navient refers to the cited sources for a complete and accurate statement of their contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 209.

210.     Admitted, except Navient denies that Sallie Mae was a lender or originated or funded FFEL Loans.

211.     Admitted.

212.     Admitted.

213.     Admitted.

214.     Navient refers to the cited source for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 214.

215.     Admitted.

216.     Admitted.

217.     Navient refers to the cited source for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 217.

218.     Navient admits that lenders and the Department of Education enter into standardized Master Promissory Note contracts with borrowers that explain the terms and conditions of loans.  Navient refers to the cited documents, statutes, and regulations for a complete and accurate statement of their contents, denies plaintiffs' allegations to the extent they are inconsistent with those source materials, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 218.

219.     Navient refers to the cited contracts for a complete and accurate statement of their contents and denies plaintiffs' allegations in paragraph 219 to the extent they are inconsistent with the cited contracts.

220.    Navient refers to the cited statute for a complete and accurate statement of its contents and denies plaintiffs' allegations in paragraph 220 to the extent they are inconsistent with the statute.

221.    Navient refers to the cited contract for a complete and accurate statement of its contents and denies plaintiffs' allegations in paragraph 221 to the extent they are inconsistent with the contract.

222.    Navient refers to the cited contract for a complete and accurate statement of its contents and denies plaintiffs' allegations in paragraph 222 to the extent they are inconsistent with the contract.

223.    Navient refers to the cited regulations for a complete and accurate statement of their contents and denies plaintiffs' allegations in paragraph 223 to the extent they are inconsistent with the regulations.

224.    Navient refers to the cited regulations for a complete and accurate statement of their contents and denies plaintiffs' allegations in paragraph 224 to the extent they are inconsistent with the regulations.

225.    Navient refers to the cited regulations for a complete and accurate statement of their contents and denies plaintiffs' allegations in paragraph 225 to the extent they are inconsistent with the regulations.

226.    Navient refers to the cited regulations for a complete and accurate statement of their contents and denies plaintiffs' allegations in paragraph 226 to the extent they are inconsistent with the regulations.

227.    Navient refers to the cited statute for a complete and accurate statement of its contents and denies plaintiffs' allegations in paragraph 227 to the extent they are inconsistent with the statute.

228.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 228.

229.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 229, refers to the cited contract for a complete and accurate statement of its contents, and denies plaintiffs' allegations to the extent they are inconsistent with the contract.

230.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 230, refers to the cited contract for a complete and accurate statement of its contents, and denies plaintiffs' allegations to the extent they are inconsistent with the contract.

231.    Navient refers to the cited regulations for a complete and accurate statement of their contents and denies plaintiffs' allegations in paragraph 231 to the extent they are inconsistent with the regulations.

232.    Navient refers to the cited regulations for a complete and accurate statement of their contents and denies plaintiffs' allegations in paragraph 232 to the extent they are inconsistent with the regulations.

233.    Navient refers to the cited contracts for a complete and accurate statement of their contents and denies plaintiffs' allegations in paragraph 233 to the extent they are inconsistent with the contracts.

234.    Admitted.

235.    Navient admits that there is a Graduated Repayment Plan where payments increase every two years, that the Extended Repayment Plan may involve payments made over a period of up to 25 years, and that income-driven repayment plans determine repayment obligations based on the borrower's income and family size, and otherwise denies the allegations of paragraph 235.

236.    Admitted.

237.    Navient admits that income-driven repayment plans allow eligible borrowers to make monthly loan payments that are determined by their income and family size and that income-driven repayment plans can lower a borrower's monthly payments to as low as $0 per month, and refers to the cited source for a complete and accurate statement of its contents, and denies knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 237.

238.    Admitted.

239.    Admitted.

240.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 240, and refers to the cited summary for a complete and accurate statement of its contents.

241.    Denied.

242.    Navient admits that generally if a borrower does not certify his/her income and family size on an annual basis, the borrower may not continue in an income-driven repayment plan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 242.

243.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 243, refers to the cited report for a complete and accurate statement of its contents, and denies plaintiffs' allegations to the extent they are inconsistent with the report.

244.    Admitted that a Deferment allows a borrower to temporarily stop making payments on a loan. If a borrower cannot make scheduled payments but is ineligible for a Deferment, the borrower may receive a Forbearance, which is generally intended to serve as a short-term, temporary postponement of payment, usually due to financial hardship.  Navient otherwise denies the allegations in paragraph 244.

245.    Navient admits that when a borrower of a FFEL or Direct Loan is in a Deferment period, interest may accrue on the borrower's loan, and the borrower may be responsible for paying that interest after the deferment ends, and otherwise denies the allegations of paragraph 245.

246.    Navient admits that when a borrower of a FFEL or Direct Loans is in a Forbearance period, interest may accrue on the borrower's loan, and the borrower may be responsible for paying that interest after the forbearance ends, and otherwise denies the allegations of paragraph 246.

247.    Navient refers to the cited cited Department of Education document for a complete and accurate statement of its contents, and denies plaintiffs' allegations in paragraph 247 to the extent they are inconsistent with the document.

248.    Denied.

249.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 249.

250.    Navient admits that under the Public Service Loan Forgiveness Program, the loans of eligible public service workers can be forgiven after making 120 on-time qualifying payments on an eligible repayment plan.

251.    Navient refers to the cited source for a complete and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 251.

252.    Navient admits that Congress created the PSLF program in 2007 as part of the College Cost Reduction and Access Act, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 252.

253.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 253, and refers to the transcript of Senator Kennedy's remarks for a complete and accurate statement of its contents.

254.    Navient admits that under the Public Service Loan Forgiveness Program, the loans of eligible public service workers can be forgiven after making 120 on-time qualifying payments on an eligible repayment plan.

255.    Admitted.

256.    Navient admits the allegations in paragraph 256, but denies knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 70.

257.    Admitted.

258.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 258, and refers to the cited document for a complete and accurate statement of its contents.

259.    Admitted.

260.    Admitted.

261.    Admitted.

262.    Admitted.

263.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 263, and refers to the cited document for a complete and accurate statement of its contents.

264.    Navient admits the allegations of the first and second sentences of paragraph 264, and denies knowledge of information sufficient to form a belief as to the truth of the other allegations in paragraph 264.

265.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 265, and refers to the cited document for a complete and accurate statement of its contents.

266.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 266, and refers to the cited document for a complete and accurate statement of its contents.

267.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 267, and refers to the cited document for a complete and accurate statement of its contents.

268.    Navient admits the allegations of the first sentence of paragraph 268.  Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 268.

269.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 269, and refers to the cited document for a complete and accurate statement of its contents.

270.    Admitted.

271.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 271, and refers to the cited document for a complete and accurate statement of its contents.

272.    Paragraph 272 contains legal conclusions to which no response is required.  To the extent a response may be deemed necessary, Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 272.

273.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 273, and refers to the cited document for a complete and accurate statement of its contents.

274.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 274, and refers to the cited document for a complete and accurate statement of its contents.

275.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 275, and refers to the cited document for a complete and accurate statement of its contents.

276.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 276, and refers to the cited document for a complete and accurate statement of its contents.

277.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 277, and refers to the cited document for a complete and accurate statement of its contents.

278.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 278, and refers to the cited document for a complete and accurate statement of its contents.

279.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 279, and refers to the cited document for a complete and accurate statement of its contents.

280.    Admitted.

281.    Navient refers to the cited regulation for a complete and accurate statement of its contents, and denies plaintiffs' allegations in paragraph 281 to the extent they are inconsistent with the regulation.

282.    Navient refers to the cited regulations for a complete and accurate statement of their contents, and denies plaintiffs' allegations in paragraph 282 to the extent they are inconsistent with the regulations.

283.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 283, and refers to the cited document for a complete and accurate statement of its contents.

284.    Navient admits that it entered into contracts with the Department of Education, refers to those contracts for a complete and accurate statement of their contents, and denies any legal conclusions plaintiffs may intend to suggest in paragraph 284.

285.     Navient admits that in 2009, the former SLM Corporation entered into a contract with the Department of Education to service federal student loans, and Navient refers to that contract for a complete and accurate statement of its contents.  Navient otherwise denies the allegations of paragraph 285.

286.     Navient refers to the cited contract for a complete and accurate statement of its contents, denies plaintiffs' allegations to the extent they are inconsistent with the contract, and denies any legal conclusions plaintiffs may intend to suggest in paragraph 286.

287.     Paragraph 287 contains legal conclusions to which no response is required. Navient refers to the cited statutory provisions and regulations for a complete and accurate statement of their contents, denies plaintiffs' allegations to the extent they are inconsistent with the statutory provisions and regulations, and otherwise denies the allegations.

288.     Navient refers to the statement cited in paragraph 288 for a complete and accurate statement of its contents, and denies plaintiffs' allegations to the extent they are inconsistent with the statement.

289.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 289, refers to the cited statement for a complete and accurate statement of its contents, and denies plaintiffs' allegations to the extent they are inconsistent with the statement.

290.     Navient refers to the contract cited in paragraph 290 for a complete and accurate statement of its contents, and denies plaintiffs' allegations to the extent they are inconsistent with the contract.

291.     Navient refers to the contract cited in paragraph 291 for a complete and accurate statement of its contents, and denies plaintiffs' allegations to the extent they are inconsistent with the contract.

292.     Navient refers to the contract cited in paragraph 292 for a complete and accurate statement of its contents, and denies plaintiffs' allegations to the extent they are inconsistent with the contract.

293.     Paragraph 293 contains legal conclusions to which no response is required. Navient denies the allegation that "Navient . . . acquired SLM Corporation," refers to the cited contract for a complete and accurate statement of its contents, and denies plaintiffs' allegations to the extent they are inconsistent with the contract.

294.     Navient admits that its servicing contracts with the Department of Education have been modified many times through change orders and that these change orders are not generally available to the public.  Navient refers to the cited public filings and change orders for a complete and accurate statement of their contents, and denies plaintiffs' allegations in paragraph 294 to the extent they are inconsistent with those documents.

295.     Paragraph 295 contains legal conclusions to which no response is required.  To the extent a response may be deemed necessary, Navient admits that the Servicing Contracts provide direction for Navient's interactions and communications with borrowers, refers to the Servicing Contracts for a complete and accurate statement of their contents, denies plaintiffs' allegations to the extent they are inconsistent with the contracts, and otherwise denies the allegations in paragraph 295.

296.     Navient refers to the cited regulations for a complete and accurate statement of their contents, denies plaintiffs' allegations to the extent they are inconsistent with the contracts, and otherwise denies the allegations in paragraph 296.

297.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 297.  Navient refers to the cited statements for a complete and accurate statement of their contents, and denies plaintiffs' allegations to the extent they are inconsistent with the statements.

298.     Paragraph 298 contains legal conclusions to which no response is required.  To the extent a response may be deemed necessary, Navient denies the allegations.

299.     Paragraph 299 contains legal conclusions to which no response is required.  To the extent a response may be deemed necessary, Navient refers to the Servicing Contracts for a complete and accurate statement of their contents, and denies plaintiffs' allegations to the extent they are inconsistent with the contracts.

300.     Navient admits that federal student loan repayment processes can be complex, the Department of Education has contracted with loan servicers to administer the repayment process, and that Navient provides guidance to borrowers concerning their student loans.  Navient otherwise denies the allegations in paragraph 300.

301.     Navient admits that Navient's role as a loan servicer goes beyond "simply collecting payments and processing paperwork," denies knowledge or information sufficient to form a belief as to the truth of allegations about statements made by other parties, and otherwise denies the allegations of paragraph 301.

302.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 302, and refers to the cited website for a complete and accurate statement of its contents.

303.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 303, and refers to the cited website for a complete and accurate statement of its contents.

304.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 304, and refers to the cited website for a complete and accurate statement of its contents.

305.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 305, and refers to the cited report for a complete and accurate statement of its contents.

306.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 306, and refers to the cited contract for a complete and accurate statement of its contents.

307.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 307, and refers to the cited website for a complete and accurate statement of its contents.

308.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 308, and refers to the cited website for a complete and accurate statement of its contents.

309.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 309, and refers to the cited document for a complete and accurate statement of its contents.

310.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 310, and refers to the cited website for a complete and accurate statement of its contents.

311.    Paragraph 311 contains legal conclusions to which no response is required.  To the extent a response may be deemed necessary, Navient denies the allegations.

312.    Paragraph 312 contains legal conclusions to which no response is required.  To the extent a response may be deemed necessary, Navient denies the allegations.

313.    Paragraph 313 contains legal conclusions to which no response is required.  To the extent a response may be deemed necessary, Navient denies the allegations.

314.    Navient admits that repayment options for federal student loan borrowers are complex, that one of its goals is to leverage its expertise in loan servicing, and that one of its goals is to help customers understand their loan repayment options.  Navient refers to the cited presentations for a complete and accurate statement of their contents, and denies plaintiffs' allegations in paragraph 314 to the extent they are inconsistent with those presentations.

315.    Navient admits that it helps its customers successfully manage their loans, refers to the cited sources for a complete and accurate statement of their contents, and denies plaintiffs' allegations in paragraph 315 to the extent they are inconsistent with those sources.

316.    Navient admits that the statements in Exhibits 1-3 were previously on its website, admits that the statements in Exhibits 4 and 5 are currently on its website, refers to the those

sources for a complete and accurate statement of their contents, and otherwise denies the allegations in paragraph 316.

317.    Navient admits that it is committed to assisting borrowers and refers to the documents cited in paragraph 317 for a complete and accurate statement of their contents.

318.    Denied.

319.    Navient admits the allegations of the first sentence and otherwise denies the allegations of paragraph 319.

320.    Navient denies the last allegation of paragraph 320 and otherwise refers to the cited annual report for a complete and accurate statement of its contents and denies plaintiffs' allegations to the extent they are inconsistent with the report.

321.    Navient admits that it is paid servicing fees by the Department of Education and otherwise denies the allegations in paragraph 321.

322.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 322, and refers to the cited report for a complete and accurate statement of its contents.

323.    Denied.

324.    Navient admits that it receives compensation from the Department of Education to service federal student loans and that it helps borrowers navigate repayment plans and provides information to borrowers regarding the process of qualifying for PSLF; refers to the cited contracts and statements for a complete and accurate statement of their contents and denies plaintiffs' allegations in the second and third sentences to the extent they are inconsistent with the cited sources; and denies the allegations in the first, fourth, and fifth sentences in paragraph 324.

325.    Navient refers to the cited contracts for a complete and accurate statement of their contents and denies plaintiffs' allegations in paragraph 325 to the extent they are inconsistent with the contracts

326.    Denied.

327.    Denied.

328.    Paragraph 328 contains a hypothetical statement to which Navient is not required to respond.  To the extent a response may be deemed necessary, Navient denies the allegations.

329.    Denied.

330.    Navient admits that it has developed extensive training programs and call flow procedures to guide representative discussions with borrowers, and that it regularly assesses representative adherence with its policies and practices.  Navient denies the remaining allegations in paragraph 330.

331.    Navient admits that since in or about June 2011, Navient has recorded phone calls between its call representatives and borrowers, and that it has used those calls to assess compliance with its policies and procedures.  Navient also admits that in connection with a site visit on or around March 2017, Navient made available to representatives of the Department of Education a large number of inbound call recordings and otherwise denies the allegations of the second sentence of paragraph 331.  Navient further refers to the cited report for a complete and accurate statement of its contents and denies plaintiffs allegations to the extent they are inconsistent with the report.

332.    Navient admits that it offers incentive compensation arrangements to employees and otherwise denies the allegations in paragraph 332.

333.     Navient admits that for certain borrowers seeking to enroll in income-driven replayment plans Navient may have more than one conversation with those borrowers relating to such enrollment.  Navient otherwise denies the allegations in paragraph 333.

334.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 334, and refers to the cited document for a complete and accurate statement of its contents.

335.     Denied.

336.     Navient admits that complying with the government's requirements can be burdensome for borrowers, refers to the document cited in paragraph 336 for a complete and accurate statement of its contents, and denies plaintiffs' allegations to the extent they are consistent with the cited document.

337.     Navient denies knowledge or information sufficient to form a belief as to whether a Navient employee made the allegation described in the second sentence, and otherwise denies the allegations in paragraph 337.

338.     Denied.

339.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence, refers to the cited document for a complete and accurate statement of its contents, and otherwise denies the allegations in paragraph 339.

340.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 340, and refers to the cited document for a complete and accurate statement of its contents.

341.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 341, and refers to the cited document for a complete and accurate statement of its contents.

342.    Denied.

343.    Denied.

344.    Denied.

345.    Denied.

346.    Denied.

347.    Denied.

348.    Navient states that no response is required to the allegations in paragraph 348, which pertain to claims that have been dismissed.

349.    Denied.

350.    Navient states that no response is required to the allegations in paragraph 350, which pertain to claims that have been dismissed.

351.    Navient admits that borrowers seeking PSLF must submit employment certification forms.  Navient otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 351, and refers to the cited document for a complete and accurate statement of its contents.

352.    Denied.

353.    Denied.

354.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 354.

355.    Navient states that no response is required to the allegations in paragraph 355, which pertain to claims that have been dismissed.

356.    Denied.

357.    Navient states that no response is required to the allegations in paragraph 357, which pertain to claims that have been dismissed.

358.    Navient states that no response is required to the allegations in paragraph 358, which pertain to claims that have been dismissed.

359.    Denied.

360.    Denied.

361.    Denied.

362.    Denied.

363.    Denied.

364.    Denied.

365.    Denied.

366.    Denied.

367.    Denied.

368.    Denied.

369.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 369, and refers to the cited document for a complete and accurate statement of its contents.

370.    Navient admits that Garcia was enrolled in a Graduated Repayment Plan in 2016 and that payments made while on a Graduated Repayment Plan are not qualifying payments for

PSLF.  Navient otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 370.

371.    Denied.

372.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 372.

373.    Navient states that no response is required to the allegations in paragraph 373, which pertain to claims that have been dismissed.

374.    Navient states that no response is required to the allegations in paragraph 374, which pertain to claims that have been dismissed.

375.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 375, and refers to the cited document for a complete and accurate statement of its contents.

376.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 376, and refers to the cited document for a complete and accurate statement of its contents.

377.    Denied.

378.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 378, and refers to the cited document for a complete and accurate statement of its contents.

379.    Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 379, and refers to the cited document for a complete and accurate statement of its contents.

380.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 380, and refers to the cited document for a complete and accurate statement of its contents.

381.     Navient admits that borrowers on an income-driven repayment plan who do not recertify their income can have any unpaid interest on their loan capitalized, and that this can increase the total cost of their loan repayments.  Navient otherwise lacks knowledge or information to form a belief as to the truth of the allegations in paragraph 381, and refers to the cited document for a complete and accurate statement of its contents.

382.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 382, and refers to the cited document for a complete and accurate statement of its contents.

383.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 383, and refers to the cited document for a complete and accurate statement of its contents.

384.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 384, and refers to the cited document for a complete and accurate statement of its contents.

385.     Denied.

386.     Denied.

387.     Navient denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 387.

388.     Navient states that no response is required to the allegations in paragraph 388, which pertain to claims that have been dismissed.

389.    Navient states that no response is required to the allegations in paragraph 389, which pertain to claims that have been dismissed.

390.    Navient states that no response is required to the allegations in paragraph 390, which pertain to claims that have been dismissed.

391.    Navient states that no response is required to the allegations in paragraph 391, which pertain to claims that have been dismissed.

392.    Navient states that no response is required to the allegations in paragraph 392, which pertain to claims that have been dismissed.

393.    Navient states that no response is required to the allegations in paragraph 393, which pertain to claims that have been dismissed.

394.    Denied.

395.    Denied.

396.    Navient admits that plaintiffs purport to bring this action as a class action but denies that any class may properly be certified in this case.

397.    Navient admits that plaintiffs purport to bring this action as a class action that excludes certain individuals and entities, but denies that any class may properly be certified in this case.

398.    Denied.

399.    Denied.

400.    Denied.

401.    Denied.

402.    Denied.

403.    Denied.

404.    Denied.

405.    Denied.

406.    Denied.

407–517.  Navient states that no response is required to the allegations in paragraphs 407 through 517, which pertain to claims that have been dismissed.

518.    Navient repeats each and every of its responses set forth above as if fully set forth herein.

519.    Navient admits that plaintiffs purport to bring this action as a class action but denies that any class may properly be certified in this case.

520.    Paragraph 520 contains legal conclusions to which no response is required.  To the extent a response may be deemed necessary, Navient refers to the cited statute for a complete and accurate statement of its contents and denies that plaintiffs are entitled to any relief under this statute.

521.    Denied.

522.    Denied.

523.    Denied.

524.    Denied.

525–533.  Navient states that no response is required to the allegations in paragraphs 525 through 533, which pertain to claims that have been dismissed.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Navient asserts the following separate and additional defenses, all of which are pleaded in the alternative, and none of which constitutes an admission that Navient is in any way liable to plaintiffs, that

plaintiffs have been or will be injured or damaged in any way, or that plaintiffs are entitled to any relief whatsoever.

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, and laches.

3. Plaintiffs' claims are preempted by federal law, including (without limitation) the Higher Education Act.

4. Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations or statutes of repose.

5. Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto*.

6. Plaintiffs' claims are barred and/or reduced by contributory or comparative negligence and contributory or comparative fault.

7. Plaintiffs lack standing to assert some or all of their claims against Navient.

8. Navient is not liable for the conduct of any of its current or former employees or current or former agents to the extent any or all such persons acted outside the scope of their authority.

9. Injuries alleged by plaintiffs, to the extent any exist, were caused in whole or in part by the conduct of third parties for whom Navient was not responsible, or through acts or omissions on the part of plaintiffs.

10. Navient asserts its right to a proportionate reduction of any damages found against it based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or plaintiff.

11.     Plaintiffs' claims against Navient are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, *res judicata*, release, discharge, or accord and satisfaction, or some combination of these.

12.     Plaintiffs failed to mitigate their damages, if any, and recovery should be reduced or denied accordingly.

13.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs have failed to join indispensable parties.

14.     Plaintiffs are not entitled to equitable relief because they have an adequate remedy at law.

15.     Plaintiffs' purported claims against Navient and the allegations upon which they are based as improperly vague, ambiguous, and confusing.

16.     Navient hereby reserves and asserts all affirmative and other defenses available under any applicable federal or state law.  Navient presently has insufficient knowledge or information upon which to form a belief as to whether it may have other, as yet unstated, affirmative defenses available.  Therefore, Navient reserves its right to assert additional defenses, counterclaims, and third-party claims in the event that discovery indicates that such additional defenses or claims would be appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Navient prays as follows:

A.  That plaintiffs take nothing by the Complaint;

B.  That the Complaint be dismissed with prejudice and judgment entered for Navient; and

C.  For such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Navient hereby reserves the right to object to plaintiffs' demand for a trial by jury on some or all of the issues raised in the Complaint.

Dated: New York, NY
      August 12, 2019

COVINGTON & BURLING LLP

By:  <u>s/ Ashley Simonsen</u>
     Ashley Simonsen

1999 Avenue of the Stars
Los Angeles, CA 90067-4643
asimonsen@cov.com
Tel.: (424) 332-4800

Andrew A. Ruffino
Alexander Setzepfandt
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
aruffino@cov.com
asetzepfandt@cov.com
Tel.: (212) 841-1000

*Counsel for Defendants*