October 11, 2019



**Via ECF and Hand Delivery**

**Re:** *Hyland et al. v. Navient Corp. et al.*, No. 1:18-cv-09031 (the "Action")

Dear Judge Cote:

    We write respectfully on behalf of the putative class of New York Plaintiffs to request that the Court direct Defendants ("Navient") to: (i) produce Navient employee depositions transcripts taken in *CFPB v. Navient*, No. 17-cv-00101-RDM (M.D.Pa.) (the "CFPB Action"); (ii) negotiate narrow custodial searches and terms; and (iii) produce documents relevant to unnamed New York class members. The schedule for class certification discovery in this case is very condensed. On September 9, 2019, Defendants served Responses & Objections (Ex. 1) to Plaintiffs' August 9, 2019 Requests for Productions. The parties then met and conferred over a three-week period beginning on September 16, 2019, and reached impasse on October 8, 2019 (Ex. 2 at 1). Navient's refusal to negotiate the items at issue, as well as their failure to provide agreed-upon discovery, such as the names of call agents who spoke to the named Plaintiffs, is severely prejudicing Plaintiffs' ability to take depositions and complete class certification expert reports and briefing by December 20, 2019. Accordingly, Plaintiffs request a brief telephonic hearing to resolve the pending disputes.

    *First*, Navient should produce CFPB Action deposition transcripts of Navient employees[1] (it promised to produce the call agent names and *Daniel* deposition transcripts by October 15). The CFPB Action transcripts are relevant and will streamline discovery because, like Plaintiffs, the CFPB alleges Navient: (i) steered income-based repayment–eligible borrowers into forbearance to keep costs down by minimizing call length and processing time; and (ii) misrepresented the suitability of certain repayment options for struggling borrowers. Using those transcripts here is efficient and will ensure Plaintiffs do not have to ask, and Navient employees do not have to answer, substantially similar questions twice. *See, e.g.*, *Royal Park Investments SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 192 F. Supp. 3d 400, 407 (S.D.N.Y. 2016) (Moses, J.) (sharing discovery among related cases "is an efficient and effective means of avoiding duplicative and costly discovery, as well as avoiding unnecessary delay in the adjudication of cases") (internal citation omitted). Navient conceded the overlap of issues (Ex. 2 at 10, 12), but nonetheless refused to produce on the grounds that the CFPB Action contains other allegations not asserted here, including Navient's misconduct as to credit reporting, payment processing, and loan rehabilitation. *See id*. Given the time constraints, Navient's refusal to produce these materials or timely cull the relevant ones is untenable. Moreover, evidence of substantial consumer complaints stemming from Navient's loan counseling is highly relevant here, especially insofar as the complaints relate to Income-Driven Repayments ("IDR") plans. Plaintiffs' proposal is consistent with the Court's guidance to "get some core document discovery produced within a month," with depositions to follow shortly thereafter (Hr'g Tr. 19).

---

[1] In Plaintiffs' August 9, 2019 Requests For Production, Plaintiffs requested the CFPB Action document production and, in meet-and-confer correspondence, clarified that Plaintiffs also sought deposition transcripts. Though Navient initially appeared open to producing some of those documents, it has since rescinded the offer without explanation (Ex. 2 at 10).

*Second*, Navient should agree to a narrow set of custodial searches. As the Court suggested, Plaintiffs continue to review the *Daniel* documents (fully produced only as of September 30, 2019). It is already plain that the *Daniel* search terms are insufficient and Navient has declined to discuss additional searches, stating without elaboration that its "collection efforts have been sufficient" (Ex. 2 at 1). That is inadequate. *See Fort Worth Emp.' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 104 (S.D.N.Y. 2013) (parties shall conduct additional negotiations where "plaintiffs provided sufficient justification for expanding search terms … to ensure that the ESI search captures all of the relevant documents"); *Blackrock Allocation Target Shares v. Bank of NY Mellon*, 2018 WL 2215510, at *8 (S.D.N.Y. May 15, 2018) (granting discovery from additional custodians where responding party "cannot say with certainty (or even confidence) that [those custodians] do not have unique, relevant information"). The *Daniel* search terms fail to capture documents relevant to 4 key issues: IDR plans, forbearance, FFEL loan consolidation, and public service employment certification. Plaintiffs have requested only: (a) 4 additional searches, addressed to the aforementioned 4 key issues, and (b) 3 more custodians—the VP of the Office of Consumer Advocate (whom *Navient* identified as the one person with knowledge in its Initial Disclosures here); the SVP of Loan Operations, involved in creating Navient's employee incentive programs; and an "Education Specialist," who trained Navient call agents and hosted games aimed at minimizing call lengths (Ex. 2 at 3-4). Adding these terms and custodians is crucial—unsurprisingly, even the limited emails Navient has produced so far show, for example, an overriding goal to maximize profit at the expense of borrowers even more clearly than do Navient's policies. Navient should agree to—or, at minimum, negotiate in good faith—these relevant, targeted requests for additional custodial searches.

*Third*, Navient should produce a sample of borrower call recordings—just as it did in the CFPB Action—relevant to Navient's uniform misrepresentations to the putative New York class. *See, e.g.*, *Bais Yaakov of Spring Val. v. Houghton Mifflin Harcourt Publishers, Inc.*, 36 F. Supp. 3d. 417, 421 (S.D.N.Y. 2014) (granting discovery of all allegedly unlawful advertisements sent by defendants to putative class); *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012) (granting class-wide discovery where it was "necessary to acquire data about the class and analyze it" to determine whether plaintiffs' injuries resulted from common policy or practice). Navient refused to produce the New York sample on purported relevance grounds, claiming that meeting Plaintiffs' request would be overly burdensome and "inconsistent" with Your Honor's "guidance concerning the appropriate scope of discovery" (Ex. 2 at 9-10). But the sample is easy to collect and targeted: Navient conceded it can search specific terms and codes in borrower correspondence history. *Id.* Moreover, it is core to Plaintiffs' argument of commonality. Plaintiffs propose Navient search New York borrower call logs for a limited set of terms, such as "loan forgiveness" and "forbearance," and then produce a sample of relevant borrower call recordings. Plaintiffs would then review a representative subset of those recordings to demonstrate that Navient call agents made uniform misrepresentations to New York PSLF-eligible borrowers, including telling borrowers they were on track for forgiveness even though the borrowers did not have eligible loans or repayment plans, or directing borrowers into non-qualifying plans or forbearance instead of PSLF-eligible plans.

Respectfully submitted,

*/s/ Lena Konanova*

Lena Konanova

cc (via ECF): Defendants' counsel