# Exhibit 2

| | |
|---|---|
| **From:** | Setzepfandt, Alexander <ASetzepfandt@cov.com> |
| **Sent:** | Tuesday, October 8, 2019 8:49 PM |
| **To:** | Maggie Siller; Faith Gay; Maria Ginzburg; Lena Konanova; Ron Krock; 'mrichard@phillipsrichard.com'; Lauren Zimmerman |
| **Cc:** | Simonsen, Ashley M; Ruffino, Andrew |
| **Subject:** | RE: Hyland v. Navient Corporation, Case No. 1:18-cv-09031 (DLC) |

Maggie,

We have responded diligently to each of your requests – which have continued to evolve and grow – after consulting with our client about each one. Indeed, you have had our position on many of these requests for weeks.

Navient's position on your latest requests and outstanding issues is set forth below.

1. **Search Terms and Custodians**. We believe Navient's document collection efforts have been sufficient to satisfy its discovery obligations in both *Daniel* and *Hyland*. For these reasons, Navient will not agree to the additional search terms and custodians you have proposed.

2. **Production of Deposition Transcripts**. We will produce the *Daniel* deposition transcripts by October 15. We will not agree to produce the *CFPB* deposition transcripts for substantially the same reasons that we object to the wholesale production of documents produced in that case.

3. **Call recordings**. We produced three additional call recordings last Friday and expect to produce one more recording this week. Call recordings were collected in the following manner: Utilizing information available in its servicing systems, including from plaintiffs' correspondence histories, Navient identified all instances when plaintiffs called Navient. After identifying potential calls with live agents (as opposed to Navient's Interactive Voice Response ("IVR") system), a team of Navient personnel trained and experienced in finding call recordings searched up to three call recording systems for these calls. Depending on the system or systems in which a particular recording might be stored, these Navient personnel used some or all of the following information to attempt to locate each call recording: date, time, agent/employee ID, agent station number, agent last name, Artiva number/SSN, phone number, recording ID. If a call recording could not be located using this information, the Navient personnel attempted to locate the recording using other methods, such as a widespread date-time search, an area code search, or reviewing correspondence history notes for additional leads. A call recording was deemed not to exist only after all available options were taken to find it. Generally speaking, if a call recording could not be located, it was because (1) the call was with Navient's IVR system (for which call recordings do not exist) or (2) the date of the call recording fell outside the applicable retention period.

4. **Agent names**. As we previously stated, we will substantially complete our production of documents and information by October 15. We will endeavor to produce the call agent names as soon as possible.

Regards,
Alex

**Alexander Setzepfandt**

Covington & Burling LLP
The New York Times Building, 620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1285 | asetzepfandt@cov.com
www.cov.com

# COVINGTON

---

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

---

**From:** Maggie Siller <msiller@selendygay.com>
**Sent:** Monday, October 7, 2019 6:13 PM
**To:** Setzepfandt, Alexander <ASetzepfandt@cov.com>; Faith Gay <fgay@selendygay.com>; Maria Ginzburg <mginzburg@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; 'mrichard@phillipsrichard.com' <mrichard@phillipsrichard.com>; Lauren Zimmerman <lzimmerman@selendygay.com>
**Cc:** Simonsen, Ashley M <asimonsen@cov.com>; Ruffino, Andrew <aruffino@cov.com>
**Subject:** RE: Hyland v. Navient Corporation, Case No. 1:18-cv-09031 (DLC)

**[EXTERNAL]**
Alex,

It has been over 3 weeks since the September 19 Meet and Confer in which we initially raised the issues discussed herein; we have been attempting to reach agreement or come to an impasse on these same subject matters ever since. With every round of communication, you purport to take days or more than a week to respond. We do not understand, and you have not conveyed to us, any reason why you and your client are unable to respond to our requests in a prompt manner.

This delay is interfering with our ability to complete discovery on the schedule set out by the Court and to raise discovery issues with the Court in a prompt manner. For just one example, we have not yet been able to begin negotiating search terms on our August 9th RFPs with you because you initially refused to negotiate search terms altogether and then compelled us to wait until it took you 16 days to send us the search terms used by your client in the *Daniel* case, purportedly resulting in the documents we received. We cannot abide stalling given the Court's schedule. Please respond to our email below at your earliest opportunity.

Best,
Maggie

**From:** Setzepfandt, Alexander <ASetzepfandt@cov.com>
**Sent:** Monday, October 7, 2019 2:04 PM
**To:** Maggie Siller <msiller@selendygay.com>; Faith Gay <fgay@selendygay.com>; Maria Ginzburg <mginzburg@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; 'mrichard@phillipsrichard.com' <mrichard@phillipsrichard.com>; Lauren Zimmerman <lzimmerman@selendygay.com>
**Cc:** Simonsen, Ashley M <asimonsen@cov.com>; Ruffino, Andrew <aruffino@cov.com>
**Subject:** RE: Hyland v. Navient Corporation, Case No. 1:18-cv-09031 (DLC)

Maggie,

We are conferring with our client and will get back to you as soon as possible, but your Friday evening demand for an answer by COB Monday is not reasonable.

Regards,
Alex

**Alexander Setzepfandt**

Covington & Burling LLP

The New York Times Building, 620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1285 | asetzepfandt@cov.com
www.cov.com

**COVINGTON**

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Maggie Siller <msiller@selendygay.com>
**Sent:** Friday, October 4, 2019 7:05 PM
**To:** Setzepfandt, Alexander <ASetzepfandt@cov.com>; Faith Gay <fgay@selendygay.com>; Maria Ginzburg <mginzburg@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; 'mrichard@phillipsrichard.com' <mrichard@phillipsrichard.com>; Lauren Zimmerman <lzimmerman@selendygay.com>
**Cc:** Simonsen, Ashley M <asimonsen@cov.com>; Ruffino, Andrew <aruffino@cov.com>
**Subject:** RE: Hyland v. Navient Corporation, Case No. 1:18-cv-09031 (DLC)

**[EXTERNAL]**
Alex,

Thank you for your email. Our reply is below. We reiterate again the urgency of this matter. Almost three weeks have elapsed since our meet and confer regarding the issues discussed below, and as you very well know, the governing scheduling order sets a quick schedule for discovery that requires both parties to engage promptly and in good faith before any disputes are raised with the Court. Thus, for those items which require your response, we ask that you reply by end of business on **Monday, October 7th**.

1. **Relevance objections**. We continue to disagree with your interpretations of Judge Cote's guidance about the scope of discovery in this case. We have reached an impasse on this issue.

2. **Bates Ranges for Categories of Documents**. We also disagree with your view of your discovery obligations as to this request. We have reached an impasse on this issue.

3. **Search Terms and Custodians**. Thank you for providing the *Daniel* search terms as well as the searched custodians and productions. Additional search terms and custodians are necessary in this case, given that our allegations also relate to Navient call center agents providing incorrect counseling to borrowers regarding IDR, forbearance, and FFEL loan consolidation, as well as complaints stemming from such erroneous counseling.

    We propose a limited set of additional terms searched across the same productions and custodians used in *Daniel*, as follows:

    - ("Average handle time" or "AHT" or "talk time") /20 ("IDR" or "income-driven repayment" "PSLF" or "consolidation" or "forbearance" or incentiv* or compensat* or bonus* or "ICP")
    - Complain* /10 ("repayment plan*" or "payment plan*" or "PSLF" or "misrep*" or "consolidate*" or "IDR" or "income-driven repayment" or "forbearance" or "recording*" or FFEL or "Family Federal Education Loan" )
    - "counsel*" /10 ("ED" or "PSLF" or "IDR" or "consolidation" or "forbearance" or "FFEL" or" Family Federal Education Loans")
    - ("PSLF" or "Public Service Loan Forgiveness") /20 ("train*" or "repay* plan*" or "consolidat*" or "qualif* employ*" or "qualify* payment*" or "forbearance" or "employment certification" or "income-driven repayment" or "IDR")

We also propose that the original search terms as well as the above terms be searched across the following three additional custodians:

    (a) Michael Maier, Senior Vice President, Loan Operations. We understand Mr. Maier was involved in the creation and administration of Navient ICPs.

    (b) Allison Scott, Education Specialist. We understand Ms. Scott hosted AHT contests and trained Navient call agents.

    (c) Lisa Stashik, Vice President, Office of Consumer Advocate. Navient listed Ms. Stashik in its initial disclosures. Additionally, we understand she is or was a voting member of the Compliance Committee, management member of the Audit Committee, Sallie Mae Pennsylvania Officer in charge of reviewing voluntary forbearance time limits, and recipient of various call center/loan servicing reports.

4. **Materials Relating to New York Borrowers Besides the Named Plaintiffs.** We continue to disagree, and we have reached an impasse on this issue.

5. **Production of Documents Produced in the *CFPB* and *Daniel* Actions.** We appreciate your agreement to provide us with the transcripts of the *Daniel* depositions.

As a point of clarification, we did not originally request the *Daniel* depositions be deemed taken in this action, but rather to use such depositions to avoid duplication of questions during our depositions; at minimum, we have to receive those transcripts first to evaluate your position. Please let us know when we can expect receipt of the *Daniel* deposition transcripts.

Please clarify whether you also agree to produce the transcripts of the depositions taken in the *CFPB* action.

6. **Profit and Cost Information**. We have reached an impasse on this issue.

7. **Call recordings.** Please confirm that the "handful of additional recordings" were produced today. We expect receipt of "the additional call recording information" next week.

Finally, we have not received the names of the call agents who spoke to our Named Plaintiffs, which you agreed to provide to us. Please provide that information by end of business on Monday, October 7th.

Best,

Maggie

---

**From:** Setzepfandt, Alexander <ASetzepfandt@cov.com>
**Sent:** Wednesday, October 2, 2019 1:42 PM
**To:** Maggie Siller <msiller@selendygay.com>; Faith Gay <fgay@selendygay.com>; Maria Ginzburg <mginzburg@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; 'mrichard@phillipsrichard.com' <mrichard@phillipsrichard.com>; Lauren Zimmerman <lzimmerman@selendygay.com>
**Cc:** Simonsen, Ashley M <asimonsen@cov.com>; Ruffino, Andrew <aruffino@cov.com>
**Subject:** RE: Hyland v. Navient Corporation, Case No. 1:18-cv-09031 (DLC)

Maggie,

We have conferred with our client about the requests in your email below and we have the following updates:

1. **Relevance objections**. Our relevance objections are based on relevance for both class and merits purposes, and in any event, we disagree with your interpretations of Judge Cote's guidance about the appropriate scope of discovery at this point in the case.

2. **Bates Ranges for Categories of Documents**. We do not have an obligation to "key" Bates ranges of documents to specific RFPs. The table we previously provided, which describes categories of materials included in each of our document production volumes, already goes above and beyond our obligations under the rules.

3. **Search Terms and Custodians**. Navient's document collection efforts in *Daniel* included asking knowledgeable employees to locate and collect specific categories of documents with which they were familiar, and running search terms over documents collected from certain custodians. Search terms were used to collect materials related to Incentive Compensation Plans ("ICPs") and Average Handle Time ("AHT"), as explained below. We believe that Navient's document collection efforts have been more than reasonable and sufficient to satisfy discovery obligations both in *Daniel* and in *Hyland*.

    a. **Description of collections based on search terms:**

        i. Documents previously produced in the *CFPB* action, to the Washington Attorney General's Office, and to the Pennsylvania Attorney General's Office were searched using the following terms:

            - ICP w/10 ("Servicing" or "CRS" or "ED" or "Call Center" or "CCC" or "CSC")
            - "Incentive Compensation Plan" w/10 ("Servicing" or "CRS" or "ED" or "Call Center" or "CCC" or "CSC")
            - "Average Handle Time" w/10 ("Servicing" or "CRS" or "ED" or "Call Center" or "CCC" or "CSC")
            - AHT w/10 ("Servicing" or "CRS" or "ED" or "Call Center" or "CCC" or "CSC")

        ii. The above search terms were also applied to emails of the following custodians going back to January 1, 2006: Ann Fegans; Brian Lanham; Jason Ryan; John Zemetro; Kim Miles; Matt Wallace; Mike Atherton; Mike Maier; Mike Smith; Patty Peterson; Scott Rogula; and Troy Standish. The following search terms were then applied to the resulting document set (including families):

            - PSLF
            - "public service loan forgiveness"
            - "public service"
            - ICP w/10 (create OR creation OR implement OR implementation OR establish OR modify OR modification OR change OR changes)
            - "incentive compensation plan" w/10 (create OR creation OR implement OR implementation OR establish OR modify OR modification OR change OR changes)
            - AHT w/10 ("operational cost" OR cost OR "financial impact")
            - "average handle time" w/10 ("operational cost" OR cost OR "financial impact")

        iii. The search method described in (ii) was also used to search the following documents: (a) Policy Tech documents, for which Mike Kirkmeyer is the custodian; and (b) a discrete set of ICP-related documents for which Tracey Stine is a custodian

4. **Materials Relating to New York Borrowers Besides the Named Plaintiffs.** For the reasons explained in our previous email reply, Navient continues to object to producing materials relating to New York borrowers besides the named plaintiffs.

5. **Production of Documents Produced in the *CFPB* Action.** For the reasons explained in our previous email reply, Navient continues to object to producing the documents it produced in the *CFPB* action, but we will agree to produce the transcripts of the Navient depositions taken in *Daniel*. We are considering your proposal that we agree to treat these depositions as having been taken in this case, but we do not yet have a formal position from our client on this.

6. **Profit and Cost Information**. For the reasons explained in our previous email reply, Navient continues to object to producing profit and cost information beyond the documents it has already agreed to produce.

7. **Call recordings.** We expect to produce a handful of additional call recordings later this week. We will respond to your request for additional call recording information next week, as we are still in the process of confirming some of the relevant information.

Regards,
Alex

**Alexander Setzepfandt**

Covington & Burling LLP
The New York Times Building, 620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1285 | asetzepfandt@cov.com
www.cov.com

**COVINGTON**

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

---

**From:** Ruffino, Andrew <aruffino@cov.com>
**Sent:** Thursday, September 26, 2019 1:47 PM
**To:** Maggie Siller <msiller@selendygay.com>; Faith Gay <fgay@selendygay.com>; Maria Ginzburg <mginzburg@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; 'mrichard@phillipsrichard.com' <mrichard@phillipsrichard.com>; Lauren Zimmerman <lzimmerman@selendygay.com>
**Cc:** Simonsen, Ashley M <asimonsen@cov.com>; Setzepfandt, Alexander <ASetzepfandt@cov.com>
**Subject:** RE: Hyland v. Navient Corporation, Case No. 1:18-cv-09031 (DLC)

We will confer with our client about all of the requests in your email below, but your one-day response deadline is arbitrary and unreasonable. We will get back to you next week.

---

**From:** Maggie Siller <msiller@selendygay.com>
**Sent:** Thursday, September 26, 2019 12:50
**To:** Setzepfandt, Alexander <ASetzepfandt@cov.com>; Faith Gay <fgay@selendygay.com>; Maria Ginzburg <mginzburg@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; 'mrichard@phillipsrichard.com' <mrichard@phillipsrichard.com>; Lauren Zimmerman <lzimmerman@selendygay.com>

**Cc:** Simonsen, Ashley M <asimonsen@cov.com>; Ruffino, Andrew <aruffino@cov.com>
**Subject:** RE: Hyland v. Navient Corporation, Case No. 1:18-cv-09031 (DLC)

**[EXTERNAL]**
Andrew and Alex,

Thank you for your email.  Before providing our position on the individual issues, there are two points we would like to clarify.

First, we are in the midst of both class and merits discovery.  Thus, to the extent you have raised objections to any of our requests because you do not believe they are relevant to class certification, that is not a valid basis for non-production.

Second, Judge Cote's Scheduling Order in this case was premised on the understanding that both parties would respond to discovery requests in a good-faith and timely manner, moving as expeditiously as possible through discovery.  That principle animates our suggestions below for increased efficiencies.  With that in mind, our responses to your email are below.  Please provide your replies no later than close of business **Friday, September 27, 2019**.

As to Item 2, "Bates Ranges for Categories of Documents," your response is insufficient.  Simply providing a general description of your various production volumes does not meet your obligation to provide us with Bates ranges for each set of responsive documents provided in the *Daniel* production and to key such ranges to the specific RFP(s) to which you believe they are responsive.   Please provide us with this information by **Friday, September 27, 2019**.  Otherwise, we will understand that we have reached an impasse on this issue.

As to Item 3, "Search Terms and Custodians," we will await the custodians and search terms used in *Daniel*.  Given the fast-approaching class certification deadline, we ask that you provide that information by this **Monday, September 30, 2019**.  Moreover, given that we have, to date, received only half of the *Daniel* production, it is unrealistic to propose that we wait to review the full *Daniel* production before negotiating search terms and custodians, and then await the results and production of any agreed-upon searches.  Thus, we intend to begin negotiating any additional search terms and custodians we may deem necessary once you share with us the *Daniel* custodians and search terms.  Moreover, as you know, nowhere does the Scheduling Order indicate that your client's discovery responsibilities are limited to the *Daniel* production.

As to Item 4, "Documents Relevant to Unnamed New York Class Members," as you conceded, it is possible to search the correspondence history files on Navient's system for terms such as "PSLF."   Therefore, as we discussed during our call last week and as was done in the *CFPB* action, we propose that Navient search its correspondence history files for New York borrowers where certain terms or codes appear.  Then, we will select a sample of those borrowers for which we would request the call recordings.  Please let us know if Navient will agree to engage in this process.  Otherwise, we will assume we are at an impasse on this issue.

As to Item 5, "Production of Documents Produced in the *CFPB* Action," given your assertion that it would require some effort on your client's part to segregate those documents in the *CFPB* production which are not relevant to the claims made in our case, the most efficient way to produce responsive documents and to avoid any burden to your client would be to provide the *CFPB* production to us in full, as you did the *Daniel* production, and we will take on the effort of reviewing for responsiveness (and all such information would be subject to the standing Confidentiality Order in this case).

Additionally, our planned depositions in this case are likely to be much more efficient if Navient agrees to  produce deposition transcripts from both the *Daniel* and the *CFPB* actions and treat them as taken in this case, in order to streamline discovery and avoid duplicative questioning. This is a common approach in analogous circumstances and we think makes eminent sense here given the schedule. Let us know if you agree.

As to item 7, "Profit and Cost Information," documents related to your client's revenue, cost, and/or profits for servicing are directly relevant to our case.  As you know, one way in which we intend to prove the existence of uniform

misrepresentations is through circumstantial evidence such as Navient's profit motives. Thus, such documents are responsive to that request. If you do not agree, we will have reached an impasse on this issue.

Finally, based on your description of the forthcoming production volume, it does not appear that you intend to provide to us any further Named Plaintiffs' call recordings. Please confirm whether that is the case. Additionally, please explain the steps you undertook to search for the all of the Named Plaintiffs' call recordings and detail specifically why some calls remain missing for each Named Plaintiff. Based on recently unsealed documents from the *CFPB* action, it appears that Navient's counsel stated that the calls could not be pulled by account number, *see CFPB,* Dkt. No. 213 at 13, but the deposition of Johnathan Powell indicated that calls can be found using the phone number, date, recording ID, agent, and CRS disposition, *see* Dkt. No. 274-3 at A104.

Best,
Maggie

---

**From:** Setzepfandt, Alexander <ASetzepfandt@cov.com>
**Sent:** Wednesday, September 25, 2019 4:32 PM
**To:** Maggie Siller <msiller@selendygay.com>; Faith Gay <fgay@selendygay.com>; Maria Ginzburg <mginzburg@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; 'mrichard@phillipsrichard.com' <mrichard@phillipsrichard.com>; Lauren Zimmerman <lzimmerman@selendygay.com>
**Cc:** Simonsen, Ashley M <asimonsen@cov.com>; Ruffino, Andrew <aruffino@cov.com>
**Subject:** RE: Hyland v. Navient Corporation, Case No. 1:18-cv-09031 (DLC)

Maggie,

Further to Andrew's note below, we have conferred with our client about the eight follow-up inquiries in your note, and our positions are as follows:

1. **Document Production Completion Date**. We expect that our production of documents will be substantially complete by October 15. We are not expecting any significant number of documents to take longer than this to produce, but it is possible that a small number of documents may trickle in after this date based on our various efforts to locate and collect relevant materials.

2. **Bates Ranges for Categories of Documents**. While we do not agree that we are obligated to do this, in the interest of minimizing disputes, the table below describes categories of materials included in each of our document production volumes.

| Production Volume | Description of Documents |
|---|---|
| NAV_HY_001 | Insurance policies; correspondence histories and written correspondence to certain plaintiffs |
| NAV_HY_002 | Knowledge Share policies related to PSLF |
| NAV_HY_003 | Knowledge Share policies related to IDR |
| NAV_HY_004 | Change orders related to IDR and PSLF; Navient's Servicing Contracts with ED; written correspondence to certain named plaintiffs |

| | |
|---|---|
| NAV_HY_005 | Call recordings, correspondence histories, and written correspondence to certain named plaintiffs |
| NAV_HY_006 | Call recordings of certain named plaintiffs |
| NAV_HY_007 | Call recordings, correspondence histories, and written correspondence to certain named plaintiffs |
| NAV_HY_008 | Knowledge Share policies related to PSLF and IDR, from November 2017 to October 2018 |
| NAV_HY_009 | Call recordings, correspondence histories, and written correspondence to certain named plaintiffs |
| NAV_HY_010 | First tranche of *Daniel* production: materials related to Incentive Compensation Plans and Average Handle Time |
| NAV_HY_011 | Call recordings of certain named plaintiffs |
| NAV_HY_012 | Servicing files of New York named plaintiffs |
| (forthcoming) | Second tranche of *Daniel* production: training materials; policies and procedures; change orders; form letters; borrower grievances and related documents<br><br>Materials responsive to second set of RFPs: information about call recording software; information about routing of calls and written correspondence; identification of call center representatives who spoke with NY named plaintiffs; identification of individuals principally involved in creating policies related to PSLF and IDR; amendment to servicing contract reflecting updated unit income from ED; data dictionaries; documents relating to performance evaluations for call center reps; documents relating to internal and external audits; documents relating to document preservation policies |

**3. Search Terms and Custodians**.  We are in the process of gathering information concerning custodian and search term parameters used for the collection of documents in *Daniel*.  We expect to be able to provide information on this to you within a week following further consultations with the counsel who were most involved in that process.  In terms of locating additional materials beyond what is already in the *Daniel* production, we continue to believe that our ongoing targeted search and collection efforts are the most reasonable and effective way to locate relevant materials.  If, after reviewing our production, you believe that there is some relevant category of information that has not been sufficiently addressed by our production and requires a supplemental search based on applying search terms to custodial files, we will confer with you in good faith about any reasonable proposal you may make.  But we believe that a broad supplemental collection using search terms and custodians at this point is both unnecessary and inconsistent with Judge Cote's guidance concerning the appropriate scope of discovery.

**4. Documents Relevant to Unnamed New York Class Members.**   We understand that it would be possible to search the correspondence history files on Navient's system for terms such as "PSLF," but the correspondence histories generally do not include descriptions of the substance of conversations at a level that would permit

9

an assessment of whether or not correct information was communicated.  (You should be able to confirm the short-hand nature of the notes in the correspondence histories by reviewing the ones we have previously produced.)  Nor is there any practical way to search audio recordings for relevant conversations, or to determine which New York borrowers who have communicated with Navient were eligible for PSLF.  We are not agreeing to undertake these collection efforts because any limited potential relevance of these materials is disproportionate to the significant burdens this process would impose on Navient, and because this is inconsistent with Judge Cote's guidance concerning the appropriate scope of discovery.

**5.  Production of Documents Produced in the *CFPB* Action.**  We continue to object to this request given that the *CFPB* action covers a different range of issues than this action (e.g., dealings with credit reporting agencies, whether loan payments were misprocessed, rehabilitation of loans after defaults).  Many of the documents produced are completely irrelevant, such as documents concerning borrower eligibility for cosigner releases of student loans, documents concerning credit reporting, and data on whether borrowers clicked on certain email links.  Based on discussions with other counsel, we understand that it would not be easy to segregate materials that might have overlapping relevance to *Hyland*, and there are significant additional practical issues involving borrower personally identifiable information and bank examiner privilege given that the existing production was provided to a regulator.  We continue to believe that the relevant issues in this case will be addressed by the *Daniel* production and the additional documents that we have produced or will be producing to you.  Nevertheless, if you have a more targeted request for particular documents in the *CFPB* case that are relevant to *Hyland*, we are willing to make good faith efforts to determine whether it would be possible to isolate and re-reproduce particular documents without unreasonable burdens.

**6.  Board Materials**.  We are in the process of collecting and reviewing summaries of Navient borrower complaints that have been provided to Navient's board, and we plan to produce any non-privileged materials that relate to PSLF or IDR (to the extent they exist).  We object to your broader request for board materials.  We don't think this material would be relevant to the central class certification issue of whether Navient call center reps made uniform misrepresentations to New York borrowers.

**7.  Profit and Cost Information**.  As noted in our written responses to your RFPs, Navient will conduct a reasonable search for documents sufficient to show the Department of Education's current pricing schedule with Navient.  We continue to object to producing further documents related to revenue, cost, or profits, for the reasons stated in our written responses, including relevance and proportionality.  As with the board materials, we don't think this material would be relevant to the central class certification issue of whether Navient call center reps made uniform misrepresentations to New York borrowers.

**8.  Data Dictionaries**.  We are searching for and will produce any data dictionaries that reflect codes contained in the "Critical Changes History" documents that Navient previously produced.

Regards,
Alex


**Alexander Setzepfandt**

Covington & Burling LLP
The New York Times Building, 620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1285 | asetzepfandt@cov.com
www.cov.com

# COVINGTON

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

---

**From:** Ruffino, Andrew <aruffino@cov.com>
**Sent:** Tuesday, September 17, 2019 3:37 PM
**To:** Maggie Siller <msiller@selendygay.com>; Faith Gay <fgay@selendygay.com>; Maria Ginzburg <mginzburg@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; 'mrichard@phillipsrichard.com' <mrichard@phillipsrichard.com>; Lauren Zimmerman <lzimmerman@selendygay.com>
**Cc:** Simonsen, Ashley M <asimonsen@cov.com>; Setzepfandt, Alexander <ASetzepfandt@cov.com>
**Subject:** RE: Hyland v. Navient Corporation, Case No. 1:18-cv-09031 (DLC)

Maggie,

We don't agree with all of your characterizations below, but we understand the requests you are making, and we will follow up promptly with our client on these issues. Thursday is not realistic timing for us to respond, but we will do our best to get back to you early next week.

Regards,
Andrew

---

**From:** Maggie Siller <msiller@selendygay.com>
**Sent:** Tuesday, September 17, 2019 15:21
**To:** Setzepfandt, Alexander <ASetzepfandt@cov.com>; Faith Gay <fgay@selendygay.com>; Maria Ginzburg <mginzburg@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; 'mrichard@phillipsrichard.com' <mrichard@phillipsrichard.com>; Lauren Zimmerman <lzimmerman@selendygay.com>
**Cc:** Simonsen, Ashley M <asimonsen@cov.com>; Ruffino, Andrew <aruffino@cov.com>
**Subject:** RE: Hyland v. Navient Corporation, Case No. 1:18-cv-09031 (DLC)

**[EXTERNAL]**
Andrew and Alex,

Thank you for speaking with us yesterday. Below is a summary of our understanding of our discussion regarding Defendants' Responses and Objections to Plaintiffs' Second Set of Requests for Production. Please let us know if you disagree with anything below.

*First*, pursuant to the requirements of FRCP 34(b)(2)(B), we requested that you provide a delivery date for the production of responsive documents for which you stated that you "will produce" or intend to produce following a reasonable search (RFP Nos. 1, 5-11, 13-24). You represented that the *Daniel* production will be completed by September 30, 2019 and that any documents outside the *Daniel* production would be provided by the end of October. We responded that the end of October would not provide us with sufficient time to digest any such material prior to impending depositions and the start of class certification briefing in December. You indicated that you would speak to your client regarding a more definite and immediate date for delivery of non-*Daniel* documents responsive to our RFPs.

*Second*, with respect to those instances in which you indicate that you have already produced or will produce documents responsive to our RFPs in the *Daniel* production (RFP Nos. 1, 8, 10-11, 19-22), we requested that you provide

11

us with Bates ranges for each set of responsive documents and key such ranges to each RFP to which you believe they are responsive.  You indicated that you would do so.

*Third*, with respect to those responses in which you have indicated that you have or intend to conduct a "reasonable search," we indicated that we would like to negotiate custodians and search terms for such searches.  You responded that custodial searches were not appropriate for "this type of case" and asserted that we had only made targeted requests for particular documents and policies.  In response, we highlighted a number of RFPs requesting communications regarding particular topics.  We also pointed out that the first tranche of the *Daniel* production includes emails among Navient employees and executives which were the result of custodial searches in *Daniel*.  Given that we do not know what searches were run nor which custodians were searched, we are unable to determine whether such searches are sufficient.  You responded you would review the *Daniel* production and get back to us regarding your position on this issue.  We asked that, when you do so, you provide the search terms and custodians searched in *Daniel*.

*Fourth*, with respect to our requests for documents related to our putative class members (RFP Nos. 4, 5, 6, 9, 11, 12, 17, 22), you indicated that you would consider production of such documents if we were able to agree upon a method by which you could search for possible putative class members via Navient's internal software.  We pointed out that Navient's correspondence histories have codes for calls related to, e.g. forgiveness and IDR, and that Navient could search such terms across Navient borrowers who reside in New York.  We also suggested that, if you were to provide us with information regarding the fields that Navient's software contains, such as employment information, we may be able to better negotiate such searches.  In response, you said you would speak with your client regarding manipulation of data and then discuss with us possible searches based on the information garnered from them.

*Fifth*, we asked for more information regarding your refusal to provide those documents produced to the CFPB in its action against Navient (RFP No. 2).  You responded that while some of the CFPB's claims are similar to ours, some are not—such as those regarding collections and credit score reporting—and thus you do not intend to produce such documents.  We invited you to remove those documents related to claims that do not overlap with ours, offered to review them ourselves, and also pointed out that we have received documents relevant to the collections claim in *Daniel* although we bring no such claim in our action.  You then stated that you believed many of the relevant documents from the CFPB action overlapped with the *Daniel* production.  You stated that you do not anticipate producing the CFPB documents and thus, we have reached an impasse on this issue.

*Sixth*, we inquired into your rationale for not producing minutes of, materials considered by, or communications among the Navient board of directors related to issues relevant to our claims (RFP  No. 3).  You responded that you did not think such documents are relevant to the question of whether Navient made misrepresentations to borrowers and that you additionally doubted that such documents would exist.  We explained that such documents are relevant to our claim that there is a centralized scheme at Navient to minimize costs through misrepresentations and asked that you confirm with your client whether such documents exist.  You declined to do so.  We have reached an impasse on this issue.

*Seventh*, we asked for more information regarding your refusal to produce profit and pricing information (RFP Nos. 17-18) other than the Department of Education's current pricing schedule.  You indicated that you did you believe such documents exist. You also stated you did not think these requests are relevant.  We asked that you speak with your client about whether such documents exist.

*Eighth*, we explained that while we have located some data dictionaries, it is unclear if they represent the complete list of relevant codes. For example, we explained that the first tranche of the *Daniel* production contained a "Critical Changes History" and other similar documents that also appear to have codes for which we do not have an applicable data dictionary.  We thus requested data dictionaries for the "Critical Changes History."  You said you are in the process of collecting data dictionaries and agreed to search for the Critical Changes History documents and any additional data dictionaries.

For each of the aforementioned items which require your response, we ask that you provide such response no later than Thursday, September 19, 2019.

Thank you,
Maggie

**From:** Maggie Siller
**Sent:** Thursday, September 12, 2019 3:17 PM
**To:** Setzepfandt, Alexander <ASetzepfandt@cov.com>; Faith Gay <fgay@selendygay.com>; Maria Ginzburg <mginzburg@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; mrichard@phillipsrichard.com; Lauren Zimmerman <lzimmerman@selendygay.com>
**Cc:** Simonsen, Ashley M <asimonsen@cov.com>; Ruffino, Andrew <aruffino@cov.com>
**Subject:** RE: Hyland v. Navient Corporation, Case No. 1:18-cv-09031 (DLC)

Alex,

We are available at 4:15 pm on Monday.  We will circulate a dial-in.

Thanks,
Maggie

**From:** Setzepfandt, Alexander <ASetzepfandt@cov.com>
**Sent:** Thursday, September 12, 2019 9:55 AM
**To:** Maggie Siller <msiller@selendygay.com>; Faith Gay <fgay@selendygay.com>; Maria Ginzburg <mginzburg@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; mrichard@phillipsrichard.com; Lauren Zimmerman <lzimmerman@selendygay.com>
**Cc:** Simonsen, Ashley M <asimonsen@cov.com>; Ruffino, Andrew <aruffino@cov.com>
**Subject:** RE: Hyland v. Navient Corporation, Case No. 1:18-cv-09031 (DLC)

Maggie,

We could be speak at 4:15 p.m. on Monday.

Regards,
Alex

**Alexander Setzepfandt**

Covington & Burling LLP
The New York Times Building, 620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1285 | asetzepfandt@cov.com
www.cov.com

**COVINGTON**

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Maggie Siller <msiller@selendygay.com>
**Sent:** Wednesday, September 11, 2019 2:23 PM
**To:** Setzepfandt, Alexander <ASetzepfandt@cov.com>; Faith Gay <fgay@selendygay.com>; Maria Ginzburg <mginzburg@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>;

13

mrichard@phillipsrichard.com; Lauren Zimmerman <lzimmerman@selendygay.com>
**Cc:** Simonsen, Ashley M <asimonsen@cov.com>; Ruffino, Andrew <aruffino@cov.com>
**Subject:** RE: Hyland v. Navient Corporation, Case No. 1:18-cv-09031 (DLC)

**[EXTERNAL]**
Alex,

Thanks very much. Given the expedited discovery schedule, please let us know if you have any availability on Friday or Monday.

Best,
Maggie

**From:** Setzepfandt, Alexander <ASetzepfandt@cov.com>
**Sent:** Wednesday, September 11, 2019 9:19 AM
**To:** Maggie Siller <msiller@selendygay.com>; Faith Gay <fgay@selendygay.com>; Maria Ginzburg <mginzburg@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; mrichard@phillipsrichard.com; Lauren Zimmerman <lzimmerman@selendygay.com>
**Cc:** Simonsen, Ashley M <asimonsen@cov.com>; Ruffino, Andrew <aruffino@cov.com>
**Subject:** RE: Hyland v. Navient Corporation, Case No. 1:18-cv-09031 (DLC)

Maggie,

We are not available to meet and confer this Friday, but could speak next Tuesday afternoon after 2:30 p.m.

Best,
Alex

**Alexander Setzepfandt**

Covington & Burling LLP
The New York Times Building, 620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1285 | asetzepfandt@cov.com
www.cov.com

**COVINGTON**

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Maggie Siller <msiller@selendygay.com>
**Sent:** Tuesday, September 10, 2019 5:14 PM
**To:** Setzepfandt, Alexander <ASetzepfandt@cov.com>; Faith Gay <fgay@selendygay.com>; Maria Ginzburg <mginzburg@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; mrichard@phillipsrichard.com; Lauren Zimmerman <lzimmerman@selendygay.com>
**Cc:** Simonsen, Ashley M <asimonsen@cov.com>; Ruffino, Andrew <aruffino@cov.com>
**Subject:** RE: Hyland v. Navient Corporation, Case No. 1:18-cv-09031 (DLC)

**[EXTERNAL]**
Counsel,

Please let us know your availability on Friday for a meet and confer to discuss Defendants' Responses and Objections to Plaintiffs' First and Second Set of Requests for Production.

Best,
Maggie

---

**From:** Setzepfandt, Alexander <ASetzepfandt@cov.com>
**Sent:** Monday, September 9, 2019 6:57 PM
**To:** Faith Gay <fgay@selendygay.com>; Maria Ginzburg <mginzburg@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Maggie Siller <msiller@selendygay.com>; Ron Krock <rkrock@selendygay.com>; mrichard@phillipsrichard.com
**Cc:** Simonsen, Ashley M <asimonsen@cov.com>; Ruffino, Andrew <aruffino@cov.com>
**Subject:** Hyland v. Navient Corporation, Case No. 1:18-cv-09031 (DLC)

Counsel:

Please find attached defendants' responses and objections to plaintiffs' second set of requests for production of documents, served by U.S. mail earlier today.

Regards,
Alex

**Alexander Setzepfandt**

Covington & Burling LLP
The New York Times Building, 620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1285 | asetzepfandt@cov.com
www.cov.com

**COVINGTON**

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.