# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| KATHRYN HYLAND, MELISSA GARCIA, ELDON R. GAEDE, JESSICA SAINT-PAUL, REBECCA SPITLER-LAWSON, MICHELLE MEANS, ELIZABETH KAPLAN, JENNIFER GUTH, and MEGAN NOCERINO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NAVIENT CORPORATION and NAVIENT SOLUTIONS, LLC,<br><br>Defendants. | ECF Case<br><br>Case No. 18-CV-09031 (DLC) |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS'**
**SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, the Local Rules of the United States District Court for the Southern District of New York, and Judge Cote's Individual Practices in Civil Cases, Defendants Navient Corporation and Navient Solutions, LLC ("NSL" and, together with Navient Corporation, "Defendants") respond below to the Second Set of Requests for Production of Documents to Defendants, dated August 9, 2019 (the "Requests") by Plaintiffs Kathryn Hyland, Melissa Garcia, Eldon R. Gaede, Jessica Saint-Paul, Rebecca Spitler-Lawson, Michelle Means, Elizabeth Kaplan, Jennifer Guth, and Megan Nocerino ("Plaintiffs"). All references to the "Action" refer to the above-captioned matter.  Defendants make the following responses based upon information reasonably available to them at this time, and reserve the right to supplement or amend these responses when, and if, necessary.

**General Objections**

1.      Defendants object to these Requests to the extent they are inconsistent with Judge Cote's guidance at the July 26, 2019 conference that pre-class certification discovery should proceed on a "targeted and focused" schedule and be limited to "some core document discovery" and "a couple quick depositions" "with as little additional litigation expense as possible." (Tr. at 2:17–19, 6:16, 19:13–14.) Following the July 26, 2019 conference, Judge Cote issued a scheduling order consistent with this guidance. (*See* ECF No. 62.)

2.      Defendants object to these Requests to the extent they seek discovery relating to claims that have been dismissed from this Action. On July 8, 2019, the Court dismissed 13 of the 14 claims asserted in Plaintiffs' Amended Class Action Complaint. (ECF No. 53.) The only remaining claim is brought under New York General Business Law § 349 (the "New York Claim"), and is asserted only by Kathryn Hyland, Melissa Garcia, Eldon R. Gaede, and Elizabeth Taylor (the "New York Named Class Representatives") on behalf of themselves and a putative subclass of New York borrowers. At the July 26, 2019 conference, Judge Cote made clear that discovery should proceed with respect to the sole remaining New York Claim "and nothing else." (Tr. at 14:25; *see also* Tr. at 17:21–22 ("Let's keep ourselves focused on the one claim we know survives.").) Plaintiffs' New York Claim requires them to show that NSL's customer service representatives made individual, oral misrepresentations to the New York Named Class Representatives (*see* Tr. at 19:25–20:1 ("[T]his GBL claim … must focus on the particular conversation with an individual borrower.")); and to certify their proposed New York subclass, Plaintiffs must show that they can prove such alleged oral misrepresentations with

common proof. Defendants object to the Requests to the extent they seek discovery concerning issues that go beyond alleged oral misrepresentations made to the New York Named Class Representatives or certification of the New York subclass.

3.      Defendants object to the Requests to the extent they are duplicative of documents requested and produced in the litigation captioned *Daniel v. Navient Solutions, LLC*, 17-cv-02503 (SCB) (M.D. Fl. filed Oct. 25, 2017). As discussed at the July 26, 2019 conference, the *Daniel* complaint asserts nearly identical claims to those asserted in this Action. In the *Daniel* case, Navient produced a large volume of material responsive to broad discovery requests that substantially overlap with these Requests, including but not limited to training materials and policies and procedures relating to the Public Service Loan Forgiveness ("PSLF") Program, materials related to call center representative compensation, materials related to borrower complaints, and materials received from and agreements with the Department of Education. Defendants have already agreed to re-produce, and have begun re-producing, the *Daniel* production in this Action (with the exception of materials specifically concerning the *Daniel* named plaintiffs and persons identified as potential *Daniel* class members).

4.      Defendants object to these Requests to the extent they purport to require the production of information more appropriately sought through interrogatories or deposition testimony.

5.      Defendants object to the Requests to the extent they seek documents or information not related to the transactions upon which Plaintiffs' claims are based. For any class action to proceed, it must first be established whether, on the basis of those transactions, Plaintiffs can maintain any viable claim against any Defendant. Any broader

-3-

discovery is premature and wasteful of the Court's and Defendants' resources, as it may ultimately not be needed if Plaintiffs are shown to have no viable claim.

6.      Defendants object to the Requests to the extent they purport to impose on Defendants obligations beyond, or otherwise inconsistent with, those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern and Eastern Districts of New York, Judge Cote's Individual Practices in Civil Cases, any Order of this Court, or any other applicable law or rule.  To the extent the Requests purport to require, instruct, or define response obligations that exceed what is required under the applicable rules and orders, Defendants object thereto on the grounds that such a requirement, instruction, or definition (a) exceeds the scope of permissible discovery and (b) improperly attempts to impose upon Defendants unreasonable burden and expense.

7.      Defendants object to the Requests to the extent they seek documents or information protected by the attorney-client privilege, the work product doctrine, bank examination privilege, any other applicable privilege or immunity, or any protective order or confidentiality agreement, or which are otherwise exempted from discovery.  Defendants hereby assert all applicable privileges and protections to the extent implicated by each Request, whether based upon statute or recognized at common law.  Any disclosure of such privileged and/or protected information is inadvertent and is not intended to waive those privileges or protections.  Defendants reserve the right to recall any inadvertently produced material that is protected by any applicable privilege or immunity.  Further, Defendants construe the Requests as not seeking information that constitutes attorney-client communications and/or work product generated in connection with this or other litigation, anticipated litigation, or any government investigation.  To the extent the Requests purport

-4-

to require a search for such privileged and work product material, Defendants object to the Requests as overbroad, unduly burdensome, and not proportional to the needs of the case. Defendants will not undertake such a search, and such documents will not be logged on a privilege log.

8. Defendants object to the Requests to the extent they seek documents or information that are not in the possession, custody, or control of Defendants. Defendants respond to the Requests on behalf of Navient Corporation and Navient Solutions, LLC, and not on behalf of any subsidiaries, affiliates, or other corporations or separate legal entities, or any other individuals.

9. Defendants object to the Requests to the extent they seek documents or information in Plaintiffs' possession, custody, or control or in the public domain, or from some other source that is more convenient, less burdensome, or less expensive.

10. Defendants object to the Requests to the extent they purport to require Defendants to produce documents or things that are not reasonably available, do not already exist, and/or are in a format other than the format in which Defendants maintain the requested materials in the ordinary course of business.

11. Defendants object to the Requests to the extent they seek documents or information concerning confidential, proprietary, or private consumer information. Any such information that is non-privileged and responsive to the Requests will be produced subject to the Stipulated and Confidentiality Agreement and Protective Order entered in this Action.

12.     Defendants object to these Requests to the extent they seek materials, the production of which would violate the privacy rights of borrowers who are not parties to this Action and/or cannot be produced without the consent of the borrowers or a court order.

13.     Defendants object to the Requests to the extent they seek documents or information, the production of which would violate a duty of confidentiality owed to borrowers, a regulatory body, or a governmental agency.

14.     Defendants object to the Requests to the extent they seek information that Defendants have been instructed not to produce by any competent government agency or regulator.

15.     Defendants object to the Requests as not proportional to the needs of the case to the extent the burden or expense of the requested discovery outweighs its likely benefit, taking into account, for example, the needs of the case, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

### Objections to Definitions and Instructions

16.     Defendants object to Plaintiffs' proposed "Definitions" to the extent they are susceptible to more than one meaning or are inconsistent with the ordinary and customary meaning of such words and phrases or the rules governing the permissible scope of discovery.  Defendants further object to the Definitions to the extent they contain factual or legal conclusions.  By making these responses, Defendants do not in any way adopt Plaintiffs' purported definitions of words and phrases.

17.     Defendants object to Plaintiffs' definition of "Communication" to the extent it is intended to be broader than the definition provided by Local Civil Rule 26.3.

18. Defendants object to Plaintiffs' definition of "Document" to the extent it is intended to be broader than the definitions provided by Local Civil Rule 26.3(C)(2) and Federal Rule of Civil Procedure 34(a)(1)(A).

19. Defendants reserve their right to object in other contexts to the definitions and legal conclusions contained in Plaintiffs' definitions of "Direct Loan," "Direct Loan Program," "Federal Family Education Loan Program," "FFEL Program," "FFEL Loan," "FFEL Loans," "Income-driven repayment plans," "IDR Plans," and "Servicing Contracts." However, for purposes of responding to these Requests—and for that purpose only—Defendants will adhere to these definitions.

20. Defendants object to the definition of "New York Unnamed Class Members" on the ground that it refers to an unascertainable set of persons. Defendants further object to the definition of "New York Plaintiffs" to the extent it incorporates the definition of "New York Unnamed Class Members," and thus also refers to an unascertainable number of persons. Defendants interpret "New York Plaintiffs" to refer only to the New York Named Class Representatives, Kathryn Hyland, Melissa Garcia, Eldon R. Gaede, and Elizabeth Taylor.

21. Defendants object to Plaintiffs' definition of "Relevant Time Period" to the extent it is broader than the time period during which the New York Named Class Representatives' federal student loans were serviced by Navient Solutions, LLC ("NSL"). Defendants interpret "Relevant Time Period" to mean the time period during which New York Named Class Representatives' federal student loans were serviced by NSL, but in no instance before September 27, 2007, the date the College Cost Reduction and Access Act was passed into law, or after October 3, 2018, the date this Action was commenced.

22.    Defendants object to Plaintiffs' definition of "Student Assistance Corporation" to the extent it includes that entity's "agents, attorneys, representatives, employees, and any other Person acting or purporting to act on their behalf."

23.    Defendants object to Plaintiffs' definition of "You" and "Navient" as overbroad and improper to the extent that definition purports to refer to separate legal entities as one single entity, and to the extent it includes Defendants' "Affiliates, agents, attorneys, representatives, employees, and any other Person acting or purporting to act on their behalf."

24.    Defendants object to Plaintiffs' use of the word "information" in Instruction No. 2, to the extent this word purports to require Defendants to produce information more appropriately sought through interrogatories.

25.    Defendants object to Instruction No. 6, to the extent that construing a verb as being used "in all other tenses" would require the production of documents outside the Relevant Time Period as Defendants use that term.

**Specific Responses and Objections**

All responses made below, and any documents that may be produced in response to these Requests, are stated and produced, respectively, subject to and without waiving the foregoing General Objections (including the foregoing Objections to Definitions and Instructions), which are specifically incorporated in each response below.  Defendants reserve the right to amend or supplement their answers to these Requests pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 1:**  All Documents and Communications produced or ordered to be produced by Navient to the plaintiffs in the litigation captioned

*Daniel, et al. v. Navient Solutions, LLC*, 17-cv-02503 (SCB) (M.D. Fl. filed Oct. 25, 2017) in the U.S. District Court for the Middle District of Florida—excluding any personally identifiable information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** In addition to the above General Objections, Defendants object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case to the extent it purports to call for the production of Documents and Communications specific to the *Daniel* named plaintiffs and persons identified as potential class members. Defendants further object to this Request to the extent it seeks materials, the production of which would violate the privacy rights of borrowers who are not parties to this Action and/or cannot be produced without the consent of the borrowers or a court order.

Subject to, based on, and without waiving their objections, Defendants will produce in response to this Request the Documents and Communications previously produced by Defendants in *Daniel*, subject to the limitations set forth in General Objection No. 3.

**REQUEST FOR PRODUCTION NO. 2:** All Documents and Communications produced or ordered to be produced by Navient to the CFPB in the litigation captioned *Consumer Financial Protection Bureau v. Navient Corporation*, et al., Case No. 3:17-CV-00101-RDM in the U.S. District Court for the Middle District of Pennsylvania.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:** In addition to the above General Objections, Defendants object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case because the subject matter of the *Consumer Financial Protection Bureau v. Navient Corporation* litigation ("*CFPB* Litigation") differs substantially from the subject matter of this Action. This request thus seeks discovery of

Documents and Communications that have no connection to the claims or issues in this case. Defendants further object to this Request to the extent it seeks materials, the production of which would violate the privacy rights of borrowers who are not parties to this Action. Defendants further object to this Request on the ground that it is not limited to a time period relevant or even proximate to the Relevant Time Period.

For these reasons, Defendants will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 3:**  All minutes of, materials considered by, or communications among the Navient board of directors in connection with any board meeting concerning:

a. The PSLF Program;

b. IDR Plans;

c. FFEL Loan consolidation;

d. Call center and operational metrics (including, but not limited to, "Average Handle Time");

e. The Navient employee incentive structure; and/or

f. Pending litigation related to—

i. The PSLF Program;

ii. Allegations that Navient employees steered borrowers into forbearance instead of IDR Plans; and/or

iii. Allegations that Navient employees misinformed borrowers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**  In addition to the above General Objections, Defendants object to this Request as vague and ambiguous in its use of the phrases "operational metrics," "employee incentive structure," and "steered." Defendants further

object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case to the extent it requests "all" minutes and materials considered "in connection with any board meeting." Defendants further object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case insofar as the requested materials are irrelevant to whether NSL's customer service representatives made individual, oral misrepresentations to the New York Named Class Representatives. Defendants further object to this Request on the ground that the requested documents relating to "[p]ending litigation" likely are protected by attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request on the ground that it is not limited to a time period relevant or even proximate to the Relevant Time Period.

For these reasons, Defendants will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 4:** All Documents and Communications including, but not limited to, call recordings and "Correspondence History," with or about New York Unnamed Class Members.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:** In addition to the above General Objections, Defendants object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case to the extent it purports to require the production of Documents and Communications for individuals other than the New York Named Class Representatives. Defendants further object to this Request as vague and ambiguous because the term "New York Unnamed Class Members" refers to an unascertainable set of persons. Defendants further object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case to the extent it requests "[a]ll Documents and Communications" that are "about" the New York Unnamed Class Members. Defendants further

object to this Request on the ground that it is not limited to a time period relevant or even proximate to the Relevant Time Period. Defendants further object to this Request to the extent it seeks materials, the production of which would violate the privacy rights of borrowers who are not parties to this action and/or cannot be produced without the consent of the borrowers or a court order.

For these reasons, Defendants will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 5:** All loan and servicing files related to the FFEL and Direct Loan accounts of the New York Plaintiffs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** In addition to the above General Objections, Defendants object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it purports to require the production of documents for individuals other than the New York Named Class Representatives. Defendants further object to this Request as vague and ambiguous because the term "New York Plaintiffs"—which incorporates the definition of "New York Unnamed Class Members"—refers to an unascertainable set of persons. Defendants further object to this Request to the extent it seeks discovery of materials, the production of which would violate the privacy rights of borrowers who are not parties to this Action and/or cannot be produced without the consent of the borrowers or a court order. Defendants further object to this Request on the ground that it is not limited to a time period relevant or even proximate to the Relevant Time Period.

Subject to, based on, and without waiving their objections, Defendants will conduct a reasonable search for loan and servicing files related to the FFEL and Direct Loans of the New York Named Class Representatives during the Relevant Time Period, and will produce any such documents identified in that search, to the extent not already produced.

-12-

**REQUEST FOR PRODUCTION NO. 6:** Documents sufficient to show for each of the FFEL or Direct Loan accounts of the New York Plaintiffs:

a. The principal and interest payments made on each; and

b. The loan status—whether current, in forbearance, in default or otherwise—through the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:** In addition to the above General Objections, Defendants object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it purports to require the production of documents for individuals other than the New York Named Class Representatives. Defendants further object to this Request as vague and ambiguous because the term "New York Plaintiffs"—which incorporates the definition of "New York Unnamed Class Members"—refers to an unascertainable set of persons. Defendants further object to this Request to the extent it seeks discovery of materials, the production of which would violate the privacy rights of borrowers who are not parties to this Action.

Subject to, based on, and without waiving their objections, Defendants will conduct a reasonable search for documents sufficient to show, for each of the FFEL or Direct Loans of the New York Named Class Representatives, the requested information during the Relevant Time Period, and will provide such documents if they can be located, to the extent not already produced.

**REQUEST FOR PRODUCTION NO. 7:** Documents sufficient to identify the call recording software(s), (including, but not limited to, the brand, product name, version, model number, audio file storage format, and company of installation) utilized by Navient to record,

-13-

store, and maintain recordings of calls between Navient call center employees and borrowers throughout the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**  In addition to the above General Objections, Defendants object to this Request as vague and ambiguous in its use of the phrases "call recording software," "brand," "product name," "version," "model number," "audio file storage format," and "company of installation."  Defendants further object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case insofar as the requested materials are irrelevant to whether NSL's customer service representatives made individual, oral misrepresentations to the New York Named Class Representatives.  Defendants further object to this Request insofar as it purports to require the production of information more appropriately sought through an interrogatory or deposition testimony.

Subject to, based on, and without waiving their objections, Defendants will conduct a reasonable search for documents sufficient to identify the requested information for call recording software used by NSL to record, store, and maintain recordings of servicing calls between NSL and borrowers throughout the Relevant Time Period, and will provide such documents if they can be located.

**REQUEST FOR PRODUCTION NO. 8:**  All Documents and Communications sufficient to show Navient's strategic goals overall and by department or call center in connection with IDR Plans, FFEL Loan consolidation, or the PSLF Program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**  In addition to the above General Objections, Defendants object to this Request as vague and ambiguous in its use of the phrase "strategic goals overall."  Defendants further object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case insofar as the requested

materials are irrelevant to whether NSL's customer service representatives made individual, oral misrepresentations to the New York Named Class Representatives.  Defendants further object to this Request on the ground that it is not limited to a time period relevant or even proximate to the Relevant Time Period.

Defendants further object to this Request to the extent it overlaps with the following document requests in *Daniel,* in response to which Defendants already produced documents in *Daniel* that they have agreed to re-produce in this Action: "All Defendant's policies and procedures related to consolidation of student loans under the Direct Loan program [relating to PSLF]," *Daniel* Plaintiffs' First Set of Requests for Production, Request No. 9; "All Defendant's policies and procedures regarding the handling of customer service phone calls related to Direct Loans [and] the PSLF Program," *Daniel* Plaintiffs' First Set of Requests for Production, Request No. 10; "All documents, including without limitation scripts, training materials, instructions, classes, etc., related to the training of Defendant's customer service employees with respect to the PSLF Program," *Daniel* Plaintiffs' First Set of Requests for Production, Request No. 11; "All documents, including without limitation scripts, training materials, instructions, classes, etc., related to the training of Defendant's customer service employees with respect to the Direct Loans [that relate to PSLF and the Direct Loan Program]," *Daniel* Plaintiffs' First Set of Requests for Production, Request No. 12; "All documents, including without limitation scripts, training materials, instructions, classes, etc., related to the training of Defendant's customer service employees with respect to the consolidation of student loans [and that relate to PSLF]," *Daniel* Plaintiffs' First Set of Requests for Production, Request No. 13; "All documents, including without limitation scripts, training materials, instructions, classes, etc., related to the training of Defendant's customer service employees with respect to the income-based repayment

-15-

plans for student loans [and that relate to PSLF]," *Daniel* Plaintiffs' First Set of Requests for Production, Request No. 14.

Subject to, based on, and without waiving their objections, Defendants will produce in response to this Request the Documents and Communications previously produced by Defendants in *Daniel*, subject to the limitations set forth in General Objection No. 3. Defendants will not search for, collect, or produce further documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 9:** All Documents and Communications created or maintained by Navient call center employees in connection with providing information to New York Plaintiffs regarding IDR Plans, FFEL Loan consolidation, or the PSLF Program including, but not limited to, call logs, call notes, and call or account summaries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:** In addition to the above General Objections, Defendants object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it purports to require the production of documents for individuals other than the New York Named Class Representatives. Defendants further object to this Request as vague and ambiguous because the term "New York Plaintiffs"—which incorporates the definition of "New York Unnamed Class Members"—refers to an unascertainable set of persons. Defendants further object to this Request as vague and ambiguous in its use of the phrases "call logs," "call notes," and "call or account summaries." Defendants further object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case to the extent it requests "[a]ll Documents and Communications" maintained by Defendants "in connection with providing information to New York Plaintiffs." Defendants further object to this Request to the extent it seeks discovery, the production of which would violate the privacy rights of borrowers who are not parties to this

Action and/or cannot be produced without the consent of the borrowers or a court order. Defendants further object to this Request on the ground that it is not limited to a time period relevant or even proximate to the Relevant Time Period.

Subject to, based on, and without waiving their objections, Defendants will perform a reasonable search for loan and servicing files for the New York Named Class Representatives, and will produce any such documents identified in that search, to the extent not already produced.

**REQUEST FOR PRODUCTION NO. 10:**  All Documents and Communications describing policies or procedures related to all measured call center and operational statistics including, but not limited to, "Average Handle Time."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**  In addition to the above General Objections, Defendants object to this Request as vague and ambiguous in its use of the phrases "measure call center," "operational statistics," and "Average Handle Time."  Defendants further object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case to the extent it requests "[a]ll Documents and Communications" that are "related to all measured call center and operational statistics."  Defendants further object to this Request on the ground that it is not limited to a time period relevant or even proximate to the Relevant Time Period.

Defendants further object to this Request to the extent it overlaps with the following document requests in *Daniel*, in response to which Defendants already produced documents in *Daniel* that they have agreed to re-produce in this Action: "Documents related to Defendant's compensation structure for its customer service representatives from 2006 to present, including without limitation, all Call Center Servicing Specialist Incentive Compensation Plans," *Daniel*

Plaintiffs' Second Set of Requests for Production, Request No. 1; "Documents regarding the creation and or modification of Defendant's compensation structure for its customer service representatives from 2006 to present, including any internal memoranda, reports, drafts, etc.," *Daniel* Plaintiffs' Second Set of Requests for Production, Request No. 2; "Documents regarding the financial impact of changes to Defendant's incentive compensation plans, including without limitation with respect to Defendant's profitability, operating costs, etc.," *Daniel* Plaintiffs' Second Set of Requests for Production, Request No. 3; "Documents regarding Defendant's policy of measuring 'Average Handle Time,' of customer service telephone calls, including without limitation documents related to the creation of those policies, internal reports or memoranda tracking 'average handle time' measurements from 2006 to present, internal reports and memoranda regarding the impact of 'average handle' time on operational cost or any other financial impact on Defendant, etc.," *Daniel* Plaintiffs' Second Set of Requests for Production, Request No. 4.

Subject to, based on, and without waiving their objections, Defendants will produce in response to this Request the Documents and Communications previously produced by Defendants in *Daniel*, subject to the limitations set forth in General Objection No. 3. Defendants will not search for, collect, or produce further documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 11:** All Documents and Communications used to train Navient employees (including, but not limited to, call center employees) with respect to providing information to borrowers, including New York Plaintiffs, on IDR Plans, FFEL Loan consolidation, or the PSLF Program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:** In addition to the above General Objections, Defendants object to this Request to the extent it is duplicative of Plaintiffs'

First Set of Requests for Production, Request No. 1.  Defendants further object to this Request on the ground that it is not limited to a time period relevant or even proximate to the Relevant Time Period.

Defendants further object to this Request to the extent it overlaps with the following document requests in *Daniel*, in response to which Defendants already produced documents in *Daniel* that they have agreed to re-produce in this Action: "All Defendant's policies and procedures related to consolidation of student loans under the Direct Loan program [relating to PSLF]," *Daniel* Plaintiffs' First Set of Requests for Production, Request No. 9; "All Defendant's policies and procedures regarding the handling of customer service phone calls related to Direct Loans [and the PSLF Program]," *Daniel* Plaintiffs' First Set of Requests for Production, Request No. 10; "All documents, including without limitation scripts, training materials, instructions, classes, etc., related to the training of Defendant's customer service employees with respect to the PSLF Program," *Daniel* Plaintiffs' First Set of Requests for Production, Request No. 11; "All documents, including without limitation scripts, training materials, instructions, classes, etc., related to the training of Defendant's customer service employees with respect to the Direct Loans [that relate to PSLF and the Direct Loan Program]," *Daniel* Plaintiffs' First Set of Requests for Production, Request No. 12; "All documents, including without limitation scripts, training materials, instructions, classes, etc., related to the training of Defendant's customer service employees with respect to the consolidation of student loans [and that relate to PSLF]," *Daniel* Plaintiffs' First Set of Requests for Production, Request No. 13; "All documents, including without limitation scripts, training materials, instructions, classes, etc., related to the training of Defendant's customer service employees with respect to the income-based repayment

-19-

plans for student loans [and that relate to PSLF]," *Daniel* Plaintiffs' First Set of Requests for Production, Request No. 14.

Subject to, based on, and without waiving their objections, Defendants will produce in response to this Request the Documents and Communications previously produced by Defendants in *Daniel*, subject to the limitations set forth in General Objection No. 3.  Defendants will not search for, collect, or produce further documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 12:**  All Documents and Communications involving Navient's federal policy group, policy and regulation interpretation group, or operational policy group (or any group(s) that perform these functions) related to the discussion of provision of information by Navient employees in response to requests made by borrowers, including New York Plaintiffs, related to IDR Plans, FFEL Loan consolidation, or the PSLF Program, as well as any operational metrics that were created, implemented or utilized in conjunction with policies created, modified or addressed by these groups.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**  In addition to the above General Objections, Defendants object to this Request as vague and ambiguous in its use of the phrases "federal policy group," "policy and regulation interpretation group," "operational policy group," "discussion of provision of information," "operational metrics," and "created, implemented or utilized in conjunction with policies created, modified or addressed." Defendants further object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case to the extent it requests "[a]ll Documents and Communications" that are "related to the discussion of provision of information by Navient employees in response to requests made by borrowers."  Defendants further object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the

case insofar as the requested materials are irrelevant to whether NSL's customer service representatives made individual, oral misrepresentations to the New York Named Class Representatives. Defendants further object to this Request on the ground that it is not limited to a time period relevant or even proximate to the Relevant Time Period.

Subject to, based on, and without waiving their objections, Defendants state that they have produced policies related to PSLF and IDR from the Knowledge Share database available to Navient customer service representatives when communicating with borrowers that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 13:** Documents sufficient to show Navient's quality control or quality assurance processes and outcomes (including, but not limited to, on a daily, monthly, quarterly, or annual basis) for performance evaluations of:

  a.  Navient departments, units, or call centers; and

  b.  Individual call center and operational employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:** In addition to the above General Objections, Defendants object to this Request as vague and ambiguous in its use of the phrases "quality control," "quality assurance processes and outcomes," "performance evaluations," "individual call center," and "operational employees." Defendants further object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case insofar as the requested materials are irrelevant to whether NSL's customer service representatives made individual, oral misrepresentations to the New York Named Class Representatives. Defendants further object to this Request on the ground that it is not limited to a time period relevant or even proximate to the Relevant Time Period.

Subject to, based on, and without waiving their objections, Defendants will conduct a reasonable search for documents sufficient to show the bases on which call center representatives at the call centers to which the New York Named Class Representatives called during the Relevant Time Period were evaluated, and will provide such documents if they can be located.

**REQUEST FOR PRODUCTION NO. 14:**  Documents sufficient to show how borrower calls, correspondence, and forms are routed (including, but not limited to, any specialty lines for the PSLF Program) within and between Navient, Student Assistance Corporation, and other Navient affiliates and entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**  In addition to the above General Objections, Defendants object to this Request as vague and ambiguous in its use of the phrase "routed."  Defendants further object to this Request to the extent it purports to require the production of documents from entities other than Defendants.  Defendants further object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case insofar as the requested materials are irrelevant to whether NSL's customer service representatives made individual, oral misrepresentations to the New York Named Class Representatives.  Defendants further object to this Request insofar as it purports to require the production of information more appropriately sought through an interrogatory or deposition testimony.  Defendants further object to this Request on the ground that it is not limited to a time period relevant or even proximate to the Relevant Time Period.

Subject to, based on, and without waiving their objections, Defendants will conduct a reasonable search for documents sufficient to show how borrower servicing calls, correspondence, and forms are routed within and between Defendants, and will provide such documents if they can be located, to the extent not already produced.

**Navient designates the following information Confidential under the Stipulated and Confidentiality Agreement and Protective Order:** ███████████████████

█████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████████

███

**REQUEST FOR PRODUCTION NO. 15:**  Documents sufficient to identify the names, roles, and most recent contact information, as well as personnel files, for Navient employees (including, but not limited to, call center employees) who provided information to the New York Named Class Representatives on IDR Plans, FFEL Loan consolidation, or the PSLF Program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**  In addition to the above General Objections, Defendants object to this Request as vague and ambiguous in its use of the phrase "provided information."  Defendants further object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case insofar as the requested "personnel files" are irrelevant to whether NSL's customer service representatives made individual, oral misrepresentations to the New York Named Class Representatives.  Defendants further object to this Request on the ground that it is not possible programmatically to determine the subject matter of calls with borrowers.  Defendants further object to this Request insofar as it purports to require the production of information more appropriately sought through an

interrogatory or deposition testimony. Defendants further object to this Request on the ground that it is not limited to a time period relevant or even proximate to the Relevant Time Period.

Subject to, based on, and without waiving their objections, Defendants will conduct a reasonable search for documents sufficient to identify the names and most recent contact information of NSL employees who, based on NSL's records, appear to have spoken with the New York Named Class Representatives, and will provide such documents if they can be located.

**REQUEST FOR PRODUCTION NO. 16:** Documents sufficient to identify the names, roles, and most recent contact information for Navient directors, officers, managers, or employees involved in creating policies and procedures related to IDR Plans, FFEL Loan consolidation, or the PSLF Program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:** In addition to the above General Objections, Defendants object to this Request as vague and ambiguous in its use of the phrases "policies" and "procedures." Defendants further object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case insofar as the requested materials are irrelevant to whether NSL's customer service representatives made individual, oral misrepresentations to the New York Named Class Representatives. Defendants further object to this Request insofar as it purports to require the production of information more appropriately sought through an interrogatory or deposition testimony. Defendants further object to this Request on the ground that it is not limited to a time period relevant or even proximate to the Relevant Time Period.

Subject to, based on, and without waiving their objections, Defendants state that they will produce in response to this Request documents sufficient to show the names and contact

information for the individuals principally involved in creating policies related to PSLF and IDR from the Knowledge Share database available to Navient customer service representatives when communicating with borrowers.

**REQUEST FOR PRODUCTION NO. 17:**  Documents sufficient to show Navient's revenue and costs associated with servicing accounts eligible for IDR Plans and the PSLF Program (including through consolidation), including costs related to answering inquiries made by borrowers, including New York Plaintiffs, by inquiry type (including, but not limited to, requests related to IDR Plans and the PSLF Program).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**  In addition to the above General Objections, Defendants object to this Request as vague and ambiguous in its use of the phrases "costs" and "inquiry type."  Defendants further object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case insofar as the requested materials are irrelevant to whether NSL's customer service representatives made individual, oral misrepresentations to the New York Named Class Representatives.  Defendants further object to this Request on the ground that it is not possible programmatically to identify "servicing accounts eligible for IDR Plans and the PSLF Program."  Defendants further object to this Request insofar as it purports to require the production of information more appropriately sought through an interrogatory or deposition testimony.  Defendants further object to this Request on the ground that it is not limited to a time period relevant or even proximate to the Relevant Time Period.

Subject to, based on, and without waiving their objections, Defendants state that they have conducted a reasonable search for, but have been unable to locate, documents sufficient to show the revenue and costs associated with servicing accounts eligible for IDR Plans and the

PSLF Program broken down by inquiry type, as requested by this Request. Defendants further state that they will produce documents sufficient to show the Department of Education's current servicing pricing schedule with Navient Corporation.

**REQUEST FOR PRODUCTION NO. 18:** Documents sufficient to show Navient's revenue and expenses (including, but not limited to, operating costs and allocated overhead) associated with servicing a:

        a. FFEL Loan account; and

        b. Direct Loan account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:** In addition to the above General Objections, Defendants object to this Request as vague and ambiguous in its use of the phrases "operating costs" and "allocated overhead." Defendants further object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case insofar as the requested materials are irrelevant to whether NSL's customer service representatives made individual, oral misrepresentations to the New York Named Class Representatives. Defendants further object to this Request to the extent it purports to require the production of information more appropriately sought through an interrogatory or deposition testimony. Defendants further object to this Request on the ground that it is not limited to a time period relevant or even proximate to the Relevant Time Period.

Subject to, based on, and without waiving their objections, Defendants will conduct a reasonable search for documents sufficient to show the Department of Education's current servicing pricing schedule with Navient Corporation, and will provide such documents if they can be located.

**REQUEST FOR PRODUCTION NO. 19:**  All Documents and Communications related to the compensation and incentive structure for Navient call center employees (including call center, operations, and management employees), including daily, monthly, quarterly, annual, or other performance goals, as well as operational service level metrics and other metrics that would be included in employee reviews regarding compensation and promotions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**  In addition to the above General Objections, Defendants object to this Request as vague and ambiguous in its use of the phrases "compensation and incentive structure," "performance goals," "operational service level metrics," "other metrics," and "employee reviews."  Defendants further object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case to the extent it requests "[a]ll Documents and Communications" that are "related to the compensation and incentive structure" for NSL's call center employees, and insofar as the requested materials are irrelevant to whether NSL's customer service representatives made individual, oral misrepresentations to the New York Named Class Representatives.  Defendants further object to this Request on the ground that it is not limited to a time period relevant or even proximate to the Relevant Time Period.

Defendants further object to this Request to the extent it overlaps with the following document requests in *Daniel*, in response to which Defendants already produced documents in *Daniel* that they have agreed to re-produce in this Action: "Documents related to Defendant's compensation structure for its customer service representatives from 2006 to present, including without limitation, all Call Center Servicing Specialist Incentive Compensation Plans," *Daniel* Plaintiffs' Second Set of Requests for Production, Request No. 1; "Documents regarding the creation and or modification of Defendant's compensation structure for its customer service

-27-

representatives from 2006 to present, including any internal memoranda, reports, drafts, etc.,"
*Daniel* Plaintiffs' Second Set of Requests for Production, Request No. 2; "Documents regarding
the financial impact of changes to Defendant's incentive compensation plans, including without
limitation with respect to Defendant's profitability, operating costs, etc.," *Daniel* Plaintiffs'
Second Set of Requests for Production, Request No. 3; "Documents regarding Defendant's
policy of measuring 'Average Handle Time,' of customer service telephone calls, including
without limitation documents related to the creation of those policies, internal reports or
memoranda tracking 'average handle time' measurements from 2006 to present, internal reports
and memoranda regarding the impact of 'average handle' time on operational cost or any other
financial impact on Defendant, etc.," *Daniel* Plaintiffs' Second Set of Requests for Production,
Request No. 4.

Subject to, based on, and without waiving their objections, Defendants will produce in
response to this Request the Documents and Communications previously produced by
Defendants in *Daniel*, subject to the limitations set forth in General Objection No. 3. Defendants
will also conduct a reasonable search for documents sufficient to show the bases on which call
center representatives at the call centers to which the New York Named Class Representatives
called during the Relevant Time Period were evaluated, and will provide such documents if they
can be located. Defendants will not search for, collect, or produce further documents in response
to this Request.

**REQUEST FOR PRODUCTION NO. 20:** All Documents and Communications
describing the actual or estimated financial impact to revenue, costs, or profits resulting from
Navient's incentive compensation plans for Navient employees, including call center employees,

directors, officers, managers, or employees involved in creating or implementing policies and procedures related to IDR Plans, FFEL Loan consolidation, or the PSLF Program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**  In addition to the above General Objections, Defendants object to this Request as vague and ambiguous in its use of the phrases "actual or estimated financial impact," "incentive compensation plans," and "policies and procedures."  Defendants further object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case to the extent it requests "[a]ll Documents and Communications," and insofar as the requested materials are irrelevant to whether NSL's customer service representatives made individual, oral misrepresentations to the New York Named Class Representatives.  Defendants further object to this Request on the ground that it is not limited to a time period relevant or even proximate to the Relevant Time Period.

Defendants further object to this Request to the extent it overlaps with the following document requests in *Daniel*, in response to which Defendants already produced documents in *Daniel* that they have agreed to re-produce in this Action: "Documents related to Defendant's compensation structure for its customer service representatives from 2006 to present, including without limitation, all Call Center Servicing Specialist Incentive Compensation Plans," *Daniel* Plaintiffs' Second Set of Requests for Production, Request No. 1; "Documents regarding the creation and or modification of Defendant's compensation structure for its customer service representatives from 2006 to present, including any internal memoranda, reports, drafts, etc.," *Daniel* Plaintiffs' Second Set of Requests for Production, Request No. 2; "Documents regarding the financial impact of changes to Defendant's incentive compensation plans, including without limitation with respect to Defendant's profitability, operating costs, etc.," *Daniel* Plaintiffs' Second Set of Requests for Production, Request No. 3; "Documents regarding Defendant's

policy of measuring 'Average Handle Time,' of customer service telephone calls, including without limitation documents related to the creation of those policies, internal reports or memoranda tracking 'average handle time' measurements from 2006 to present, internal reports and memoranda regarding the impact of 'average handle' time on operational cost or any other financial impact on Defendant, etc.," *Daniel* Plaintiffs' Second Set of Requests for Production, Request No. 4.

Subject to, based on, and without waiving their objections, Defendants will produce in response to this Request the Documents and Communications previously produced by Defendants in *Daniel*, subject to the limitations set forth in General Objection No. 3. Defendants will not search for, collect, or produce further documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 21:** All Documents and Communications concerning the Department of Education's guidance, oversight, monitoring, administration, or direction of Navient's servicing of accounts eligible for IDR Plans or the PSLF Program (including through consolidation).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:** In addition to the above General Objections, Defendants object to this Request as vague and ambiguous in its use of the phrases "actual or estimated financial impact," "incentive compensation plans," and "policies and procedures." Defendants further object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case to the extent it requests "[a]ll Documents and Communications" that concern the Department of Education's monitoring of Defendants' servicing, and insofar as the requested materials are irrelevant to whether NSL's customer service representatives made individual, oral misrepresentations to the New York Named Class Representatives. Defendants further object to this Request to the extent it is duplicative of

Plaintiffs' First Set of Requests for Production, Request No. 2. Defendants further object to this Request on the ground that it is not limited to a time period relevant or even proximate to the Relevant Time Period.

Defendants further object to this Request to the extent it overlaps with the following document requests in *Daniel*, in response to which Defendants already produced documents in *Daniel* that they have agreed to re-produce in this Action: "All documents received by Defendant from or on behalf of the United States Department of Education regarding the PSLF program," *Daniel* Plaintiffs' First Set of Requests for Production, Request No. 3; "All documents received by Defendant from or on behalf of the United States Department of Education regarding the Direct Loan program [relating to both PSLF and the Direct Loan Program]," *Daniel* Plaintiffs' First Set of Requests for Production, Request No. 4; "All documents received by Defendant from or on behalf of the United States Department of Education regarding income-based repayment plans for student loans [relating to PSLF]," *Daniel* Plaintiffs' First Set of Requests for Production, Request No. 5; "All agreements between Defendant and the United States Department of Education related to the servicing of student loans [and relate to PSLF, including the documents which refer to the PSLF and the Federal Family Education Loan Program, and/ or the Federal Perkins Loan Program]," *Daniel* Plaintiffs' First Set of Requests for Production, Request No. 6.

Subject to, based on, and without waiving their objections, Defendants will produce in response to this Request the Documents and Communications previously produced by Defendants in *Daniel*, subject to the limitations set forth in General Objection No. 3. Defendants will not search for, collect, or produce further documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 22:**  All Documents and Communications concerning Navient's servicing of accounts eligible for IDR Plans or the PSLF Program (including through consolidation), related to either:

      a.  Internal audits, evaluations, or assessments of complaints by borrowers, including New York Plaintiffs, or Navient employees; or

      b.  External audits, evaluations, or assessments of complaints by state or federal government agencies (including, but not limited to, the CFPB).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**  In addition to the above General Objections, Defendants object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it purports to require the production of documents for individuals other than the New York Named Class Representatives. Defendants further object to this Request as vague and ambiguous because the term "New York Plaintiffs"—which incorporates the definition of "New York Unnamed Class Members"—refers to an unascertainable set of persons.  Defendants further object to this Request as vague and ambiguous in its use of the phrases "internal audits," "evaluations," "assessments," "complaints," or "[e]xternal audits."  Defendants further object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case to the extent it requests "[a]ll Documents and Communications" that "concern[] Navient's servicing" of certain accounts, and insofar as the requested materials are irrelevant to whether NSL's customer service representatives made individual, oral misrepresentations to the New York Named Class Representatives.  Defendants further object to this Request to the extent it purports to require the production of Documents and information that would violate the privacy rights of borrowers who are not parties to this Action and/or cannot be produced without the consent of the borrowers or a

court order.  Defendants further object to this Request on the ground that it is not possible programmatically to identify "accounts eligible for IDR Plans and the PSLF Program." Defendants further object to this Request on the ground that it is not limited to a time period relevant or even proximate to the Relevant Time Period.

Defendants further object to this Request to the extent it overlaps with the following document requests in *Daniel*, in response to which Defendants already produced documents in *Daniel* that they have agreed to re-produce in this Action: "All documents related to any complaints or grievances made by or on behalf of borrowers against Defendant relating to or involving the PSLF program," *Daniel* Plaintiffs' First Set of Requests, Request 18.

Subject to, based on, and without waiving their objections, Defendants will produce in response to this Request the Documents and Communications previously produced by Defendants in *Daniel*, subject to the limitations set forth in General Objection No. 3; and will conduct a reasonable search for (1) internal audits, evaluations, or assessments of complaints made by the New York Named Class Representatives, and (2) external audits, evaluations, or assessments by state or federal government agencies of borrower complaints relating to IDR or the PSLF Program during the Relevant Time Period, and will produce any such documents identified in that search, to the extent not already produced.

**REQUEST FOR PRODUCTION NO. 23:**  Documents, including any data dictionaries, sufficient to show any codes, acronyms, or terms of art used by Navient in Documents and Communications responsive to the foregoing Requests and the requests set forth in the First Set of Requests for Production served upon Navient on December 12, 2018, including, but not limited to, the codes contained in the documents entitled "Correspondence History."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**  In addition to the above General Objections, Defendants object to this Request as vague and ambiguous in its use of the phrases "data dictionaries," "codes," "acronyms," and "terms of art."  Defendants further object to this Request as overbroad and unduly burdensome to the extent it requests data dictionaries for "any codes, acronyms, or terms of art" used in any of the Documents and Communications responsive to Plaintiffs' First Set of Requests for Production.

Subject to, based on, and without waiving their objections, Defendants will conduct a reasonable search for documents sufficient to show the codes used in the documents previously produced by Defendants entitled "Correspondence History," and will provide such documents if they can be located.  Defendants are willing to meet and confer about a request that is tailored to other, specific documents for which Plaintiffs seek explanations of codes.

**REQUEST FOR PRODUCTION NO. 24:**  Documents sufficient to show Navient's document preservation and destruction policies in effect during the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**  In addition to the above General Objections, Defendants object to this Request as vague and ambiguous in its use of the phrase "document preservation and destruction policies."  Defendants further object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case insofar as the requested materials are irrelevant to whether NSL's customer service representatives made individual, oral misrepresentations to the New York Named Class Representatives, and to the extent it requests the "document preservation and destruction policies" for all of Defendants' documents regardless of type or subject matter.

Subject to, based on, and without waiving their objections, Defendants will conduct a reasonable search for documents sufficient to show NSL's retention policies related to call

recordings and borrower account documents during the Relevant Time Period, and will provide

such documents if they can be located.

Dated: September 9, 2019                      Respectfully submitted,

                                             COVINGTON & BURLING LLP

                                             By:    s/ Ashley Simonsen
                                                    Ashley Simonsen

                                             1999 Avenue of the Stars
                                             Los Angeles, CA 90067-4643
                                             asimonsen@cov.com
                                             Tel.: (424) 332-4800

                                             Andrew A. Ruffino
                                             Alexander Setzepfandt
                                             The New York Times Building
                                             620 Eighth Avenue
                                             New York, NY 10018-1405
                                             aruffino@cov.com
                                             asetzepfandt@cov.com
                                             Tel.: (212) 841-1000

                                             *Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KATHRYN HYLAND, MELISSA GARCIA, ELDON R. GAEDE, JESSICA SAINT-PAUL, REBECCA SPITLER-LAWSON, MICHELLE MEANS, ELIZABETH KAPLAN, JENNIFER GUTH, and MEGAN NOCERINO, individually and on behalf of all others similarly situated, | ECF Case |
| Plaintiffs, | Case No. 18-CV-09031 (DLC) |
| | **PROOF OF SERVICE** |
| v. | |
| NAVIENT CORPORATION and NAVIENT SOLUTIONS, LLC, | |
| Defendants. | |

I, **Anna Miyaji**, declare:

I am employed in the County of New York, State of New York. I am over the age of 18 and not a party to this action. My business address is Covington & Burling LLP, The New York Times Building, 620 Eighth Avenue, New York, NY 10009-1405.

On September 9, 2019, I served the foregoing document by U.S. Mail and described as:

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

on the following person(s) addressed as follows:

Margaret Marie England
Selendy & Gay PLLC
1290 Avenue of the Americas, 17th Floor
New York, NY 10104

Maria Ginzburg
Selendy & Gay PLLC
1290 Avenue of The Americas, 17th Floor
New York, NY 10104

-2-

Yelena Konanova
Selendy & Gay PLLC
1290 Avenue of The Americas, 17th Floor
New York, NY 10104

Faith E. Gay
Selendy & Gay PLLC
1290 Avenue of the Americas, 17th Floor
New York, NY 10104

Mark Richard
PHILLIPS, RICHARD & RIND, P.A.
9360 SW 72 Street, Suite 283
Miami, Florida 33173

*Attorneys for Plaintiffs*

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of September 2019.

Anna Miyaji

-2-