# COVINGTON

**By ECF**                                                                                                                October 16, 2019

Honorable Denise L. Cote
United States District Judge

      Re:  *Hyland v. Navient Corporation*, Case No. 1:18-cv-09031 (DLC)

Dear Judge Cote:

      I write on behalf of Navient in response to plaintiffs' letter-motion to compel (ECF 72).

      Navient has undertaken extensive efforts and incurred significant expense providing discovery to plaintiffs.  Since February, Navient has made 15 separate productions including about 700,000 pages of documents covering a broad range of subjects relevant or potentially relevant to the issues in this case.  These materials include: (a) recordings of calls with the New York named plaintiffs; (b) their loan servicing files; (c) Navient's servicing contracts with the Department of Education ("ED") and change orders relating to Income-Driven Repayment ("IDR") and Public Service Loan Forgiveness ("PSLF"); and (d) policies related to PSLF and IDR from the database used by customer service reps when communicating with borrowers.

      Navient has also produced documents it previously produced in *Daniel*, a class action that involves strikingly similar issues and claims, and was vigorously litigated through class certification and summary judgment.  The *Daniel* documents include: (a) call center rep training materials addressing the loan servicing policies at issue here; (b) ED documents relating to those policies; (c) forms sent to borrowers interested in applying for PSLF; (d) non-party borrowers' complaints relating to PSLF; (e) extensive documentation relating to compensation for Navient customer service reps; and (f) documents relating to Average Handle Time for borrower calls.

      Finally, in response to plaintiffs' supplemental requests here, Navient has produced (a) the names of the call center reps who spoke to the New York named plaintiffs, (b) the names of the individuals involved with updating relevant policies, (c) call center rep evaluation forms, (d) internal and external audits relating to PSLF and IDR, (e) the pricing schedule for Navient's ED servicing contract, (f) documents showing how borrower correspondence is routed, (g) data dictionaries, (h) information about Navient's call recording software, and (i) retention policies.

      These production efforts are more than adequate, particularly given the Court's guidance that discovery should be "targeted and focused" on "some core document discovery" and "a couple quick depositions" "with as little additional litigation expense as possible."  7/26/19 Conference, Tr. at 2, 6, 19.  The Court directed that discovery should proceed on plaintiffs' sole remaining New York General Business Law claim "and nothing else."  *Id.* at 14.  This claim is limited to and requires proof of individual, oral misstatements to the three New York named plaintiffs.  *Id.* at 19-20 ("[T]his GBL claim … must focus on the particular conversation with an individual borrower.").  Plaintiffs' application goes way beyond this and should be denied.

      *First*, plaintiffs are not entitled to *CFPB* deposition transcripts because that case has limited overlap with *Hyland*.  Issues in *CFPB* not relevant here include dealings with credit reporting agencies, whether loan payments were processed correctly, and the rehabilitation of defaulted loans.  To the extent *CFPB* overlaps with *Hyland*, it also has overlap with *Daniel*, and Navient has already produced the *Daniel* deposition transcripts.  Plaintiffs point to the CFPB's allegation that Navient (i) "steered [IDR]-eligible borrowers into forbearance to keep costs down by minimizing call length" and (ii) "misrepresented the suitability of certain repayment options," Pl. Ltr. at 1, but the *Daniel* production contains documents touching on these very issues.  Navient has also already produced documents relating to "consumer complaints," as plaintiffs

seek.  Pl. Ltr. at 1.  Regardless, plaintiffs never explain how these issues or the *CFPB* deposition transcripts are relevant to the narrow issue remaining in *Hyland*: whether Navient made misstatements *to the New York named plaintiffs*.

*Second*, Navient should not be required to undertake further burdensome collections.  A party responding to discovery is "best situated to evaluate the procedures, methodologies, and technologies appropriate for … producing their own electronically stored information."  *Mortg. Resolution Svcg., LLC v. JPMorgan Chase Bank, N.A.*, 2017 WL 2305398, at *2 (S.D.N.Y. May 18, 2017).  Navient's selection of the appropriate custodians, search terms, and targeted non-custodial collections to conduct a proportionate and reasonably diligent search is entitled to deference unless plaintiffs demonstrate that Navient's chosen procedures are inadequate.  *See, e.g.*, *Lauris v. Novartis AG*, 2016 WL 7178602, at *4-*5 (E.D. Cal. Dec. 8, 2016) (refusing to expand discovery where plaintiffs failed to show "that the discovery plan proposed by Defendants would not produce responsive documents"); *Enslin v. Coca-Cola Co.*, 2016 WL 7042206, at *3 (E.D. Pa. June 8, 2016) (recognizing that "the burden appropriately lies with the requesting party to show that the responding party's search was inadequate").  Here, plaintiffs' narrow focus on the *Daniel* search terms completely overlooks that Navient undertook extensive targeted collections involving employees locating relevant materials based on first-hand knowledge of where they could be found.  Far from identifying any deficiencies in Navient's production, plaintiffs concede they have received documents they consider responsive, claiming that "even the limited emails Navient has produced so far" supposedly support their theory of the case.  Pl. Ltr. at 2.  And plaintiffs again fail to explain how their proposed searches would yield documents bearing on their sole remaining claim for alleged oral misrepresentations.

Nor do plaintiffs "attempt to distinguish … [Navient's] currently designated custodians from [plaintiffs'] proposed custodians nor suggest what unique information the proposed custodians might possess."  *Fort Worth Emps.' Ret. Fund v. JP Morgan Chase & Co.*, 297 F.R.D. 99, 106-107 (S.D.N.Y. 2013); *see Lauris*, 2016 WL 7178602, at *4-*5.  The mere fact that "a person may have had some connection to the events in question does not automatically mean that [they] must be included as an ESI custodian."  *Enslin*, 2016 WL 7042206, at *3.

Even assuming *arguendo* that additional responsive documents may exist, "[a] litigant does not have to examine every document in its voluminous files to comply with discovery obligations."  *Lauris*, 2016 WL 7178602, at *4.  "Defined search strategies are even more appropriate in cases involving electronic data, where the number of documents may be exponentially greater."  *Id.*  Where, as here, the requested additional discovery is disproportionate to the needs of the case, it is properly rejected.  *See id.* at *5.

*Third*, plaintiffs' request for a sample of New York borrower call recordings should be denied.  These recordings are not reasonably relevant to proving either (1) that Navient made oral misrepresentations to *the New York named plaintiffs* or (2) that common proof exists showing that Navient made uniform misrepresentations to New York borrowers.  If any proof existed for these allegations, it would be contained in documents Navient has already produced: recordings of conversations with the New York named plaintiffs and the materials on which Navient's customer service reps rely when speaking to customers.  In any event, plaintiffs are wrong that such a sample would be "easy to collect and targeted": retrieving borrower call recordings is an extremely labor-intensive, manual process, and the burdens of that process would far outweigh any limited arguable relevance of the recordings.

Pursuant to Your Honor's instructions, we conferred with plaintiffs' counsel on Tuesday afternoon about these issues, but the parties were not able to narrow the areas of disagreement.

Respectfully submitted,

s/ Ashley Simonsen