# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
| --- | --- |
| KATHRYN HYLAND, MELISSA GARCIA, ELIZABETH TAYLOR, JESSICA SAINT-PAUL, REBECCA SPITLER-LAWSON, MICHELLE MEANS, ELIZABETH KAPLAN, JENNIFER GUTH, MEGAN NOCERINO, and ANTHONY CHURCH individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>NAVIENT CORPORATION and NAVIENT SOLUTIONS, LLC,<br><br>                    Defendants. | No. 18-cv-9031-DLC-BLM |

**[PROPOSED]**
**PRELIMINARY APPROVAL ORDER**

**WHEREAS**, Plaintiffs Kathryn Hyland, Melissa Garcia, Elizabeth Taylor, Jessica Saint-Paul, Rebecca Spitler-Lawson, Michelle Means, Elizabeth Kaplan, Jennifer Guth, Megan Nocerino, and Anthony Church (the "Plaintiffs" or "Class Representatives," and collectively with the other members of the Settlement Class, the "Settlement Class") entered into a Memorandum of Understanding ("MOU") with Defendants Navient Solutions, LLC and Navient Corporation (collectively, the "Defendants"), on January 23, 2020 to resolve the claims in the above-captioned class action lawsuit (the "Litigation");

**WHEREAS**, Plaintiffs entered into a Settlement Agreement and Release (the "Settlement Agreement")[1] with the Defendants on April 24, 2020, which memorializes the terms of their settlement;

**WHEREAS**, Plaintiffs have filed an Unopposed Motion for Preliminary Approval of the Settlement Agreement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs as Class Representatives and Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notice of Settlement (the "Motion"); and

**WHEREAS**, the Court, having read and considered the Settlement Agreement and its exhibits, the Motion and its accompanying memorandum of law, the pleadings, and all other papers filed in this Litigation, hereby finds that the Motion should be **GRANTED**.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**<u>PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT</u>**

1.      The Settlement Agreement, including the releases contained therein, is preliminarily approved—subject to final Court approval following the Final Approval Hearing—as being fair, reasonable, and adequate under Federal Rules of Civil Procedure 23(b)(2) and 23(e).

2.      The Court further approves the Cy Pres Recipient, described in Section V.C of the Settlement Agreement, to launch the PSLF Project, as set forth in the Term Sheet for Cy Pres Recipient and PSLF Project Proposal attached as Exhibit 1-E to the Settlement Agreement.

3.      The Court finds that the Settlement Agreement was entered into at arm's length by experienced counsel, including after an in-person mediation supervised by the Honorable Barbara C. Moses, United States Magistrate Judge of the United States District Court for the Southern

---

[1] All terms not defined herein have the meaning ascribed to them in the Settlement Agreement.

District of New York, and is sufficiently within the range of reasonableness such that notice of the

Settlement Agreement should be given to the Settlement Class Members as provided in this Order.

**<u>CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, AND
APPOINTMENT OF PLAINTIFFS AS CLASS REPRESENTATIVES AND
PLAINTIFFS' COUNSEL AS CLASS COUNSEL</u>**

4.      The Settlement Class described herein is conditionally certified—subject to final

Court approval following the Final Approval Hearing—pursuant to Federal Rules of Civil

Procedure 23(b)(2) and 23(e):

> All individuals who, at any point from October 1, 2007 to the Effective Date (i) have or had Federal Family Education Loans ("<u>FFEL</u>") or Direct Loans serviced by Navient; (ii) are or were employed full-time by a qualifying public service employer or employers for purposes of PSLF; and (iii) spoke to a Navient customer service representative about subjects relating to eligibility for PSLF.

5.      The Class Representatives are appointed as representatives of the Settlement Class.

6.      The following attorneys are appointed to act as Class Counsel:

| | |
|---|---|
| Faith Gay | Mark Richard |
| Maria Ginzburg | PHILLIPS, RICHARD & RIND, P.A. |
| Lena Konanova | 9360 SW 72 Street, Suite 283 |
| Margaret Siller | Miami, FL 33173 |
| SELENDY & GAY PLLC | Telephone: 305-412-8322 |
| 1290 Avenue of the Americas | E-mail: |
| New York, NY  10104 | mrichard@phillipsrichard.com |
| Tel: 212-390-9000 | (admitted *pro hac vice*) |
| E-mail: | |
| fgay@selendygay.com | |
| mginzburg@selendygay.com | |
| lkonanova@selendygay.com | |
| msiller@selendygay.com | |

7.      Rust Consulting is appointed as Settlement Administrator.

8.      Pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, the Court finds, for

purposes of preliminary approval and for settlement purposes only, that: (a) the Settlement Class

Members are so numerous as to make joinder of all the Settlement Class Members impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class Members; and (d) the Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class Members.

9.      The Court further finds, for purposes of preliminary approval and for settlement purposes only, that Defendants are alleged to have acted or refused to act on grounds that apply generally to the Settlement Class, and that Settlement Class certification is accordingly proper under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

10.      Pursuant to Rule 23(e)(1)(B), the Court finds that the proposed Settlement Agreement is within the range of possible approval to warrant providing notice to the Settlement Class and to hold a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement.

## NOTICE TO SETTLEMENT CLASS MEMBERS

11.      The Court has reviewed and approves the form, substance, and requirements of the (a) Short-Form Notice and (b) Long-Form Notice, the content of which is without material alteration from Exhibits 1-B and 1-C respectively to the Settlement Agreement.

12.      The Notice Plan set forth in Section VI of the Settlement Agreement is also preliminarily approved.

13.      The Court finds that the proposed Notice Plan (i) is appropriate and reasonable, and constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice, (ii) fairly and adequately describes the terms and effects of the Settlement Agreement, (iii) fairly and adequately describes the date by which Settlement Class Counsel must file the Motion For Final Approval, and Motion for Award of Attorneys' Fees and Expenses, (iv) fairly and adequately

4

describes the method and date by which any member of the Settlement Class may object to or comment upon the Settlement Agreement, (v) sets a date by which Class Counsel may respond to any objections to the Settlement Agreement, (vi) provides notice to the Settlement Class of the time and place of the Final Approval Hearing, and (vii) constitutes appropriate and reasonable notice under the circumstances and otherwise meets all requirements of applicable law.

14. The Court orders the Settlement Administrator to file proof of publication of the Short-Form Notice, proof of dissemination of the Long-Form Notice, and proof of maintenance of the Class Settlement Website and Toll-Free Number at or before the Final Approval Hearing.

**MOTION FOR FINAL APPROVAL AND OBJECTIONS TO THE SETTLEMENT**

15. The Court orders that Class Counsel shall file a Motion for Final Approval of the Settlement, and their applications for a Fee Award and Incentive Awards for the Class Representatives on or before _____, 2020.

16. The Court orders that any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, Fee Award, or Incentive Awards must file with the Court and serve on Class Counsel, Navient's counsel, and the Settlement Administrator on or before _____, 2020 [*consistent with the Settlement Agreement at Section VII.2, we request this date be no later than 21 days before the Final Approval Hearing*], or as the Court may otherwise direct, a statement of the objection signed by the objecting Person containing all the following information:

      a.    The name of the Litigation;

      b.    The Settlement Class Member's full name, address and telephone number;

      c.    Information demonstrating that the Settlement Class Member is a member of the Settlement Class;

      d.    A detailed statement of the Settlement Class Member's objection(s), as well as the specific reasons, if any, for each objection, including any legal

authority the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of his/her objection(s);

e.    The number of class actions in which the Settlement Class Member or his or her counsel have filed an objection in the last three (3) years; and

f.    The Settlement Class Member's signature.

17.    Any response to an objection must be filed with the Court by _____, 2020 [*we request this date be no later than 7 days before the Final Approval Hearing*].

18.    The Court orders that any Settlement Class Member who fails to file and serve timely a written objection to the Settlement Agreement, the Fee Award, or the Incentive Awards, or who fails to otherwise comply with the requirements of Paragraph 16 of this Order, shall be foreclosed from seeking any adjudication or review of the Settlement Agreement, the Fee Award, or the Incentive Awards by appeal or otherwise.

19.    The Court orders that any attorney hired by a Settlement Class Member for the purpose of objecting to the Settlement Agreement, the Fee Award, or the Incentive Awards will be at the expense of that Settlement Class Member.

20.    The Court orders that any Settlement Class Member, or any attorney hired by that Settlement Class Member for the purpose of objecting to the Settlement Agreement, the Fee Award, or the Incentive Awards, who intends to make an appearance at the Final Approval Hearing must provide to Class Counsel and Navient's counsel, and must file with the Clerk of the Court, a notice of intention to appear no later than _____, 2020 [*consistent with the Settlement Agreement at Section VII.3, we request this date be no later than 21 days before the Final Approval Hearing*] or as the Court may otherwise direct.

6

### FINAL APPROVAL HEARING AND STAY PENDING SAME

21.     The Court orders that a Final Approval Hearing shall be held on _____, 2020 at _____, before the undersigned to consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court pursuant to a final approval order and judgment.

22.     The Court reserves the right to adjourn or continue the Final Approval Hearing, or any further adjournment or continuance thereof, without further notice other than announcement at the Final Approval Hearing or at any adjournment or continuance thereof, and to approve the Settlement with modifications, if any, consented to by the counsel for the Parties without further notice.

23.     The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

24.     Pending the Final Approval Hearing, all proceedings in this Litigation other than those necessary to carry out and enforce the terms and conditions of the Settlement Agreement and this Order, are stayed.  Additionally, the Court enjoins all Settlement Class Members from asserting or maintaining any claims to be released by the Settlement Agreement until the date of the Final Approval Hearing.

25.     To summarize, the relevant dates for proceedings leading to the Final Approval Hearing are as follows:

       a.      _____, 2020: Motion for Final Approval of the Settlement

       b.      _____, 2020: Class Counsel's Application for a Fee Award and Incentive Awards for Class Representatives;

       c.      _____, 2020: Objection(s) due;

       d.      _____, 2020: Notice(s) of intention to appear due;

   e.  _____, 2020: Responses to objection(s) due; and

   f.  _____, 2020: Final Approval Hearing.

**IT IS SO ORDERED.**


This ___ day of _____, 2020  By: _____

                 Hon. Denise L. Cote
                 United States District Court Judge

8