# Exhibit B

**Long-Form Notice – *Hyland v. Navient***

Legal Notice

*Una versión en español de este aviso está disponible en www.PSLFSettlement.com.*

# IF YOU ARE A BORROWER OF FEDERAL STUDENT LOANS THAT ARE OR WERE SERVICED BY NAVIENT SOLUTIONS, LLC AND ARE A PUBLIC SERVICE EMPLOYEE, A PROPOSED CLASS ACTION MAY AFFECT YOUR RIGHTS

*A federal court authorized this notice.*
*This is not a solicitation from a lawyer.*
*You are not being sued.*

There is a proposed settlement in a class action lawsuit, *Hyland, et al. v. Navient Corp., et al*., Case No. 18 Civ. 9031, in the United States District Court for the Southern District of New York.

**The proposed settlement affects a "class," or group, of people that may include you. If you are a class member, your legal rights may be affected by the proposed settlement even if you do nothing.**

**The class includes all individuals who from October 1, 2007 to the "Effective Date"[1] of the Settlement (i) have or had Federal Family Education Loan Program ("FFEL") or Direct Loans serviced by Navient; (ii) are or were employed full-time by a qualifying public service employer or employers for purposes of Public Service Loan Forgiveness ("PSLF"); and (iii) spoke to a Navient customer service representative about subjects relating to eligibility for PSLF.**

Your rights and options, and the deadlines for exercising them, are explained in this notice. Please read this entire notice carefully.

**[This space is intentionally left blank.  Please proceed to the next page.]**

---

[1] "Effective Date" means the first date after either (i) the time to appeal the Final Approval Order and Final Judgment has expired with no appeal having been filed or (ii) the Final Approval Order and Final Judgment is affirmed on appeal by a reviewing court and is no longer reviewable by any court.

*IF YOU HAVE QUESTIONS, CALL 1-877-906-1589 OR VISIT www.PSLFSettlement.com.*

**Long-Form Notice – *Hyland v. Navient***

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS PROPOSED SETTLEMENT | | |
|---|---|---|
| **Object** | Write to the Court about why you don't like the proposed settlement (see Question 14 for more information). | Your objection must be mailed and postmarked no later than [Month, Date] 2020. |
| **Participate in a hearing** | Write to ask to speak in Court about the fairness of the proposed settlement (see Question 14 for more information). | Your written request must be mailed and postmarked no later than [Month, Date] 2020. |
| **Do nothing** | If the Settlement is finally approved, you will not be able to sue the Defendants for non-monetary (i.e., injunctive) relief or for monetary relief on a class or aggregate basis. But if you believe you suffered monetary damages as a result of Defendants' conduct you may bring a lawsuit at your own expense to pursue that claim on an individual basis (see Question 18 for more information). | No further action required. |

**[This space is intentionally left blank.  Please proceed to the next page.]**

*IF YOU HAVE QUESTIONS, CALL 1-877-906-1589 OR VISIT www.PSLFSettlement.com.*

**Long-Form Notice –** *Hyland v. Navient*

## WHAT IS INCLUDED IN THIS NOTICE

BASIC INFORMATION ............................................................................................. 4

    1.   Why am I receiving this Notice? ................................................................. 4

    2.   What is this lawsuit about? ......................................................................... 4

    3.   Why is this a class action? ......................................................................... 4

    4.   Why is there a proposed settlement? .......................................................... 5

    5.   How do I know if I am part of the proposed settlement? ............................ 5

    6.   Are there exceptions to being included? ..................................................... 5

    7.   What if I am not sure whether I am included in the proposed settlement? ......................... 5

BENEFITS OF THE PROPOSED SETTLEMENT ................................................... 6

    8.   What benefits does the proposed settlement provide? ................................ 6

    9.   When will the proposed settlement go into effect? ..................................... 7

    10.   How does the proposed settlement affect my rights? ................................. 7

    11.   Can I choose not to be in the proposed settlement? ................................... 8

THE LAWYERS REPRESENTING YOU ................................................................. 8

    12.   Do I have a lawyer in this case? ................................................................. 8

    13.   How will the lawyers be paid? What will the class representatives receive? ................. 8

OBJECTING TO THE PROPOSED SETTLEMENT ................................................ 8

    14.   How do I tell the Court if I don't agree with the proposed settlement? ......................... 8

THE COURT'S FINAL APPROVAL HEARING ..................................................... 10

    15.   When will the Court decide whether to finally approve the proposed settlement? ........ 10

    16.   Do I have to participate in the hearing? ................................................... 10

    17.   May I speak at the hearing? ...................................................................... 11

IF YOU DO NOTHING ........................................................................................... 11

    18.   What happens if I do nothing at all? ......................................................... 11

GETTING MORE INFORMATION ......................................................................... 11

    19.   How do I get more information? ............................................................... 11

*IF YOU HAVE QUESTIONS, CALL 1-877-906-1589 OR VISIT www.PSLFSettlement.com.*

<u>Long-Form Notice – *Hyland v. Navient*</u>

# BASIC INFORMATION

### 1.  Why am I receiving this Notice?

You are receiving this Notice because you may be a class member, as defined below.

The purpose of this notice is to inform you about the proposed settlement and your rights, if you are a class member. Before any final judgment is entered, the Court will have a hearing to decide whether to approve the Settlement. This notice is only a summary of the proposed settlement. More details about the proposed settlement, the date when appeals are no longer allowed and the settlement is final, deadlines for certain actions, and your options are available in a longer document called the Settlement Agreement. You can get a copy of the Settlement Agreement and all other relevant documents by visiting the class settlement website at www.PSLFSettlement.com. If the proposed settlement is finally approved, it is expected that at least some members of the class will benefit from the relief provided by the proposed settlement. Once the proposed settlement is final, if you are a class member, then you will also be bound by the release and other provisions of the proposed settlement.

The lawsuit is known as *Hyland, et al. v. Navient Corp., et al.,* Case No. 18 Civ. 9031. Judge Denise Cote of the United States District Court for the Southern District of New York is overseeing the case. The people who sued are called "Plaintiffs," and Navient Solutions, LLC and Navient Corporation ("Navient"), the companies that they sued, are called the "Defendants."

### 2.  What is this lawsuit about?

In this lawsuit, Plaintiffs claim that Navient misled federal student loan recipients who are or were employed by qualifying public employers concerning their eligibility to benefit from the federal program of public service loan forgiveness, which is called "PSLF."  Navient denies that it did anything wrong.

Plaintiffs filed this lawsuit on October 3, 2018. On July 8, 2019, the Court dismissed all of Plaintiffs' claims except one. The surviving claim alleges violation of a New York law prohibiting deceptive business practices in the State of New York, and is available to residents of New York State.

The Court did not decide that either side was right or wrong. Instead, both sides agreed to the proposed settlement to resolve the case.

### 3.  Why is this a class action?

Class actions try to bring similar claims in one case and in one court. In a class action, the individuals who bring the case are called "class representatives" or "named plaintiffs." They have their names listed in the title of the case. They sue on behalf of people who have similar claims— called the "class" or "class members"—which in this case may include you. The class representatives filed this case as a proposed class action. When the parties reached this proposed

*IF YOU HAVE QUESTIONS, CALL 1-877-906-1589 OR VISIT www.PSLFSettlement.com.*

<u>Long-Form Notice – *Hyland v. Navient*</u>

settlement, the Court had expressed skepticism about whether the claims for damages in this case could be litigated as a class action but had not yet decided that issue.

As part of the proposed settlement, Defendants agreed to allow this case to be treated as a class action under Federal Rule of Civil Procedure 23(b)(2), for settlement purposes only. The Court preliminarily certified a class action, for settlement purposes only, under Rule 23(b)(2). Rule 23(b)(2) generally applies to class actions seeking injunctive relief (and not damages) to benefit class members. If the proposed settlement is not finally approved, then the Court will later determine if the case may still proceed as a class action.

### 4.  Why is there a proposed settlement?

The Court has not decided which side is right or wrong in this case. Instead, both Plaintiffs and Defendants agreed to a settlement to eliminate uncertainty and to avoid the costs and risks of a lengthy trial and appeals process.

To settle this case, the Plaintiffs and Defendants participated in negotiations with each other that included, at certain points, mediation before Magistrate Judge Barbara Moses of the United States District Court for the Southern District of New York. These discussions took place from approximately October 2019 through January 2020. The negotiations were difficult and contentious. The class representatives and the lawyers representing the class think the proposed settlement is best for all class members. The Court overseeing this lawsuit has granted preliminary approval of this proposed settlement and ordered that this notice be published to explain it.

### 5.  How do I know if I am part of the proposed settlement?

Your legal rights may be affected if you are a class member. You are a class member if, since October 1, 2007 to the Effective Date, you (i) have or had FFEL or Direct Loans serviced by Navient; (ii) are or were employed full-time by a qualifying public service employer or employers for purposes of PSLF; and (iii) spoke to a Navient customer service representative about subjects relating to eligibility for PSLF.

Plaintiffs' lawyers estimate that the class comprises up to 324,900 people.

### 6.  Are there exceptions to being included?

Yes.  Excluded from being class members are (i) Navient, its parents, subsidiaries, successors, affiliates, officers, and directors; (ii) the judge(s) to whom the litigation is assigned and any member of the judges' immediate families; and (iii) persons who may already have settled with and released Navient from individual claims substantially similar to those alleged in this case.

### 7.  What if I am not sure whether I am included in the proposed settlement?

If you are still not sure whether you are included in the class, you can call toll-free 1-877-906-1589 for more information.  You can also visit www.PSLFSettlement.com to learn more about and access documents related to the settlement, such as the Settlement Agreement and the Court's order preliminarily approving the settlement.

*IF YOU HAVE QUESTIONS, CALL 1-877-906-1589 OR VISIT www.PSLFSettlement.com.*

<u>Long-Form Notice – *Hyland v. Navient*</u>

# BENEFITS OF THE PROPOSED SETTLEMENT

**8.  What benefits does the proposed settlement provide?**

Under the Settlement Agreement, Navient has agreed at its expense to design, implement, and maintain specific, substantial procedures to enhance its PSLF-related practices. All class members are entitled to receive the benefit of these valuable business practice enhancements.

Specifically, Navient will:

- Enhance internal resources for call center representatives, including by updating job aids and call flow procedures, and implementing new procedures requiring customer service representatives to listen for keywords or phrases indicating PSLF eligibility and to ask leading questions regarding employment by qualifying employers.

- Update forms that are sent to borrowers when they consent to loan forbearance such that the forms include a reminder that there may be loan forgiveness options available and to direct borrowers to the Federal Student Aid website and FedLoan Servicing to learn more about PSLF.

- Design new electronic forms that can be sent via e-mail to borrowers who express interest in PSLF.

- Update its website and chat communications with borrowers, including by maintaining direct links to access the National Student Loan Data System (which contains authoritative information from the federal government concerning the PSLF program) on Navient's website and ensuring that webchat conversations include leading questions asked of borrowers who possibly may be PSLF-eligible.

- Maintain training and monitoring of call center representatives by providing education on the new practice enhancements and regularly monitoring sample calls to ensure compliance with new policies and procedures.

Navient will also contribute $1.75 million to a newly formed non-profit organization called [name of new non-profit] for education and student loan counseling to public service borrowers.

Judge Cote will retain jurisdiction for purposes of enforcing the terms of the proposed settlement. The specific terms of the business practice enhancements are listed in Section V.B of the Settlement Agreement, a copy of which is available at www.PSLFSettlement.com.

Defendants have agreed to pay a total of $2.4 million consisting of (a) a $1.75 million contribution to the [name of new non-profit]; (b) up to $500,000 to Plaintiffs' lawyers for their attorneys' fees; and (c) $15,000 to each class representative as service awards.  In addition, Defendants have agreed

*IF YOU HAVE QUESTIONS, CALL 1-877-906-1589 OR VISIT www.PSLFSettlement.com.*

<u>**Long-Form Notice –** *Hyland v. Navient*</u>

to pay costs associated with publishing this notice, adopting business practice enhancements, and administering the settlement.

No class members will have to pay or buy anything to benefit from the business practice enhancements provided by the settlement.

**9.    When will the proposed settlement go into effect?**

The Court will hold a final approval hearing on [DATE], to decide whether to approve the proposed settlement. Even if the Court approves the proposed settlement, there could be appeals. The time for an appeal varies and could take more than a year.

The Effective Date is the date when all appeals are completed or expired, and the proposed settlement becomes final. You can visit the class settlement website at www.PSLFSettlement.com, after [DATE], to check on the progress of the Court-approval process and the Effective Date. Please be patient.

The proposed settlement will go into effect on the Effective Date, at which time claims covered by the proposed settlement will be released under the Settlement Agreement. The business practice enhancements will remain in effect for at least three years. During that time, the Court will retain jurisdiction in order to enforce the terms of the Settlement Agreement.

**10. How does the proposed settlement affect my rights?**

If the proposed settlement is finally approved by the Court, then you will be giving up the right to file a lawsuit against Defendants for money damages in a future class action or on an aggregate basis relating to any claims covered by this Settlement. You will also be giving up the right to file a lawsuit against Defendants for non-monetary relief relating to claims covered by this Settlement. This is called "releasing" your claims. This means you cannot seek, or continue to seek, (1) relief in a future class action or on an aggregate basis, or (2) non-monetary relief based on any of the Defendants' alleged violations of law including, but not limited to, allegedly misrepresenting to you how to obtain PSLF relief, allegedly misrepresenting or failing to inform you that you were eligible for PSLF relief, or allegedly "steering" you toward forbearance or other loan forgiveness programs without informing you of possible PSLF relief. You will be giving up all such claims, whether or not you know about them.

However, you will still have the right to file an individual lawsuit against Navient for actual money damages that you claim resulted from similar conduct. You may retain your own attorney at your own expense if you wish to file a lawsuit; class counsel will not represent you. Navient will have the right to deny that it is liable for damages. The precise terms of the release are explained in the Settlement    Agreement,    which    you    can    view    on    the    Settlement    website, www.PSLFSettlement.com.

The Court's decisions in this case will apply to you even if you object to the Settlement or have any other claim, lawsuit, or proceeding pending against Defendants relating to the same claims. If

*IF YOU HAVE QUESTIONS, CALL 1-877-906-1589 OR VISIT www.PSLFSettlement.com.*

<u>Long-Form Notice – *Hyland v. Navient*</u>

you have any questions about the release, then you should visit the Settlement website for more information or consult with a lawyer. See Question 12 below for more information about seeking legal advice about the Settlement.

**11. Can I choose not to be in the proposed settlement?**

No. The proposed settlement requires Defendants to implement business practice enhancements and contribute $1.75 million to [name of new non-profit] to benefit all class members equally. As explained in Question 8, this type of benefit is class-wide non-monetary relief. Under this type of class action, you cannot exclude yourself from the class or this proposed settlement.

However, as explained in Question 10, you will still have the right to file an individual lawsuit (at your own expense) against any of the Defendants for actual money damages on your own behalf, and have your case and the Defendants' defenses heard in court.

## THE LAWYERS REPRESENTING YOU

**12. Do I have a lawyer in this case?**

Yes. The following lawyers are seeking approval from the Court to be appointed as "class counsel" to represent you and other class members:

- Faith Gay, Maria Ginzburg, Lena Konanova, and Margaret Siller of Selendy & Gay PLLC, in New York, New York;

- Mark Richard of Phillips, Richard & Rind, P.A. in Miami, Florida

You will not be charged for these lawyers. You may hire your own attorney, if you so choose, but you will be responsible for paying your attorney's fees and expenses.

**13. How will the lawyers be paid? What will the class representatives receive?**

Class counsel will ask the Court to approve attorneys' fees and expenses of up to $500,000 for the time and effort they have spent on this case. Class counsel will also request that $15,000 be paid to each of the class representatives, who helped the lawyers on behalf of the whole Class.

Defendants will pay the approved amount of attorneys' fees and expenses, and no class member will owe or pay anything for the attorneys' fees and expenses of class counsel.

## OBJECTING TO THE PROPOSED SETTLEMENT

**14. How do I tell the Court if I don't agree with the proposed settlement?**

If you are a class member, then you can object to the proposed settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views.

*IF YOU HAVE QUESTIONS, CALL 1-877-906-1589 OR VISIT www.PSLFSettlement.com.*

**<u>Long-Form Notice – <i>Hyland v. Navient</i></u>**

To object, you must send your objection letter to the settlement administrator at the following address:

- Settlement Administrator
  c/o Rust Consulting, Inc. 6972
  P.O. Box 44,
  Minneapolis, MN 55440-0044

Your letter must be postmarked no later than [Date].

Your objection letter must include all of the following:

- The name of this case: *Hyland, et al. v. Navient Corp., et al.*, Case No. 18 Civ. 9031;

- Your full name, address, and telephone number;

- Information demonstrating that you are a member of the Class;

- A detailed statement of your objection and the specific reasons for your objection;

- Copies of any documents on which you base your objection;

- The number of class actions in which you or your lawyer (if you have one) have filed an objection in the last three years;

- A statement of whether you or your lawyer will ask to be heard at the final approval hearing to talk about your objections; and

- Your signature.

If you or your lawyer asks to be heard at the final approval hearing, then in addition to providing the information above, you must also:

- Identify the points you wish to speak about at the hearing;

- Enclose copies of any documents you intend to rely on at the hearing;

- Identify any witnesses you wish to call to testify at the hearing;

- State the amount of time you request for speaking at the hearing; and

- State whether you intend to have a lawyer speak on your behalf.

*IF YOU HAVE QUESTIONS, CALL 1-877-906-1589 OR VISIT www.PSLFSettlement.com.*

**Long-Form Notice – *Hyland v. Navient***

If you intend to have a lawyer speak on your behalf, then your lawyer must enter a written notice of appearance of counsel with the Court no later than [DATE].

For more information about the final approval hearing, see Questions 15-17 below.

If you do not follow the process outlined above, you will not be allowed to object, be heard at the final approval hearing, or appeal the final approval of the proposed settlement, the dismissal of the case, the Court's award of attorneys' fees and expenses to class counsel, or the Court's award of service awards to class representatives.

# THE COURT'S FINAL APPROVAL HEARING

### 15. When will the Court decide whether to finally approve the proposed settlement?

The Court will hold a final approval hearing to decide whether to approve the proposed settlement. You may ask to speak, but you do not have to because class counsel will speak at the hearing on your and the Class's behalf.

The hearing will be on [DATE], before Judge Cote, and will be conducted by videoconference or through a teleconference.  The hearing will be open to the public.  The Court will issue an order describing the means by which members of the public may listen to the conference.

At this hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate.  The Court will consider all timely and proper objections. The Court will listen to people who have asked for permission to speak at the hearing (as explained in Question 14). The Court may also decide how much to award class counsel and the class representatives.

After the hearing, the Court will decide whether to finally approve the proposed settlement. There may be appeals after that. We do not know how long these proceedings will take.

The Court may change the date of the final approval hearing without further notice to the Class. You should check the website, www.PSLFSettlement.com, for updates to the hearing date, the means by which you may listen to the conference, the court-approval process, and the Effective Date.

### 16. Do I have to participate in the hearing?

No. Class counsel will answer any questions the Court may have. If you want to have a lawyer speak on your behalf at the final approval hearing, then your lawyer must enter a written notice of appearance with the Court no later than [Date] and must follow the process outlined in Question 14.

If you send an objection, then you do not have to participate in the hearing to talk about it. As long as you mailed your written objection on time and complied with the other requirements for a proper objection as outlined in Question 14, the Court will consider it.

*IF YOU HAVE QUESTIONS, CALL 1-877-906-1589 OR VISIT www.PSLFSettlement.com.*

<u>Long-Form Notice – *Hyland v. Navient*</u>

**17. May I speak at the hearing?**

You or your lawyer may ask the Court for permission to speak at the final approval hearing. To do so, you must tell the Court in your objection letter that you or your lawyer would like to speak at the hearing.

You must follow the process outlined in Question 14. You cannot speak at the hearing if you do not follow this procedure.

## IF YOU DO NOTHING

**18. What happens if I do nothing at all?**

You are not required to do anything to get the benefits of the Settlement. If the Court approves the proposed settlement, then you will be bound by the Court's final judgment and the release of claims explained in the Settlement Agreement.

## GETTING MORE INFORMATION

**19. How do I get more information?**

This notice is only a summary of the proposed settlement. More details about the proposed settlement, the date when appeals are no longer allowed and when the Settlement is final, deadlines for certain actions, and your options are available in a longer document called the Settlement Agreement.

You can get a copy of the Settlement Agreement by visiting www.PSLFSettlement.com. The website also provides answers to frequently asked questions, plus other information to help you determine whether you are a class member. In addition, some of the key documents in the case will be posted on the website.

**Do not write or call the judge or any court personnel concerning this lawsuit or notice.**

Denise Cote

United States District Judge
Southern District of New York
_____, 2020

*IF YOU HAVE QUESTIONS, CALL 1-877-906-1589 OR VISIT www.PSLFSettlement.com.*

<u>**Long-Form Notice –** *Hyland v. Navient*</u>

<u>Legal Notice</u>

*Una versión en español de este aviso está disponible en www.PSLFSettlement.com.*

# IF YOU ARE A BORROWER OF FEDERAL STUDENT LOANS THAT ARE OR WERE SERVICED BY NAVIENT SOLUTIONS, LLC AND ARE A PUBLIC SERVICE EMPLOYEE, A PROPOSED CLASS ACTION MAY AFFECT YOUR RIGHTS

*A federal court authorized this notice.*
*This is not a solicitation from a lawyer.*
*You are not being sued.*

There is a proposed settlement in a class action lawsuit, *Hyland, et al. v. Navient Corp., et al*., Case No. 18 Civ. 9031, in the United States District Court for the Southern District of New York.

**The proposed settlement affects a "class," or group, of people that may include you. If you are a class member, your legal rights may be affected by the proposed settlement even if you do nothing.**

**The class includes all individuals who from October 1, 2007 to the "Effective Date"[1] of the Settlement (i) have or had Federal Family Education Loan Program ("FFEL") or Direct Loans serviced by Navient; (ii) are or were employed full-time by a qualifying public service employer or employers for purposes of Public Service Loan Forgiveness ("PSLF"); and (iii) spoke to a Navient customer service representative about subjects relating to eligibility for PSLF.**

Your rights and options, and the deadlines for exercising them, are explained in this notice. Please read this entire notice carefully.

**[This space is intentionally left blank.  Please proceed to the next page.]**

---

[1] "Effective Date" means the first date after either (i) the time to appeal the Final Approval Order and Final Judgment has expired with no appeal having been filed or (ii) the Final Approval Order and Final Judgment is affirmed on appeal by a reviewing court and is no longer reviewable by any court.

*IF YOU HAVE QUESTIONS, CALL 1-877-906-1589 OR VISIT www.PSLFSettlement.com.*

**Long-Form Notice – *Hyland v. Navient***

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS PROPOSED SETTLEMENT | | |
|---|---|---|
| **Object** | Write to the Court about why you don't like the proposed settlement (see Question 14 for more information). | Your objection must be mailed and postmarked no later than [Month, Date] 2020. |
| ~~Go to a~~**Participate in a** hearing | Write to ask to speak in Court about the fairness of the proposed settlement (see Question 14 for more information). | Your written request must be mailed and postmarked no later than [Month, Date] 2020. |
| **Do nothing** | If the Settlement is finally approved, you will not be able to sue the Defendants for non-monetary (i.e., injunctive) relief or for monetary relief on a class or aggregate basis.  But if you believe you suffered monetary damages as a result of Defendants' conduct you may ~~hire an attorney~~bring a lawsuit at your own expense to pursue that claim on an individual basis (see Question 18 for more information). | No further action required. |

**[This space is intentionally left blank.  Please proceed to the next page.]**

*IF YOU HAVE QUESTIONS, CALL 1-877-906-1589 OR VISIT www.PSLFSettlement.com.*

Page **2** of **11**

**Long-Form Notice – *Hyland v. Navient***

# WHAT IS INCLUDED IN THIS NOTICE

BASIC INFORMATION ........................................................................................................ 4

   1.   Why am I receiving this Notice? ................................................................... 4

   2.   What is this lawsuit about? ............................................................................ 4

   3.   Why is this a class action? ............................................................................ 4

   4.   Why is there a proposed settlement? ............................................................ 5

   5.   How do I know if I am part of the proposed settlement? ............................. 5

   6.   Are there exceptions to being included? ...................................................... 5

   7.   What if I am not sure whether I am included in the proposed settlement? .......................... 5

BENEFITS OF THE PROPOSED SETTLEMENT ............................................................. 6

   8.   What benefits does the proposed settlement provide? .................................. 6

   9.   When will the proposed settlement go into effect? ...................................... 7

   10.   How does the proposed settlement affect my rights? ................................... 7

   11.   Can I choose not to be in the proposed settlement? ..................................... 8

THE LAWYERS REPRESENTING YOU ........................................................................... 8

   12.   Do I have a lawyer in this case? ................................................................... 8

   13.   How will the lawyers be paid? What will the class representatives receive? ................. 8

OBJECTING TO THE PROPOSED SETTLEMENT ......................................................... 8

   14.   How do I tell the Court if I don't agree with the proposed settlement? .......................... 8

THE COURT'S FINAL APPROVAL HEARING ............................................................. 10

   15.   When ~~and where~~ will the Court decide whether to finally approve the proposed settlement? ................................................................................................. 10

   16.   Do I have to ~~come to~~participate in the hearing? ...................................... 10

   17.   May I speak at the hearing? ........................................................................ 11

IF YOU DO NOTHING ...................................................................................................... 11

   18.   What happens if I do nothing at all? ........................................................... 11

GETTING MORE INFORMATION .................................................................................. 11

   19.   How do I get more information? .................................................................. 11

*IF YOU HAVE QUESTIONS, CALL 1-877-906-1589 OR VISIT www.PSLFSettlement.com.*

<u>**Long-Form Notice – *Hyland v. Navient***</u>

# <u>BASIC INFORMATION</u>

**1.  Why am I receiving this Notice?**

You are receiving this Notice because you may be a class member, as defined below.

The purpose of this notice is to inform you about the proposed settlement and your rights, if you are a class member. Before any final judgment is entered, the Court will have a hearing to decide whether to approve the Settlement. This notice is only a summary of the proposed settlement. More details about the proposed settlement, the date when appeals are no longer allowed and the settlement is final, deadlines for certain actions, and your options are available in a longer document called the Settlement Agreement. You can get a copy of the Settlement Agreement and all other relevant documents by visiting the class settlement website at www.PSLFSettlement.com. If the proposed settlement is finally approved, it is expected that at least some members of the class will benefit from the relief provided by the proposed settlement. Once the proposed settlement is final, if you are a class member, then you will also be bound by the release and other provisions of the proposed settlement.

The lawsuit is known as *Hyland, et al. v. Navient Corp., et al.,* Case No. 18 Civ. 9031. Judge Denise Cote of the United States District Court for the Southern District of New York is overseeing the case. The people who sued are called "Plaintiffs," and Navient Solutions, LLC and Navient Corporation ("Navient"), the companies that they sued, are called the "Defendants."

**2.  What is this lawsuit about?**

In this lawsuit, Plaintiffs claim that Navient misled federal student loan recipients who are or were employed by qualifying public employers concerning their eligibility to benefit from the federal program of public service loan forgiveness, which is called "PSLF."  Navient denies that it did anything wrong.

Plaintiffs filed this lawsuit on October 3, 2018. On July 8, 2019, the Court dismissed all of Plaintiffs' claims except one. The surviving claim alleges violation of a New York law prohibiting deceptive business practices in the State of New York, and is available to residents of New York State.

The Court did not decide that either side was right or wrong. Instead, both sides agreed to the proposed settlement to resolve the case.

**3.  Why is this a class action?**

Class actions try to bring similar claims in one case and in one court. In a class action, the ~~plaintiffs~~<u>individuals</u> who bring the case are called "class representatives" or "named plaintiffs." They have their names listed in the title of the case. They sue on behalf of people who have similar claims—called the "class" or "class members"—which in this case may include you. The class representatives filed this case as a proposed class action. When the parties reached this proposed

*IF YOU HAVE QUESTIONS, CALL 1-877-906-1589 OR VISIT www.PSLFSettlement.com.*

settlement, the Court had expressed skepticism about whether the claims for damages in this case could be litigated as a class action but had not yet decided that issue.

As part of the proposed settlement, Defendants agreed to allow this case to be treated as a class action under Federal Rule of Civil Procedure 23(b)(2), for settlement purposes only. The Court preliminarily certified a class action, for settlement purposes only, under Rule 23(b)(2). Rule 23(b)(2) generally applies to class actions seeking injunctive relief (and not damages) to benefit class members. If the proposed settlement is not finally approved, then the Court will later determine if the case may still proceed as a class action.

### 4. Why is there a proposed settlement?

The Court has not decided which side is right or wrong in this case. Instead, both Plaintiffs and Defendants agreed to a settlement to eliminate uncertainty and to avoid the costs and risks of a lengthy trial and appeals process.

To settle this case, the Plaintiffs and Defendants participated in negotiations with each other that included, at certain points, mediation before Magistrate Judge Barbara Moses of the United States District Court for the Southern District of New York. These discussions took place from approximately October 2019 through January 2020. The negotiations were difficult and contentious. The class representatives and the lawyers representing the class think the proposed settlement is best for all class members. The Court overseeing this lawsuit has granted preliminary approval of this proposed settlement and ordered that this notice be published to explain it.

### 5. How do I know if I am part of the proposed settlement?

Your legal rights may be affected if you are a class member. You are a class member if, since October 1, 2007 to the Effective Date, you (i) have or had FFEL or Direct Loans serviced by Navient; (ii) are or were employed full-time by a qualifying public service employer or employers for purposes of PSLF; and (iii) spoke to a Navient customer service representative about subjects relating to eligibility for PSLF.

~~Class counsel estimates~~<u>Plaintiffs' lawyers estimate</u> that the class comprises up to 324,900 people.

### 6. Are there exceptions to being included?

Yes. Excluded from being class members are (i) Navient, its parents, subsidiaries, successors, affiliates, officers, and directors; (ii) the judge(s) to whom the litigation is assigned and any member of the judges' immediate families; and (iii) persons who may already have settled with and released Navient from individual claims substantially similar to those alleged in this case.

### 7. What if I am not sure whether I am included in the proposed settlement?

If you are still not sure whether you are included in the class, you can call toll-free 1-877-906-1589 for more information. You can also visit www.PSLFSettlement.com to learn more about and access documents related to the settlement, such as the Settlement Agreement and the Court's order preliminarily approving the settlement.

**IF YOU HAVE QUESTIONS, CALL 1-877-906-1589 OR VISIT www.PSLFSettlement.com.**

<u>Long-Form Notice – *Hyland v. Navient*</u>

# BENEFITS OF THE PROPOSED SETTLEMENT

**8.  What benefits does the proposed settlement provide?**

Under the Settlement Agreement, Navient has agreed at its expense to design, implement, and maintain specific, substantial procedures to enhance its PSLF-related practices. All class members ~~will~~are entitled to receive the benefit of these valuable business practice enhancements.

Specifically, Navient will:

- Enhance internal resources for call center representatives, including by updating job aids and call flow procedures, and implementing new procedures requiring customer service representatives to listen for keywords or phrases indicating PSLF eligibility and to ask leading questions regarding employment by qualifying employers.

- Update forms that are sent to borrowers when they consent to loan forbearance such that the forms include a reminder that there may be loan forgiveness options available and to direct borrowers to the Federal Student Aid website and FedLoan Servicing to learn more about PSLF.

- Design new electronic forms that can be sent via e-mail to borrowers who express interest in PSLF.

- Update its website and chat communications with borrowers, including by maintaining direct links to access the National Student Loan Data System (which contains authoritative information from the federal government concerning the PSLF program) on Navient's website and ensuring that webchat conversations include leading questions asked of borrowers who possibly may be PSLF-eligible.

- Maintain training and monitoring of call center representatives by providing education on the new practice enhancements and regularly monitoring sample calls to ensure compliance with new policies and procedures.

Navient will also contribute $1.75 million to a newly formed non-profit organization called [name of new non-profit] for education and student loan counseling to public service borrowers.

Judge Cote will retain jurisdiction for purposes of enforcing the terms of the proposed settlement. The specific terms of the business practice enhancements are listed in Section V.B of the Settlement Agreement, a copy of which is available at www.PSLFSettlement.com.

Defendants have agreed to pay a total of $2.4 million consisting of (a) a $1.75 million contribution to the [name of new non-profit]; (b) up to $500,000 to Plaintiffs' lawyers for their attorneys' fees; and (c) $15,000 to each class representative as service awards.  In addition, Defendants have agreed

*IF YOU HAVE QUESTIONS, CALL 1-877-906-1589 OR VISIT www.PSLFSettlement.com.*

<u>**Long-Form Notice –** *Hyland v. Navient*</u>

to pay costs associated with publishing this notice, adopting business practice enhancements, and administering the settlement.

No class members will have to pay or buy anything to benefit from the business practice enhancements provided by the settlement.

**9.   When will the proposed settlement go into effect?**

The Court will hold a final approval hearing on [DATE], to decide whether to approve the proposed settlement. Even if the Court approves the proposed settlement, there could be appeals. The time for an appeal varies and could take more than a year.

The Effective Date is the date when all appeals are completed or expired, and the proposed settlement becomes final. You can visit the class settlement website at www.PSLFSettlement.com, after [DATE], to check on the progress of the Court-approval process and the Effective Date. Please be patient.

The proposed settlement will go into effect on the Effective Date, at which time claims covered by the proposed settlement will be released under the Settlement Agreement. The business practice enhancements will remain in effect for at least three years. During that time, the Court will retain jurisdiction in order to enforce the terms of the Settlement Agreement.

**10. How does the proposed settlement affect my rights?**

If the proposed settlement is finally approved by the Court, then you will be giving up the right to file a lawsuit against Defendants for money damages in a future class action or on an aggregate basis relating to any claims covered by this Settlement. You will also be giving up the right to file a lawsuit against Defendants for non-monetary relief relating to claims covered by this Settlement. This is called "releasing" your claims. This means you cannot seek, or continue to seek, (1) relief in a future class action or on an aggregate basis, or (2) non-monetary relief based on any of the Defendants' alleged violations of law including, but not limited to, allegedly misrepresenting to you how to obtain PSLF relief, allegedly misrepresenting or failing to inform you that you were eligible for PSLF relief, or allegedly "steering" you toward forbearance or other loan forgiveness programs without informing you of possible PSLF relief. You will be giving up all such claims, whether or not you know about them.

However, you will still have the right to file an individual lawsuit against Navient for actual money damages that you claim resulted from similar conduct. You may retain your own attorney at your own expense if you wish to file a lawsuit; class counsel will not represent you. Navient will have the right to deny that it is liable for damages. The precise terms of the release are explained in the Settlement Agreement, which you can view on the Settlement website, www.PSLFSettlement.com.

The Court's decisions in this case will apply to you even if you object to the Settlement or have any other claim, lawsuit, or proceeding pending against Defendants relating to the same claims. If

*IF YOU HAVE QUESTIONS, CALL 1-877-906-1589 OR VISIT www.PSLFSettlement.com.*

<u>**Long-Form Notice –** *Hyland v. Navient*</u>

you have any questions about the release, then you should visit the Settlement website for more information or consult with a lawyer. See Question 12 below for more information about seeking legal advice about the Settlement.

**11. Can I choose not to be in the proposed settlement?**

No. The proposed settlement requires Defendants to implement business practice enhancements and contribute $1.75 million to [name of new non-profit] to benefit all class members equally. As explained in Question 8, this type of benefit is class-wide non-monetary relief. Under this type of class action, you cannot exclude yourself from the class or this proposed settlement.

However, as explained in Question 10, you will still have the right to file an individual lawsuit (at your own expense) against any of the Defendants for actual money damages on your own behalf, and have your case and the Defendants' defenses heard in court.

## THE LAWYERS REPRESENTING YOU

**12. Do I have a lawyer in this case?**

Yes. The following lawyers are seeking approval from the Court to be appointed as "class counsel" to represent you and other class members:

- Faith Gay, Maria Ginzburg, Lena Konanova, and Margaret Siller of Selendy & Gay PLLC, in New York, New York;

- Mark Richard of Phillips, Richard & Rind, P.A. in Miami, Florida

You will not be charged for these lawyers. You may hire your own attorney, if you so choose, but you will be responsible for paying your attorney's fees and expenses.

**13. How will the lawyers be paid? What will the class representatives receive?**

Class counsel will ask the Court to approve attorneys' fees and expenses of up to $500,000 for the time and effort they have spent on this case. Class counsel will also request that $15,000 be paid to each of the class representatives, who helped the lawyers on behalf of the whole Class.

Defendants will pay the approved amount of attorneys' fees and expenses, and no class member will owe or pay anything for the attorneys' fees and expenses of class counsel.

## OBJECTING TO THE PROPOSED SETTLEMENT

**14. How do I tell the Court if I don't agree with the proposed settlement?**

If you are a class member, then you can object to the proposed settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views.

*IF YOU HAVE QUESTIONS, CALL 1-877-906-1589 OR VISIT www.PSLFSettlement.com.*

**<u>Long-Form Notice – *Hyland v. Navient*</u>**

To object, you must send your objection letter to the settlement administrator at the following address:

- Settlement Administrator
  c/o Rust Consulting, Inc. 6972
  P.O. Box 44,
  Minneapolis, MN 55440-0044

Your letter must be postmarked no later than [Date].

Your objection letter must include all of the following:

- The name of this case:  *Hyland, et al. v. Navient Corp., et al.*, Case No. 18 Civ. 9031;

- Your full name, address, and telephone number;

- Information demonstrating that you are a member of the Class;

- A detailed statement of your objection and the specific reasons for your objection;

- Copies of any documents on which you base your objection;

- The number of class actions in which you or your lawyer (if you have one) have filed an objection in the last three years;

- A statement of whether you or your lawyer will ask to ~~appear~~<u>be heard</u> at the final approval hearing to talk about your objections; and

- Your signature.

If you or your lawyer asks to ~~appear~~<u>be heard</u> at the final approval hearing, then in addition to providing the information above, you must also:

- Identify the points you wish to speak about at the hearing;

- Enclose copies of any documents you intend to rely on at the hearing;

- Identify any witnesses you wish to call to testify at the hearing;

- State the amount of time you request for speaking at the hearing; and

- State whether you intend to have a lawyer speak on your behalf.

*IF YOU HAVE QUESTIONS, CALL 1-877-906-1589 OR VISIT www.PSLFSettlement.com.*

**Long-Form Notice – *Hyland v. Navient***

If you intend to have a lawyer ~~present~~speak on your behalf, then your lawyer must enter a written notice of appearance of counsel with the Court no later than [DATE].

For more information about the final approval hearing, see Questions 15-17 below.

If you do not follow the process outlined above, you will not be allowed to object, ~~appear~~be heard at the final approval hearing, or appeal the final approval of the proposed settlement, the dismissal of the case, the Court's award of attorneys' fees and expenses to class counsel, or the Court's award of service awards to class representatives.

## THE COURT'S FINAL APPROVAL HEARING

### 15. When ~~and where~~ will the Court decide whether to finally approve the proposed settlement?

The Court will hold a final approval hearing to decide whether to approve the proposed settlement. You may ~~attend and you may~~ ask to speak, but you do not have to because class counsel will ~~appear~~speak at the hearing on your and the Class's behalf.

The hearing will be on [DATE], before Judge Cote, and will be conducted by videoconference or through a teleconference.  The hearing will be open to the public.  The Court will issue an order describing the means by which members of the public may listen to the conference.

At this hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate.  The Court will consider all timely and proper objections. The Court will listen to people who have asked for permission to speak at the hearing (as explained in Question 14). The Court may also decide how much to award class counsel and the class representatives.

After the hearing, the Court will decide whether to finally approve the proposed settlement. There may be appeals after that. We do not know how long these proceedings will take.

The Court may change the date of the final approval hearing without further notice to the Class. You should check the website, www.PSLFSettlement.com, for updates to the hearing date, the means by which you may listen to the conference, the court-approval process, and the Effective Date.

### 16. Do I have to ~~come to~~participate in the hearing?

No. Class counsel will answer any questions the Court may have. If you want to have a lawyer ~~appear~~speak on your behalf at the final approval hearing, then your lawyer must enter a written notice of appearance with the Court no later than [Date] and must follow the process outlined in Question 14.

If you send an objection, then you do not have to ~~come to Court~~participate in the hearing to talk about it. As long as you mailed your written objection on time and complied with the other requirements for a proper objection as outlined in Question 14, the Court will consider it.

*IF YOU HAVE QUESTIONS, CALL 1-877-906-1589 OR VISIT www.PSLFSettlement.com.*

**Long-Form Notice – *Hyland v. Navient***

**17. May I speak at the hearing?**

You or your lawyer may ask the Court for permission to speak at the final approval hearing. To do so, you must tell the Court in your objection letter that you or your lawyer would like to speak at the hearing.

You must follow the process outlined in Question 14. You cannot speak at the hearing if you do not follow this procedure.

## IF YOU DO NOTHING

**18. What happens if I do nothing at all?**

You are not required to do anything to get the benefits of the Settlement. If the Court approves the proposed settlement, then you will be bound by the Court's final judgment and the release of claims explained in the Settlement Agreement.

## GETTING MORE INFORMATION

**19. How do I get more information?**

This notice is only a summary of the proposed settlement. More details about the proposed settlement, the date when appeals are no longer allowed and when the Settlement is final, deadlines for certain actions, and your options are available in a longer document called the Settlement Agreement.

You can get a copy of the Settlement Agreement by visiting www.PSLFSettlement.com. The website also provides answers to frequently asked questions, plus other information to help you determine whether you are a class member. In addition, some of the key documents in the case will be posted on the website.

**Do not write or call the judge or any court personnel concerning this lawsuit or notice.**

 

 

Denise Cote

United States District Judge
Southern District of New York
_____, 2020

*IF YOU HAVE QUESTIONS, CALL 1-877-906-1589 OR VISIT www.PSLFSettlement.com.*