**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Ashley Simonsen

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T  +1 424 332 4782
asimonsen@cov.com

*By ECF*                                                                                                            July 20, 2020

Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

                Re:  *Hyland v. Navient Corp.*, Case No. 1:18-cv-09031 (DLC) (BCM)

Dear Judge Cote:

       I write on behalf of the defendants in this action, Navient Solutions, LLC and Navient Corporation (together, "Navient"), in response to the Court's Order dated July 14, 2020 (ECF 109).  That Order asked the parties to submit letters addressing the impact of the recent Second Circuit decision in *Berni v. Barilla S.p.A.*, No. 19-1921-CV, 2020 WL 3815523 (2d Cir. July 8, 2020), on the settlement class definition in this case and the preliminary approval order the Court previously entered on June 19 (ECF 108).

       In *Berni*, the plaintiffs asserted a claim under section 349 of the New York General Business Law, alleging that they were deceived when the defendant used new packaging to sell pasta.  Plaintiffs alleged that the new pasta boxes were the same size as boxes that had been used previously, but contained less product and more "slack fill."  After two years of litigation, the parties entered into a proposed class settlement.  The proposed settlement class consisted of consumers who had purchased Barilla pasta products in the past.  *See Berni*, 2020 WL 3815523, at *6 (noting that class was "defined by the past rather than the future activity of its members").  The only relief obtained for the class was an agreement by Barilla to include a minimum "fill-line" on its boxes going forward, to indicate how much pasta was contained inside, in addition to language about how its pasta is sold by weight and not by volume.  *Id.* at *2.  Settlement class certification was sought under Rule 23(b)(2), applicable to class action claims where non-monetary injunctive relief is sought.

       The Second Circuit in *Berni* vacated the district court's decision approving this settlement.  The court of appeals concluded that settlement class certification under Rule 23(b)(2) was not appropriate because "past purchasers of a product, like the Barilla purchasers, are not likely to encounter future harm of the kind that makes injunctive relief appropriate."  *Id.* at *5.  The key premise of this finding was that past purchasers of Barilla's product were not bound to purchase the product again, and did "not have the sort of perpetual relationship with the producer of a consumer good that is typical of plaintiffs and defendants in Rule 23(b)(2) class actions."  *Id.*

COVINGTON
Page 2

      Navient respectfully submits that the *Berni* decision is distinguishable and does not undermine the proposed class definition in the settlement in this case or the Court's June 19 preliminary approval Order.  Unlike the consumer product purchasers in the class in *Berni*, the student loan borrowers in the class here *do* have an ongoing and prospective relationship with the defendant.  The class members in this case have contractual loan repayment obligations that necessitate frequent and ongoing interactions with loan servicers.  Those interactions generally will stretch out for years into the future given, among other circumstances, the fact that it typically takes 10 years to qualify for loan forgiveness under the PSLF program.

      In addition, the allegations in this case raise a much more concrete and palpable prospect of potential future harm than the simple allegation in *Berni* that pasta boxes were under-filled.  The complaint here alleged that Navient provided inaccurate and incomplete information concerning the requirements of a complicated federal program, and how those requirements applied to the circumstances of particular borrowers.  The vast majority of class members will benefit from Navient's business practice enhancements, which, among other things, will enhance the clarity of federal loan-related communications in future interactions with Navient.  This context is materially different from the situation presented in *Berni*, where a consumer who opened a package of pasta once will know exactly how much pasta the next such package contains and is unlikely to be deceived again.  *See id.* at *6.  Even class members whose loans are no longer serviced by Navient (because, e.g., their loans have been transferred for servicing to the designated PSLF loan servicer, FedLoan Servicing) will benefit from Navient's $1.75 million payment to support a new non-profit organization for generally available education and student loan counseling.  This case accordingly does not, based on plaintiff's own allegations, present a situation where, as in *Berni*, class members have no prospect of future harm and stand to receive no benefit from the relief provided by the settlement.

      For all of these reasons, Navient believes that the *Berni* decision does not prevent the certification of a Rule 23(b)(2) settlement class under the different circumstances of this case.

      Respectfully submitted,

      s/ Ashley M. Simonsen
      Ashley M. Simonsen