# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHRYN HYLAND, MELISSA GARCIA, ELIZABETH TAYLOR, JESSICA SAINT-PAUL, REBECCA SPITLER-LAWSON, MICHELLE MEANS, ELIZABETH KAPLAN, JENNIFER GUTH, MEGAN NOCERINO, and ANTHONY CHURCH individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NAVIENT CORPORATION and NAVIENT SOLUTIONS, LLC, <br><br> Defendants. | No. 18-cv-9031-DLC-BLM |

**[PROPOSED]**
**FINAL APPROVAL ORDER**

**WHEREAS**, Plaintiffs Kathryn Hyland, Melissa Garcia, Elizabeth Taylor, Jessica Saint-Paul, Rebecca Spitler-Lawson, Michelle Means, Elizabeth Kaplan, Jennifer Guth, Megan Nocerino, and Anthony Church ("Plaintiffs" or "Class Representatives," and collectively with the other members of the Settlement Class, the "Settlement Class") entered into a Memorandum of Understanding ("MOU") with Defendants Navient Solutions, LLC and Navient Corporation (collectively, "Defendants" or "Navient"), on January 17, 2020 to resolve the claims in the above-captioned class action lawsuit (the "Litigation");

**WHEREAS**, Plaintiffs entered into a Settlement Agreement and Release (the "Settlement Agreement")[1] with the Defendants on April 24, 2020, which memorializes the terms of their settlement;

**WHEREAS**, the Court on June 19, 2020 issued an order granting preliminary approval of the Settlement Agreement and conditional certification of the Settlement, and appointing the Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel (the "Preliminary Approval Order");

**WHEREAS**, the Settlement Administrator has filed proof of dissemination and publication of the Short-Form Notice and the Long-Form Notice, and proof of maintenance of the Class Settlement Website and Toll-Free Number (the "Class Notice"), in accordance with the Notice Plan set forth in Section VI of the Settlement Agreement, as modified by the Court in the Preliminary Approval Order;

**WHEREAS**, Plaintiffs have filed an Unopposed Motion for Final Approval of the Settlement Agreement and Certification of the Settlement Class (the "Motion");

**WHEREAS**, on October 2, 2020, a hearing was held before the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court pursuant to a final approval order and judgment (the "Final Approval Hearing");

and

**WHEREAS**, the Court, having read and considered the Settlement Agreement and its exhibits, the Motion and its accompanying memorandum of law, the pleadings, all other papers

---

[1] All terms not defined herein have the meaning ascribed to them in the Settlement Agreement.

filed in this Litigation, and all matters submitted to it at the Final Approval Hearing, hereby finds that the Motion should be **GRANTED**.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**FINAL APPROVAL OF THE SETTLEMENT AGREEMENT**

1. The Settlement Agreement, including the releases contained therein, is approved as being fair, reasonable, and adequate under Federal Rules of Civil Procedure 23(b)(2) and 23(e) and in the best interest of the Settlement Class as a whole. Class Representatives and Defendants are directed to implement the settlement in accordance with the terms and conditions of the Settlement Agreement.

2. The Court further approves the Cy Pres Recipient, described in Section V.C of the Settlement Agreement, to launch the PSLF Project, as set forth in the Term Sheet for Cy Pres Recipient and PSLF Project Proposal attached as Exhibit 8 to the Declaration of Lena Konanova in Support of Plaintiffs' Motion for Final Approval of Settlement and Certification of the Settlement Class.

3. The Court finds that the Settlement Agreement was entered into at arm's length by experienced counsel, including after an in-person mediation supervised by the Honorable Barbara C. Moses, United States Magistrate Judge of the United States District Court for the Southern District of New York.

**CERTIFICATION OF THE SETTLEMENT CLASS**

4. The Settlement Class described herein is certified pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(e):

> All individuals who, at any point from October 1, 2007 to the Effective Date (i) have or had Federal Family Education Loans ("FFEL") or Direct Loans serviced by Navient; (ii) are or were employed full-time by a qualifying public service employer or employers for purposes of PSLF; and (iii) spoke to a Navient

        customer service representative about subjects relating to eligibility for PSLF.

5.      Pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, the Court finds, for settlement purposes only, that: (a) the Settlement Class Members are so numerous as to make joinder of all the Settlement Class Members impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class Members; and (d) the Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class Members.

6.      The Court further finds, for settlement purposes only, that Defendants are alleged to have acted or refused to act on grounds that apply generally to the Settlement Class, and that Settlement Class certification is accordingly proper under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

## NOTICE TO SETTLEMENT CLASS MEMBERS

7.      The Court finds that the Class Notice (i) was appropriate and reasonable, and constituted due, adequate, and sufficient notice to all Persons entitled to receive notice, (ii) fairly and adequately described the terms and effects of the Settlement Agreement, (iii) fairly and adequately described the date by which Settlement Class Counsel were required to file the Motion for Final Approval, and Motion for Award of Attorneys' Fees and Expenses, (iv) fairly and adequately described the method and date by which any member of the Settlement Class could object to or comment upon the Settlement Agreement, (v) set a date by which Class Counsel could respond to any objections to the Settlement Agreement, (vi) provided notice to the Settlement Class of the time and place of the Final Approval Hearing, and (vii) constituted appropriate and reasonable notice under the circumstances and otherwise met all requirements of applicable law.

**RELEASES**

8.      In accordance with the definitions in the Settlement Agreement, and subject to the waivers and other terms in Section IX.A.4-5 of the Settlement Agreement, upon distribution to the Cy Pres Recipient, the Releasing Class Member Parties, and each of them, (a) shall be deemed to have, and by operation of law and this order shall have, fully, finally, and forever compromised, released, relinquished, settled, and discharged all Released Class Claims against each of the Released Defendant Parties; (b) shall have covenanted not to sue any of the Released Defendant Parties with respect to any of the Released Class Claims; and (c) shall be permanently barred and enjoined from instituting, commencing, or prosecuting any of the Released Class Claims against any of the Released Defendant Parties.

9.      In accordance with the definitions in the Settlement Agreement, and subject to the waivers and other terms in Section IX.A.3-5 of the Settlement Agreement, upon payment of the Incentive Awards, the Releasing Class Representative Parties, and each of them, (a) shall be deemed to have, and by operation of law and this order shall have, fully, finally, and forever compromised, released, relinquished, settled, and discharged all Released Class Representative Claims by the Releasing Class Representative Parties against each of the Released Defendant Parties; (b) shall have covenanted not to sue any of the Released Defendant Parties with respect to any of the Released Class Representative Claims; and (c) shall be permanently barred and enjoined from instituting, commencing, or prosecuting any of the Released Class Representative Claims against any of the Released Defendant Parties.

10.      As of the Effective Date of the Settlement Agreement, and in accordance therewith, Navient, as well as its respective agents, directors, officers, attorneys, employees, affiliates, parents, subsidiaries, divisions, successors, and assigns, releases all Claims for any damages or other relief relating to the prosecution of this Litigation, including any known or unknown, suspected or

unsuspected, contingent or non-contingent Claims relating to the prosecution of this Litigation, that Navient may have, whether or not concealed or hidden, and without regard to the subsequent discovery or existence of such other, different, or additional facts, against the Class Representatives, Class Counsel and their heirs, assigns, executors, administrators, predecessors, successors, and any other Person purporting to claim on their behalf, and agrees to refrain from instituting, directing, or maintaining any contested matter, adversary proceeding, or miscellaneous proceeding, or participating in any contested matter, miscellaneous proceeding, or adversary proceeding by a third party relating to the prosecution of this Litigation against the Class Representatives, Class Counsel, and their heirs, assigns, executors, administrators, predecessors, successors, and any other Person purporting to claim on their behalf.

11. In accordance with the terms and definitions of the Settlement Agreement, the Settlement Class does not release or discharge, but instead expressly preserves, the right of any and all Settlement Class Members to file individual lawsuits for monetary relief on a non-class basis and excluding Aggregate Actions. The Class Representatives do not release, waive, or discharge Claims to enforce any provision of the Settlement Agreement.

12. The Court reserves continuing and exclusive jurisdiction over Plaintiffs and Defendants with respect to the Settlement Agreement and this order. Subject to the foregoing, this Litigation is hereby dismissed with prejudice and without costs.

**IT IS SO ORDERED.**

This ___ day of _____, 2020    By: _____
                                        Hon. Denise L. Cote
                                        United States District Court Judge