# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KATHRYN HYLAND, MELISSA GARCIA, ELIZABETH TAYLOR, JESSICA SAINT-PAUL, REBECCA SPITLER-LAWSON, MICHELLE MEANS, ELIZABETH KAPLAN, JENNIFER GUTH, MEGAN NOCERINO, and ANTHONY CHURCH individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NAVIENT CORPORATION and NAVIENT SOLUTIONS, LLC,<br><br>Defendants. | No. 18-cv-9031-DLC-BLM |

**[PROPOSED] ORDER APPROVING CLASS COUNSEL'S**
**APPLICATION FOR AWARD OF**
**REASONABLE ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

**WHEREAS**, Plaintiffs Kathryn Hyland, Melissa Garcia, Elizabeth Taylor, Jessica Saint-Paul, Rebecca Spitler-Lawson, Michelle Means, Elizabeth Kaplan, Jennifer Guth, Megan Nocerino, and Anthony Church (the "Plaintiffs" or "Class Representatives," and, collectively with the other members of the Settlement Class, the "Settlement Class") entered into a Memorandum of Understanding with Defendants Navient Solutions, LLC and Navient Corporation (collectively, the "Defendants"), on January 17, 2020 to resolve the claims in the above-captioned class action lawsuit (the "Litigation");

**WHEREAS**, Plaintiffs subsequently reached a negotiated settlement with Defendants (the "Settlement Agreement") on April 24, 2020, in which Defendants agreed not to object to an award of reasonable attorneys' fees, costs, and expenses to Class Counsel in the amount of $500,000;

**WHEREAS**, Plaintiffs also filed an Unopposed Motion for Preliminary Approval of the Settlement Agreement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs as Class Representatives and Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notice of Settlement (Dkts. 96–97) (the "Motion") on April 24, 2020;

**WHEREAS**, this Court granted that Motion on June 19, 2020 (Dkt. 108), preliminarily approving the Settlement Agreement and appointing Selendy & Gay, PLLC ("S&G") and its co-counsel, Phillips, Richard & Rind, P.A. ("PR&R"), as attorneys for the Settlement Class (collectively, "Class Counsel");

**WHEREAS**, notice was furnished on the Settlement Class on or before August 3, 2020 and such notice, approved by the Court, provided in relevant part that "Class Counsel will ask the Court to approve attorneys' fees and expenses of up to $500,000 for the time and effort they have spent on the case";

**WHEREAS**, this Court also instructed Class Counsel to file an application for a fee award (the "Application") on or before August 28, 2020;

**WHEREAS**, S&G filed papers in support of that Application on August 28, 2020 and PR&R filed no independent papers;

**WHEREAS**, the Court held a final approval hearing on October 2, 2020;

**WHEREAS**, the Court, having read and considered the memorandum of law, declaration of Yelena Konanova, and accompanying exhibits all in support of the Application, as well as the objections and responses to the same, hereby finds that the Application should be **GRANTED**.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Court applies the lodestar method for calculating fees where, as here, the settlement is for non-monetary relief only. *Selby v. Principal Mut. Life. Ins. Co.*, 2003 WL

2

22772330, at *5 & n.16 (S.D.N.Y. Nov. 21, 2003) (applying lodestar method to Rule 23(b)(2) settlement for non-monetary relief only); *see also Peoples v. Annucci*, 180 F. Supp. 3d 294 (S.D.N.Y. 2016) (approving "one-time payment … in full satisfaction of the fees and costs incurred by plaintiffs' counsel" in Rule 23(b)(2) settlement for non-monetary relief only without explicitly using the lodestar method).

2.    The Court finds that S&G's lodestar is equal to $5,915,865.60 under its discounted rates.

3.    The fees request reflects a discount of 91.55% or "negative multiplier" of nearly 11.83 relative to S&G's lodestar.

4.    Furthermore, the Court finds that the fees request is fair and reasonable under the factors set forth in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000):

a.    Class Counsel expended significant time and effort in prosecuting this Litigation, as evidenced by the lodestar calculation.

b.    The Litigation involved complex factual and legal issues and was actively prosecuted for more than two years and, in the absence of a settlement, would have involved further lengthy proceedings relating to fact and expert depositions, class certification, summary judgment, and eventual trial.

c.    The Litigation was extremely hard-fought and presented significant risk of dismissal for lack of pleading specificity and failure to certify a class under Rules 23(b)(2) and (3).

d.    Plaintiffs were represented by qualified legal counsel who conducted the Litigation and achieved the settlement with skill, perseverance, and diligent advocacy.  Defendants were likewise represented by qualified legal counsel who opposed Plaintiffs' efforts with equal skill, perseverance, and diligent advocacy.

e.    The award is reasonable in relation to the significant non-monetary relief achieved by Class Counsel on behalf of the Settlement Class.

f.    The award advances significant public policy goals by reasonably compensating Class Counsel for the significant time and effort spent vindicating consumer rights under N.Y. General Business Law § 349 and enabling public servants to obtain loan forgiveness as contemplated.

3

5.      As such, the fees request is approved and Class Counsel is awarded $500,000 pursuant to Rules 23(h) and 54(d)(2) of the Federal Rules of Civil Procedure as reimbursement for its reasonable attorneys' fees, costs, and expenses in obtaining the settlement on behalf of the Settlement Class.

**IT IS SO ORDERED.**

This ___ day of _____, 2020

_____
                        DENISE COTE
                        United States District Judge

4