# Exhibit 4

EXECUTION COPY

# SETTLEMENT AGREEMENT AND RELEASE

## I.    PREAMBLE

This Settlement Agreement and Release (the "Agreement") is entered into by and among the individuals defined below as "Plaintiffs" and the entities defined below as "Navient" (collectively, the "Parties").

This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Class Representative Claims and the Released Class Claims (as those terms are defined below), upon and subject to the terms and conditions of this Agreement, and subject to Preliminary and Final Approval of the Court.

## II.    DEFINITIONS

For purposes of this Agreement, including the Preamble above, the following terms shall have the following meanings:

1.    "Administrative Expenses" means all of the expenses incurred by the Settlement Administrator in the administration of this Settlement including, without limitation, all expenses or costs associated with the Notice Plan and providing Notice to the Settlement Class.  Administrative Expenses also include all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

2.    "AFT" means the American Federation of Teachers AFL-CIO.

3.    "Aggregate Action" means any litigation proceeding in which five or more separate individuals propose to prosecute their Claims in the context of the same legal proceeding.  Aggregate Action shall not include litigation proceedings in which an external authority or court requires particular actions to be prosecuted together including, but not limited to: (i) multi-district litigation as determined by the Judicial Panel on Multidistrict Litigation; (ii) actions that the court determines should be coordinated or consolidated for efficiency; (iii) actions that individuals mark as potentially related and are deemed related by the court; or (iv) actions that are required to be brought together based on the Federal Rules of Civil Procedure or the local rules of the local, state, or federal court.

4.    "Agreement" means this Settlement Agreement and Release, including all exhibits attached hereto.

5.    "Business Practice Enhancements" has the meaning set forth in Section V.B below.

6.    "Claim" or "Claims" means any and all manner of claims, counterclaims, demands (including, without limitation, demands for arbitration), actions, suits, judgments, causes of action, allegations of wrongdoing, and liabilities of any kind, whether direct, indirect, or otherwise in nature, known or unknown, suspected or

EXECUTION COPY

unsuspected, accrued or unaccrued, asserted or unasserted, whether in law, in equity, or otherwise.

7.      "<u>Class Counsel</u>" means the law firms listed on the signature page of this Agreement representing the Class Representatives and the Settlement Class.

8.      "<u>Class Representatives</u>" means Kathryn Hyland, Melissa Garcia, Elizabeth Taylor, Michelle Means, Elizabeth Kaplan, Jennifer Guth, Rebecca Spitler-Lawson, Jessica Saint-Paul, Anthony Church, and Megan Nocerino.

9.      "<u>Complaint</u>" means the Class Action Complaint filed on October 3, 2018 and the Amended Class Action Complaint filed on January 16, 2019 in the Litigation.

10.     "<u>Court</u>" means the United States District Court for the Southern District of New York where this Litigation is pending.

11.     "<u>Covered Conduct</u>" means any act, omission, fact, or matter occurring or existing on or prior to the Final Approval Order and Final Judgment and that arises out of the identical factual predicate of the Complaint.

12.     "<u>Cy Pres Recipient</u>" means the entity that provides education and student loan counseling to public service borrowers and will be mutually agreed upon by the Parties and approved by the Court to receive a cy pres distribution from the Settlement Fund under this Agreement.

13.     "<u>Day</u>" or "<u>Days</u>" refers to calendar days.

14.     "<u>Direct Loans</u>" means loans made pursuant to the Direct Loan program introduced in 1994 in which the federal government issues loans directly to the borrower.

15.     "<u>Effective Date</u>" means the first date after either (i) the time to appeal the Final Approval Order and Final Judgment has expired with no appeal having been filed or (ii) the Final Approval Order and Final Judgment is affirmed on appeal by a reviewing court and is no longer reviewable by any court.

16.     "<u>Execution</u>" means the signing of this Agreement by all signatories hereto.

17.     "<u>FedLoan Servicing</u>" is a division of Pennsylvania Higher Education Assistance Agency that handles student loan servicing operations for federally owned loans and is the designated servicer for PSLF.

18.     "<u>Federal Student Aid</u>" is a performance-based organization within the United States Department of Education.

19.     "<u>Fee Award</u>" means the attorneys' fees, reimbursement of expenses, and other costs awarded by the Court to Class Counsel as allowed by this Agreement.

EXECUTION COPY

20.     "<u>FFEL Loans</u>" means Federal Family Education Loans that were issued by private companies and reinsured by the federal government.

21.     "<u>Final Approval Hearing</u>" means the hearing before the Court where (i) the Parties request that the Court approve this Agreement as fair, reasonable, and adequate; (ii) the Parties request that the Court enter its Final Approval Order and Final Judgment in accordance with this Agreement; and (iii) Class Counsel request approval of their petition for the Fee Award, as well as any requested Incentive Awards to the Class Representatives.

22.     "<u>Final Approval Order</u>" means the order entered by the Court, in a form that is mutually agreeable to the Parties, approving this Agreement as fair, reasonable, adequate, and in the best interest of the Settlement Class as a whole, and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement, without modifying any terms of this Agreement that either Party deems material.

23.     "<u>Final Judgment</u>" means the final judgment entered following issuance of the Final Approval Order.

24.     "<u>Incentive Award</u>" means any amount awarded by the Court to the Class Representatives as compensation for serving as Class Representatives.

25.     "<u>Litigation</u>" means the civil action captioned *Kathryn Hyland, et al. v. Navient Corp., et al.*, Case No. 18-cv-9031, pending in the United States District Court for the Southern District of New York.

26.     "<u>Navient</u>" means Defendants Navient Solutions, LLC and Navient Corporation.

27.     "<u>Notice Date</u>" means forty-five (45) days after the Preliminary Approval Order, when notice is to be disseminated to potential Settlement Class Members.

28.     "<u>Notice Plan</u>" means the plan for providing notice of this settlement to Settlement Class Members under Rules 23(c)(2)(A) and 23(e)(1) of the Federal Rules of Civil Procedure, as set forth in Section VI.

29.     "<u>NSLDS</u>" means National Student Loan Data System, which is the United States Department of Education's central database for federal student aid.

30.     "<u>Parties</u>" means, collectively, the Plaintiffs and Navient, and "<u>Party</u>" means any one of them.

31.     "<u>Person</u>" or "<u>Persons</u>" means an individual or legal entity, including, without limitation, natural persons, firms, corporations, limited liability companies, joint ventures, joint stock companies, unincorporated organizations, agencies, bodies, associations, partnerships, limited liability partnerships, trusts, and their predecessors, successors, administrators, executors, heirs, and/or assigns.

3

EXECUTION COPY

32.  "Plaintiffs" means the Class Representatives acting on behalf of themselves and all Settlement Class Members.

33.  "Preliminary Approval" and "Preliminary Approval Order" means the order issued by the Court provisionally (i) granting preliminary approval of this Agreement; (ii) certifying the Class for settlement purposes; (iii) appointing Class Representatives and Class Counsel; (iv) approving the form and manner of the Notice Plan and appointing a Settlement Administrator; (v) approving the proposed Cy Pres Recipient; (vi) establishing deadlines for the filing of objections to the proposed settlement contemplated by this Agreement; and (vii) scheduling the Final Approval Hearing.

34.  "PSLF" means the Public Service Loan Forgiveness Program created by Congress in 2007 as part of the College Cost Reduction and Access Act, Pub. L. No. 110-84, § 401, 121 Stat. 784, 800 (2007) (codified at 20 U.S.C. § 1087e(m)).

35.  "Public Statement" means any press release, announcement, or statement made to the press, or to any public outlet, or to a representative or agent of the press or a public outlet with respect to this Agreement.

36.  "Release" or "Releases" means the release of Claims described in Section IX.

37.  "Released Class Representative Claims" means any and all Claims for monetary relief or non-monetary relief that the Releasing Class Representative Parties or any one of them ever had, now has, or hereafter can, shall, or may have, claim, or assert in any capacity against the Released Defendant Parties with respect to the Covered Conduct.

38.  "Released Class Claims" means any and all Claims that the Releasing Class Member Parties or any one of them ever had, now has, or hereafter can, shall, or may have, claim, or assert against the Released Defendant Parties with respect to the Covered Conduct (a) for non-monetary relief or (b) for monetary relief, if and to the extent such Claims are brought (i) as a representative or member of any class of claimants in a class action, whether under Rule 23 of the Federal Rules of Civil Procedure or under state laws analogous to Rule 23 of the Federal Rules of Civil Procedure or (ii) through any other form of Aggregate Action.

39.  "Released Defendant Parties" means (i) Navient and (ii) Navient's past and present parents, subsidiaries, divisions, affiliates, officers, directors, insurers, employees, agents, attorneys, and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors, purchasers, and assigns of each of the foregoing).

40.  "Releasing Class Representative Parties" means each Class Representative and any executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of the Class Representatives, including AFT.

EXECUTION COPY

41.   "Releasing Class Member Parties" means each Settlement Class Member and any executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of any of the Settlement Class Members.

42.   "Settlement Administrator" means a third-party class action settlement administrator to be selected by Navient, subject to Class Counsel's approval (which shall not be unreasonably withheld), to implement aspects of this Agreement.

43.   "Settlement Class" means all individuals who from October 1, 2007 to the Effective Date (i) have or had FFEL or Direct Loans serviced by Navient; (ii) are or were employed full-time by a qualifying public service employer or employers for purposes of PSLF; and (iii) spoke to a Navient customer service representative about subjects relating to eligibility for PSLF.

44.   "Settlement Class Members" means any person who qualifies under the definition of the Settlement Class, excluding: (i) Navient, its parents, subsidiaries, successors, affiliates, officers, and directors; (ii) the judge(s) to whom the Litigation is assigned and any member of the judges' immediate families; and (iii) Persons who may already have settled with and released Navient from individual Claims substantially similar to those alleged in the Litigation.

45.   "Settlement Fund" means the $2,400,000 total sum, excluding costs payable to the Settlement Administrator and costs associated with the Notice Plan, that Navient will pay in connection with this Agreement, deposited into a common fund for payment of (i) a distribution to the Cy Pres Recipient; (ii) the Incentive Awards; and (iii) the Fee Award.

## III.   RECITALS

WHEREAS, on October 3, 2018, nine Class Representatives brought a putative nationwide class action in the United States District Court for Southern District of New York, alleging (among other things) that Navient misrepresented borrowers' eligibility for PSLF (Dkt. 1); and

WHEREAS, on January 16, 2019, eleven Class Representatives filed an Amended Class Action Complaint in the United States District Court for the Southern District of New York, alleging (among other things) that Navient misrepresented borrowers' eligibility for PSLF (Dkt. 32); and

WHEREAS, on October 16, 2019, the Court approved the voluntary dismissal of Class Representative Eldon R. Gaede from the Litigation (Dkt. 78); and

WHEREAS, Navient denies each and every one of the Class Representatives' allegations of wrongful conduct and damages, and Navient has asserted numerous defenses to the Class Representatives' claims and disclaims any wrongdoing or liability whatsoever, and Navient further denies that this matter satisfies the requirements to be tried as a class action under Rule 23 of the Federal Rules of Civil Procedure; and

EXECUTION COPY

WHEREAS, this Agreement has been reached after the Parties exchanged discovery and a substantial number of documents and information relevant to the Class Representatives' claims, and is a product of sustained, arm's length settlement negotiations over the course of several months and with the assistance of an experienced Magistrate Judge acting as a mediator; and

WHEREAS, in light of the substantial likelihood that Settlement Class Members will remain customers of Navient in the future, the most effective way to afford them full and final relief in a negotiated resolution of their Claims is for Navient to implement a program of business practice enhancements; and

WHEREAS, during the course of discussing the nature and scope of such business practice enhancements, it became apparent that because Navient operates on a nationwide basis, the benefits of those enhancements would need to be provided broadly to borrowers located across the country; and

WHEREAS, the Class Representatives and Navient recognize that the outcome of this matter is uncertain, and that a final resolution through the litigation process would require several more years of protracted adversarial litigation and appeals; substantial risk and expense; the distraction and diversion of Navient's personnel and resources and the expense of any possible future litigation raising similar or duplicative Claims; and

WHEREAS, the Class Representatives, Navient, and their counsel have agreed to resolve this matter as a settlement class action according to the terms of this Agreement; and

WHEREAS, the Parties believe that this Agreement is fair, reasonable, and adequate in its resolution of the Claims being released by the Settlement Class because it: (i) provides for certification of a Settlement Class, even though the Court has not yet determined whether this Litigation could properly be brought as a class action, and Navient maintains that certification of any class for litigation purposes would not be proper under Rule 23 of the Federal Rules of Civil Procedure; (ii) provides substantial benefits to the Settlement Class; (iii) preserves the right of the Settlement Class Members to bring individual lawsuits for Claims for monetary relief on their own behalf based on any damages they claim to have sustained; and (iv) waives further use of the class action procedural device and the ability to bring further Aggregate Actions for pursuit of Claims arising from the Covered Conduct; and

NOW, THEREFORE, without (i) any admission or concession on the part of the Class Representatives of the lack of merit of the Litigation whatsoever or (ii) any admission or concession of liability or wrongdoing or the lack of merit of any defense whatsoever by Navient, it is agreed that, in consideration for the undertakings, promises, and payments set forth in this Agreement and upon the entry by the Court of a Final Approval Order and Final Judgment approving and directing the implementation of the terms and conditions of this Agreement, the Litigation will be settled, compromised, and dismissed on the merits and with prejudice as to Navient upon the terms and conditions set forth below.

## IV.   APPLICATION FOR PRELIMINARY APPROVAL

1.      For purposes of settlement only, and upon the express terms and conditions set forth in this Agreement, the Parties agree to seek certification of a mandatory, nationwide

EXECUTION COPY

Settlement Class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. Navient agrees not to contest certification of the conditional Settlement Class.

2.  Because the Settlement Class is being certified as a mandatory class under Rule 23(b)(2) of the Federal Rules of Civil Procedure, Settlement Class Members shall not be permitted to opt out of the Settlement Class.

3.  Navient contends that this Litigation could not be certified as a class action under Rule 23 of the Federal Rules of Civil Procedure for litigation purposes. Nothing in this Agreement shall be construed as an admission by Navient that this Litigation or any similar case is amenable to class certification for litigation purposes.

4.  Unless the Court orders otherwise, by April 24, 2020, Plaintiffs shall file with the Court a Motion for Preliminary Approval of the Proposed Settlement, Conditional Certification of the Rule 23(b)(2) Settlement Class, Appointment of Class Counsel, and Approval and Direction of the Rule 23(b)(2) Notice Plan, that seeks entry of an order substantially similar to the proposed order attached hereto as Exhibit A, that would, for settlement purposes only:

    4.1  Preliminarily approve this Agreement;

    4.2  Conditionally certify the Settlement Class under Rule 23(b)(2) of the Federal Rules of Civil Procedure composed of the Settlement Class Members;

    4.3  Appoint Class Counsel;

    4.4  Approve the retention of the Settlement Administrator;

    4.5  Approve the Rule 23(b)(2) Notice Plan, including the form(s) of notice substantially similar to attached Exhibits B and C;

    4.6  Preliminarily approve the proposed Cy Pres Recipient;

    4.7  Establish deadlines for the filing of objections to the proposed settlement contemplated by this Agreement;

    4.8  Schedule the Final Approval Hearing; and

    4.9  Stay all other proceedings in this Litigation pending the Court's adjudication of the Motion for Final Approval.

5.  Class Counsel shall provide Navient's counsel with an opportunity to review and comment on the draft Motion for Preliminary Approval of the Proposed Settlement, including all supporting materials such as the memorandum and exhibits before it is submitted to the Court. The draft Motion for Preliminary Approval and supporting materials shall be provided to Navient's counsel eight (8) days before the Motion for Preliminary Approval is submitted to the Court. Class Counsel

7

EXECUTION COPY

> reserves the right to further revise the draft Motion for Preliminary Approval of the
> Proposed Settlement after providing a draft to Navient's counsel. Navient's
> counsel shall provide any comments to Class Counsel no later than three (3)
> business days before the Motion for Preliminary Approval of the Proposed
> Settlement is submitted to the Court. Class Counsel will consider comments
> provided by Navient's counsel but retains ultimate authority over the final text of
> the Motion for Preliminary Approval of the Proposed Settlement.

## V.  RELIEF

### A.  Settlement Fund

1.  Navient will deposit in an interest-bearing bank account designated and controlled by the Settlement Administrator the total sum of $2,400,000. That Settlement Fund will represent the total monetary obligations of Navient under this Agreement, excluding the expenses of the Settlement Administrator, costs associated with the Notice Plan, and any other administrative fees and expenses in connection with this Agreement. The Settlement Administrator will draw from the Settlement Fund to cover the distribution to the Cy Pres Recipient, the Fee Award, and the Incentive Awards.

2.  Navient will deposit the total sum of $2,400,000 into the interest-bearing account within twenty-one (21) days after the later of (a) the date the court enters the Preliminary Approval Order and (b) the date Navient receives wire instructions and a Form W-9 for the payment. The Fee Award, distribution to the Cy Pres Recipient, and the Incentive Awards will be paid from the Settlement Fund within five (5) days after the Effective Date. If this Agreement is terminated, the Settlement Administrator will return all funds to Navient within ten (10) days of the termination date.

3.  Other than the Settlement Fund, Navient will have no financial obligations to the Class Representatives, the Settlement Class, the Cy Pres Recipient, or Class Counsel.

4.  The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of § 468B of the Internal Revenue Code and the Treasury regulations thereunder and agree not to take any position for Tax purposes inconsistent therewith.

5.  Under no circumstances will Navient have any liability for taxes or the tax expenses of any Person that receives a portion of the Settlement Fund under this Agreement.

### B.  Business Practice Enhancements

As part of the consideration Navient is providing to the Settlement Class in exchange for the Releases it is receiving, Navient agrees to implement the following business practice enhancements (the "Business Practice Enhancements"). Navient acknowledges that the Litigation was a factor in Navient's decision to implement the Business Practice Enhancements.

EXECUTION COPY

1.    <u>Enhance Internal Resources for Call Center Representatives</u>

    1.1   Navient will update job aids to clarify that customer service representatives should discuss loan forgiveness including PSLF with borrowers prior to offering forbearance.

    1.2   Navient will update call flow procedures for repayment options to clarify that customer service representatives should review and determine borrowers' possible eligibility for loan forgiveness including PSLF during calls in which borrowers express an interest in repayment options or indicate that they are having difficulty repaying their loans.

    1.3   Navient will implement procedures requiring customer service representatives to listen for keywords or phrases that indicate borrowers' possible eligibility for forgiveness programs and to ask leading questions regarding employment by a government or not-for-profit organization. Borrowers who are interested and appear to be eligible for forgiveness including PSLF will be provided with additional information regarding forgiveness options, directed to the Federal Student Aid website, directed to call FedLoan Servicing, or sent the form email referenced in Paragraph V.B.2.2 below for additional information.

2.    <u>Update Written Communications With Borrowers</u>

    2.1   Navient will update template forms sent to borrowers when the borrowers consent to forbearance to provide another reminder that there may be loan forgiveness options available, including PSLF, and to direct them to the Federal Student Aid website and FedLoan Servicing to learn more about PSLF.

    2.2   Navient will create forms that can be sent via email to borrowers who request additional information about PSLF or express interest in PSLF.

3.    <u>Update Website and Chat Communications With Borrowers</u>

    3.1   Navient will maintain direct links to NSLDS on its website.

    3.2   Navient will implement procedures requiring customer service representatives to look for keywords or phrases that indicate borrowers' possible eligibility for forgiveness programs and to ask leading questions regarding forbearance and repayment options and/or provide additional information about loan forgiveness, including PSLF, during webchat conversations, including by directing borrowers to the Federal Student Aid website or directing them to call FedLoan Servicing.

EXECUTION COPY

4.   <u>Training and Monitoring of Call Center Representatives</u>

    4.1    Navient will provide training to customer service representatives on the aforementioned practice enhancements in Sections V.B.1–.3 and will maintain required training (including classroom training and on-the-job training) on PSLF for customer service representatives.

    4.2    Navient will maintain regular monitoring of a sample of calls by customer service representatives to ensure that they are complying with and adhering to policies and procedures including the policies and procedures described herein.

    4.3    When a job aid is changed or updated, Navient will alert all customer service representatives providing the updated job aid for review.

5.   <u>Implementation of Business Practice Enhancements</u>

    5.1    Navient will implement the Business Practice Enhancements described herein not later than sixty (60) days after Execution of the Agreement.

    5.2    Notwithstanding this provision, if Navient is unable to comply with this deadline, Navient shall receive a reasonable extension of time sufficient to permit completion of the task upon submission of an application to the Court showing good cause for the extension.

    5.3    Within ten (10) business days following (i) implementation of the Business Practice Enhancements described in Section V.B or (ii) the Effective Date, whichever is later, Navient will provide Class Counsel with documentation on a confidential basis sufficient to show such implementation.

6.   <u>Maintenance of Business Practice Enhancements</u>

    6.1    Navient will maintain the Business Practice Enhancements outlined herein for a minimum of three (3) years from the Effective Date.

    6.2    Navient agrees to certify compliance with the Business Practice Enhancements specified in Section V.B on an annual basis for three years.  The form of that certification is attached as Exhibit D to the Agreement.

        a.    Navient will provide Class Counsel with the First Certification within a year and sixty days after Execution of this Agreement.

        b.    Navient will provide Class Counsel with the Second Certification within a year after the First Certification.

EXECUTION COPY

        c.     Navient will provide Class Counsel with the Third Certification within a year after the Second Certification.

6.3    Navient agrees to update the materials forming the basis of the Business Practice Enhancements in Section V.B within sixty (60) days after any changes in the statutory and regulatory scheme governing loan forgiveness; provided that Navient is not required to maintain the Business Practice Enhancements if and to the extent that changed circumstances (such as, for example, a change in applicable laws or regulations) cause Navient to determine in its sole discretion that changes in relevant practices are necessary or appropriate.

        a.     Navient will notify Class Counsel of any substantive updates to the materials forming the basis of the Business Practice Enhancements in Section V.B within twenty (20) business days after implementation, together with an explanation of the reason for the update(s).

## C.    Cy Pres Recipient

1.    Subject to Court approval, the Parties have agreed that a $1.75 million cy pres award will be provided to an organization that will be newly formed in accordance with the parties' Term Sheet for Cy Pres Recipient and PSLF Project Proposal contained in Exhibit E. Plaintiffs will submit this proposal to the Court for the Court's approval with the Motion for Preliminary Approval of this Agreement.

2.    If the Court does not approve the Parties' proposed Cy Pres Recipient, the parties will propose an alternate Cy Pres Recipient that is acceptable to all Parties. The selection criteria for any alternate proposed Cy Pres Recipient shall conform to applicable law and be guided by the criteria identified in governing case law, statute, or other binding legal authority. In no event shall Plaintiffs propose a Cy Pres Recipient in which any of the Parties or their counsel or family members have a financial, commercial, or other pecuniary interest. Nor shall Plaintiffs propose a Cy Pres Recipient that has filed litigation or an enforcement action directly adverse to Navient within the past five (5) years. If the Parties are unable, following reasonable efforts, to agree on any alternate proposed Cy Pres Recipient, Plaintiffs and Navient may identify alternative proposed recipients to the Court. The Parties agree that any selection made by the Court shall be final and binding on them.

3.    As a condition to receiving a cy pres distribution under this Agreement, the Cy Pres Recipient has agreed to devote the funds to providing education and student loan counseling to borrowers employed in public service. The Parties agree that no portion of the cy pres award may be used by the Cy Pres Recipient to fund litigation.

EXECUTION COPY

4.      The total distribution from the Settlement Fund to the Cy Pres Recipient will equal the total amount of the Settlement Fund, including any accrued interest, less the Fee Award and the Incentive Awards.

5.      Because the Cy Pres Recipient will receive the remaining amount due after the Effective Date and after all other payment obligations are met, no portion of the Settlement Fund or interest thereon will revert to Navient.

6.      The Settlement Administrator will make payment to the Cy Pres Recipient within five days after the Effective Date.

**D.      Stakeholder Meeting**

1.      Navient will hold one Stakeholder Meeting with the Class Representatives to gather feedback on issues the Class Representatives allegedly faced with respect to PSLF.

      1.1      This Stakeholder Meeting shall take place within thirty (30) days after the Effective Date, or at such other time as may be agreed by the Parties.  The Stakeholder Meeting shall take place in person at a location to be determined by Navient unless the Class Representatives elect to appear by telephone or video conference.  A representative from Navient with decision-making authority with respect to the Business Practice Enhancements is required to be in attendance.

      1.2      Navient will notify Class Counsel of any updates to the Business Practice Enhancements in Section V.B on the basis of the Stakeholder Meeting within sixty (60) days after the Stakeholder Meeting.

**VI.      NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

**A.      Notice Plan**

1.      As this Agreement provides for a Settlement Class under Rule 23(b)(2) of the Federal Rules of Civil Procedure, individual notice is not required.  However, Plaintiffs and Navient have developed an appropriate Notice Plan that is reasonably calculated to reach Settlement Class Members.  The Parties will recommend this Notice Plan to the Court, and it will be administered by a qualified Settlement Administrator, which will employ at least the following methods for circulating information about the settlement to Settlement Class Members:

      a.      Public Statements, as described in Section XIII, after the issuance of the Court's Preliminary Approval Order;

      b.      Direct email and/or postcard communications including the Short-Form Notice to all individuals who have or had FFEL or Direct Loans currently serviced by Navient or that Navient has serviced at any time since October

EXECUTION COPY

1, 2007 and (a) whose correspondence histories in Navient's servicing systems contain at least one reference to PSLF, PSFL, public service, public srv, or publ serv in entries from and including October 3, 2012 through and including the Effective Date or (b) whose loans were transferred for servicing to FedLoan Servicing;

c.      Publication notice in national newspapers and on Navient's website including the Short-Form Notice;

d.      A Class Settlement Website to be activated as soon as possible but no later than five (5) business days after the Court's Preliminary Approval Order that contains the Agreement, the Short-Form Notice, the Long-Form Notice, the Preliminary Approval Order, and other relevant information regarding the Court-approval process;

e.      A toll-free number to be activated as soon as possible but no later than five (5) business days after the Court's Preliminary Approval Order that provides live responders and recorded information and directs Settlement Class Members to the Class Settlement Website; and

f.      An active hyperlink to the Class Settlement Website on Class Counsel's website after the issuance of the Court's Preliminary Approval Order.

2.   <u>Direct Email and/or Postcard Communications:</u>  Navient will identify all recipients of federal FFEL or Direct Loans whose loans it services or has serviced at any time since October 1, 2007 and (a) whose correspondence histories in Navient's servicing systems contain at least one reference to PSLF, PSFL, public service, public srv, or publ serv in entries from and including October 3, 2012 through and including the Effective Date or (b) whose loans were transferred for servicing to FedLoan Servicing, and will be responsible for sending direct email and/or postcard communications to these recipients in a form substantially similar to the form of Short-Form Notice provided in Exhibit B.  These communications will both be in English (with a Spanish version available at the Class Settlement Website) and, at a minimum, notify the recipients that they are potential members of the Settlement Class (and the definition of the Settlement Class), a settlement has been reached, their rights may be affected, and they may be permitted to object to the settlement. The Short-Form Notice will also refer them to the Class Settlement website.

3.   <u>Class Settlement Website:</u>  The Settlement Administrator will create and maintain the Class Settlement Website.   The Settlement Administrator will secure an appropriate URL for the Class Settlement Website that does not identify Navient, including any of Navient's predecessors, and shall be subject to the approval of Class Counsel and Navient's counsel (which shall not be unreasonably withheld). The Class Settlement Website will post important settlement documents such as the Complaint, the Agreement, the Short-Form Notice, the Long-Form Notice as described in Paragraphs VI.A.2 and VI.A.4 (in both English and Spanish), and the Preliminary Approval Order.  In addition, the Class Settlement Website will include

EXECUTION COPY

a description of the Business Practice Enhancements, a section for frequently asked questions, and procedural information regarding the status of the Court-approval process, such as an announcement when the Final Approval Hearing is scheduled, when the Final Approval Order and Final Judgment has been entered, and when the Effective Date is expected or has been reached. The Class Settlement Website may be terminated within sixty (60) days after either (i) the Effective Date or (ii) the date on which the Agreement is terminated, whichever is sooner.

4.  <u>Long-Form Notice</u>: The Parties have agreed that they will jointly recommend the Long-Form Notice, substantially in the form attached as Exhibit C, to the Court for approval. The Long-Form Notice is designed to provide comprehensive and easily understandable notice of the terms of the Agreement. The Long-Form Notice shall be posted on the Class Settlement Website as provided by Paragraph VI.A.3 above.

5.  <u>Toll-Free Number:</u> The Settlement Administrator will create and maintain a toll-free telephone number. The toll-free number will provide Settlement Class Members with access to live responders and to recorded information that includes answers to frequently asked questions and directs them to the Class Settlement Website. The Settlement Administrator shall be responsible for securing an appropriate toll-free number.

**B.    Notice Administration**

1.  At the Preliminary Approval hearing, the Parties will propose that the Court appoint Rust Consulting as Settlement Administrator. The Settlement Administrator will facilitate the notice process by assisting the Parties and providing professional guidance in the implementation of the Notice Plan.

2.  Navient will pay the Administrative Expenses of the Notice Plan and the costs and expenses of the Settlement Administrator as approved by the Court.

3.  As soon as reasonably practicable after the Court's Preliminary Approval Order, the Parties and the Settlement Administrator will implement the Notice Plan.

**C.    CAFA Notice**

1.  The Parties agree that Navient shall serve notice of the settlement that meets the requirements of CAFA, 28 U.S.C. § 1715, on the appropriate federal and state officials not later than ten (10) days after the filing of the Motion for Preliminary Approval of the settlement.

2.  Navient shall file with the Court a certification of compliance with the CAFA Notice requirement.

**VII.   OBJECTIONS**

1.  Any Settlement Class Member may object to the fairness, reasonableness, or adequacy of this Agreement.

EXECUTION COPY

2.  No later than twenty-one (21) days before the Final Approval Hearing, any Settlement Class Member who wishes to object to any aspect of this Agreement must send to the Settlement Administrator, Class Counsel, and Navient's counsel, and file with the Court, a written statement of the objection(s). The written statement of the objection(s) must include (i) the name of the Litigation; (ii) a detailed statement of the Settlement Class Member's objection(s), as well as the specific reasons, if any, for each objection, including any legal authority the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of his/her objection(s); (iii) the Settlement Class Member's full name, address and telephone number; (iv) the number of class actions in which the Settlement Class Member or his or her counsel have filed an objection in the last three (3) years; (v) the Settlement Class Member's signature; and (vi) information demonstrating that the Settlement Class Member is a member of the Settlement Class.

3.  Settlement Class Members may raise an objection either on their own or through an attorney hired at their own expense.  If a Settlement Class Member hires an attorney other than Class Counsel to represent him or her, the attorney must (i) file a notice of appearance with the Court no later than twenty-one (21) days before the Final Approval Hearing or as the Court otherwise may direct and (ii) deliver a copy of the notice of appearance on Class Counsel and Navient's counsel, no later than twenty-one (21) days before the Final Approval Hearing.  Class Members, or their attorneys, intending to make an appearance at any hearing relating to this Agreement, including the Final Approval Hearing, must deliver to Class Counsel and Navient's counsel, and file with the Court, no later than twenty-one (21) days before the date of the hearing at which they plan to appear, or as the Court otherwise may direct, a notice of their intention to appear at that hearing, along with a list of any witnesses the Settlement Class Member wishes to call to testify, or any documents or exhibits the Settlement Class Member or his or her counsel may use, at the Final Approval Hearing.

4.  Any Party shall have the right to respond to any objection prior to the Final Approval Hearing by filing a response with the Court and serving a copy on the Settlement Class Member (or his or her counsel) and counsel for the other Parties.

5.  Any Settlement Class Member who fails to comply with the provisions of the preceding subsections shall waive and forfeit any and all rights he or she may have to appear separately and/or object and shall be bound by all the terms.

## VIII.  CLASS COUNSEL FEE AWARD AND INCENTIVE AWARDS

1.  Navient will pay Incentive Awards to each of the Class Representatives in the amount of $15,000.

2.  Navient will not object to Class Counsel's application for an award of reasonable attorneys' fees, costs, and expenses in the amount of $500,000.

EXECUTION COPY

3. The Parties agree that Navient will pay a $500,000 Fee Award to Class Counsel, subject to Court approval, from the funds in the Settlement Fund. This Fee Award shall cover fees, costs, and other expenses for attorneys (and their employees, consultants, experts, and other agents) who performed work in connection with the Litigation on behalf of the Settlement Class Members. Regardless of the number of Persons sharing in the Court's award of attorneys' fees, costs, and other expenses, Navient shall not be required to pay any Fee Award that exceeds $500,000 in connection with the Agreement.

4. Any order or proceeding relating to the amount of the Fee Award or Incentive Awards, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Agreement, or affect or delay the finality of the Final Approval Order and Final Judgment, except that any modification, order, or judgment cannot result in Navient's overall obligation exceeding the agreed-upon amount of the Settlement Fund.

5. The Settlement Administrator shall pay the Fee Award and the Incentive Awards out of the Settlement Fund within five (5) days after the later of (a) the Effective Date or (b) the date when the Settlement Administrator receives payment instructions and, if necessary, Forms W-9.

6. Except as otherwise provided in this Section, each Party will bear its own costs, including attorneys' fees, incurred in connection with the Litigation.

## IX. RELEASE AND DISMISSAL

### A. Scope of Release

1. The obligations incurred pursuant to this Agreement shall be in full and final disposition of the Litigation as against Navient.

2. <u>Class Representatives' Release and Covenant Not To Sue</u>. Without limiting the foregoing in Paragraph IX.A.1, above, upon payment of the Incentive Awards, the Releasing Class Representative Parties, and each of them, (a) shall be deemed to have, and by operation of law and of the Final Approval Order and Final Judgment shall have, fully, finally, and forever compromised, released, relinquished, settled, and discharged all Released Class Representative Claims by the Releasing Class Representative Parties against each of the Released Defendant Parties; (b) shall have covenanted not to sue any of the Released Defendant Parties with respect to any of the Released Class Representative Claims; and (c) shall be permanently barred and enjoined from instituting, commencing, or prosecuting any of the Released Class Representative Claims against any of the Released Defendant Parties. The foregoing releases, covenants, and injunctions incorporate the waivers and other terms in Paragraphs IX.A.3–.5, below.

3. <u>Class Release and Covenant Not To Sue</u>. Without limiting the foregoing in Paragraph IX.A.1, above, upon distribution to the Cy Pres Recipient, the Releasing Class Member Parties, and each of them, (a) shall be deemed to have, and by

EXECUTION COPY

operation of law and of the Final Approval Order and Final Judgment shall have, fully, finally, and forever compromised, released, relinquished, settled, and discharged all Released Class Claims against each of the Released Defendant Parties; (b) shall have covenanted not to sue any of the Released Defendant Parties with respect to any of the Released Class Claims; and (c) shall be permanently barred and enjoined from instituting, commencing, or prosecuting any of the Released Class Claims against any of the Released Defendant Parties.

4.      Upon the Effective Date, the Releasing Class Representative Parties and Releasing Class Member Parties, and each of them, shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code Section 1542, which provides, "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY," and any statutory, common law, or other doctrines of similar effect under the law of any state or other jurisdiction.

5.      The Class Representatives and Class Counsel acknowledge that they may discover facts other than, different from, or in addition to, those that they know or believe to be true with respect to the Covered Conduct but that it is their intention to fully, finally, and forever settle and release the Released Class Representative Claims and Released Class Claims, notwithstanding any known or unknown, suspected or unsuspected, contingent or non-contingent Claims the Releasing Class Representative Parties or Releasing Class Member Parties may have based on the Covered Conduct, whether or not concealed or hidden, and without regard to the subsequent discovery or existence of such other, different, or additional facts.

6.      The Class Representatives and the Settlement Class Members recognize that as part of this Agreement, Navient is not contesting the certification of a conditional Settlement Class.

7.      The Settlement Class does not release or discharge, but instead expressly preserves, the right of any and all Settlement Class Members to file individual lawsuits for monetary relief on a non-class basis and excluding Aggregate Actions.

8.      The Class Representatives do not release, waive, or discharge Claims to enforce any provision of this Agreement.

9.      As of the Effective Date, Navient, as well as its respective agents, directors, officers, attorneys, employees, affiliates, parents, subsidiaries, divisions, successors, and assigns, releases all Claims for any damages or other relief relating to the prosecution of this Litigation, including any known or unknown, suspected or unsuspected, contingent or non-contingent Claims relating to the prosecution of this Litigation, that Navient may have, whether or not concealed or hidden, and

EXECUTION COPY

without regard to the subsequent discovery or existence of such other, different, or additional facts, against the Class Representatives, Class Counsel and their heirs, assigns, executors, administrators, predecessors, successors, and any other Person purporting to claim on their behalf, and agrees to refrain from instituting, directing, or maintaining any contested matter, adversary proceeding, or miscellaneous proceeding, or participating in any contested matter, miscellaneous proceeding, or adversary proceeding by a third party relating to the prosecution of this Litigation against the Class Representatives, Class Counsel, and their heirs, assigns, executors, administrators, predecessors, successors, and any other Person purporting to claim on their behalf.

**B.     Binding Effect**

1.     Upon the Effective Date, no default by any Person in the performance of any covenant or obligation under this Agreement or any order entered in connection therewith shall affect the dismissal of the Litigation, the res judicata effect of the Final Approval Order and Final Judgment, the foregoing Releases, or any other provision of the Final Approval Order and Final Judgment; provided, however, that all other legal and equitable remedies for violation of a court order or breach of this Agreement shall remain available to all Parties.

2.     Any and all Releases pursuant to this Agreement are not intended to have any preclusive or res judicata effect upon actions or investigations currently pending or brought in the future by any governmental agency including, but not limited to, the United States Consumer Financial Protection Bureau, the United States Department of Justice, and other state or federal attorneys general against Navient, including for restitution benefiting Class Representatives or members of the Settlement Class.

**C.     Dismissal**

1.     Upon entry of the Final Approval Order and Final Judgment, the claims of the Class Representatives asserted in the Litigation shall be dismissed with prejudice.

**X.     NO ADMISSION**

1.     This Agreement, whether or not it shall become final, and any and all negotiations, communications, and discussions associated with it, shall not be:

a.     Offered or received by or against any Party as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission by a Party of the truth of any fact alleged by Class Representatives on behalf of Settlement Class Members or defense asserted by Navient, of the validity of any Claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault, or wrongdoing on the part of the Class Representatives or Navient;

EXECUTION COPY

    b.    Offered or received by or against Class Representatives or Navient as a presumption, concession, admission, or evidence of any violation of any state or federal statute, law, rule, or regulation or of any liability or wrongdoing by Navient, or of the truth of any of the Claims, and evidence thereof shall not be directly or indirectly admissible, in any way (whether in the Litigation or in any other action or proceeding), except for purposes of enforcing this Agreement and the Final Approval Order and Final Judgment including, without limitation, asserting as a defense the Release and waivers provided herein;

    c.    Offered or received by or against Class Representatives or Navient as evidence of a presumption, concession, or admission with respect to a decision by any court regarding the certification of a class, or for purposes of proving any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against Navient, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; provided, however, that if this Agreement is approved by the Court, then the Class Representatives or Navient may refer to it to enforce their rights hereunder; or

    d.    Construed as an admission or concession by the Class Representatives, the Settlement Class, or Navient that the consideration to be given hereunder represents the relief that could or would have been obtained through trial in the Litigation.

2.    These prohibitions on the use of this Agreement shall extend to, but are not limited to, any individual lawsuit preserved from the Released Class Claims in Section IX above.

## XI.    ENTRY OF FINAL APPROVAL ORDER AND FINAL JUDGMENT

1.    The Parties shall jointly seek entry by the Court of a Final Approval Order and Final Judgment as soon as is practical that includes the follow provisions:

    a.    Granting final approval of this Agreement, and directing its implementation pursuant to its terms and conditions;

    b.    Ruling on Class Counsel's application for the Fee Award;

    c.    Discharging and releasing the Released Defendant Parties from the Released Class Representative Claims and Released Class Claims as identified in Section IX above;

    d.    Permanently barring and enjoining the Class Representatives and Settlement Class Members from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts Released Class Representative Claims or Released Class Claims, respectively;

EXECUTION COPY

> e.    Directing that, as to Navient, this Litigation be dismissed with prejudice and without costs; and
>
> f.    Reserving to the Court continuing and exclusive jurisdiction over the Parties with respect to the Agreement and Final Approval Order and Final Judgment.

## XII.   TERMINATION OF THE AGREEMENT

1.   Navient's willingness to settle this Litigation on a nationwide class-action basis and not to contest the accompanying certification of a Settlement Class is dependent upon achieving finality in this Litigation and the desire to avoid the expense of this and other litigation, except to the extent Settlement Class Members' individual lawsuits are expressly preserved in Section IX.   Consequently, Navient has the right to terminate this Agreement, declare it null and void, and have no further obligations under this Agreement to the Class Representatives, if any of the following conditions subsequent occurs:

> a.    The Parties fail to obtain and maintain preliminary approval of the proposed settlement of the Settlement Class Claims;
>
> b.    Any court, in reviewing the Agreement, the Final Approval Order, and Final Judgment, or an appeal thereof, orders Navient to pay, in the aggregate, a Fee Award, Incentive Awards, and a distribution to the Cy Pres Recipient that are collectively in excess of $2,400,000, excluding costs paid to the Settlement Administrator and costs associated with the Notice Plan, in connection with the settlement of the Settlement Class Claims;
>
> c.    The Court fails (in a manner that is material and adverse to Navient) to enter a Final Approval Order and Final Judgment consistent with the provisions in Section XI;
>
> d.    The settlement of the Settlement Class Claims is not upheld on appeal, including review by the United States Supreme Court; or
>
> e.    The Effective Date does not occur for any reason including, but not limited to, the entry of an order by any court that would require either material modification or termination of the Agreement.

2.   The Class Representatives' willingness to settle this Litigation on a nationwide class-action basis on behalf of the Settlement Class Members is dependent upon achieving finality in this Litigation and the desire to avoid the expense of this and other litigation, except to the extent Settlement Class Members' individual lawsuits are expressly preserved in Section IX.  Consequently, Class Representatives have the right to terminate this Agreement, declare it null and void, and have no further obligations under this Agreement, if any of the following conditions subsequent occurs:

EXECUTION COPY

a.    The Parties fail to obtain and maintain preliminary approval of the proposed settlement of the Settlement Class Claims;

b.    Any court, in reviewing the Agreement, the Final Approval Order, and Final Judgment, or an appeal thereof, orders Navient to pay, in the aggregate, a Fee Award, Incentive Awards, and a distribution to the Cy Pres Recipient that are collectively less than $2,400,000 in connection with the settlement of the Settlement Class;

c.    The Court fails (in a manner that is material and adverse to the Class Representatives) to enter a Final Approval Order and Final Judgment consistent with the provisions in Section XI;

d.    The settlement of the Settlement Class Claims is not upheld on appeal, including review by the United States Supreme Court; or

e.    The Effective Date does not occur for any reason including, but not limited to, the entry of an order by any court that would require either material modification or termination of the Agreement.

3.    Notwithstanding anything herein, the Parties acknowledge and agree that the Court's failure to approve, in whole or in part, any Fee Award or Incentive Award pursuant to Section VIII, or the reversal or modification of a Fee Award and/or Incentive Award on appeal or in a collateral proceeding, is not grounds for termination of this Agreement.

4.    A Party electing to terminate this Agreement Pursuant to Section XII shall provide written notice of its election to do so to all other Parties.

5.    In the event of a termination of this Agreement pursuant to Section XII, or if this Agreement and the settlement proposed herein are canceled or otherwise fail to become effective for any reason whatsoever, then (a) any order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*; (b) the Settlement Fund in its entirety shall be promptly repaid to Navient; and (c) the Parties shall be returned to the *status quo ante* with respect to the Litigation as of the Agreement's Execution date, as if the Parties had never entered into this Agreement, with all of their respective legal Claims and defenses preserved as they existed on that date.

## XIII.  CONFIDENTIALITY AND PUBLIC STATEMENTS

1.    Other than responses to inquiries from governmental entities or as necessary to comply with federal, state, or local laws or to comply with the terms of this Agreement, no Party shall make any Public Statement regarding this Agreement until the Court grants the Preliminary Approval Order.

2.    Unless and until all Parties execute this Agreement and present it to the Court in a motion seeking the Preliminary Approval Order, the Parties agree that all terms of

EXECUTION COPY

this Agreement will remain confidential and subject to Rule 408 of the Federal Rules of Evidence.

3. The parties agree that Navient and Navient's counsel, on the one hand, and Plaintiffs, Class Counsel, and AFT, on the other hand, will not make Public Statements about this Agreement without express prior written approval by the other side of the content of the statement, including in advance of the public announcement of any settlement; provided, however, that each of the foregoing may respond to queries, following the Court's Preliminary Approval Order, about the Agreement without further approval from the other side if the response is consistent with the pre-approved Public Statements for that side, as described in Paragraph XIII.4 below.

4. Following the Court's grant of the Preliminary Approval Order, AFT may make a Public Statement in the form agreed to by the Parties on April 23, 2020 at 5:27 pm EST. Navient may make a Public Statement in the form agreed to by the Parties on April 24, 2020 at 5:59 pm EST. Class Counsel may make a Public Statement in the form agreed to by the Parties on April 24, 2020 at 5:59 pm EST.

5. All proprietary or confidential documents or information that have been previously provided to the Parties, as of the Effective Date of this Agreement, including under the Stipulated Confidentiality Agreement and Protective Order (Dkt. 38), shall be returned to the producing party or, upon permission of the producing party, destroyed, as provided for in that Order, with certification of the destruction to be provided to the producing party within sixty (60) days of the Effective Date.

## XIV. ENFORCEMENT OF THE AGREEMENT

1. The Court will retain exclusive jurisdiction to enforce the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement. As part of its continuing jurisdiction, the Court may amend, modify, or clarify orders issued in connection with this Agreement upon good cause shown by a party. No other court or tribunal will have any jurisdiction over Claims or causes of action arising under this Agreement.

2. This Agreement will be governed by and construed in accordance with the internal laws of the State of New York without regard to conflicts of law principles that would direct the application of the laws of another jurisdiction.

## XV. MISCELLANEOUS

1. Representations. Class Counsel represent that as of the Execution of this Agreement, they have no other current clients or cases against Navient other than the Litigation and have no present intention of soliciting new clients to sue Navient.

EXECUTION COPY

2.    <u>Successors and Assigns</u>.  This Agreement and all of its terms and provisions shall inure to the benefit of and bind the Parties and each of their predecessors, successors, assigns, heirs, executors, administrators, and transferees.

3.    <u>Drafting</u>.  The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of contra proferentum.  This Agreement is a collaborative effort of the Parties and their attorneys that was negotiated on an arm's-length basis between parties of equal bargaining power.  Accordingly, this Agreement shall be neutral, and no ambiguity shall be construed in favor of or against any of the Parties.  The Parties expressly waive the presumption of California Civil Code section 1654 that uncertainties in a contract are interpreted against the party who caused the uncertainty to exist.

4.    <u>Entire Agreement</u>.  This Agreement, including all attached Exhibits, contains the entire Agreement and understanding of the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, if any, with respect hereto, whether oral or written.

5.    <u>Exhibits</u>.  All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

6.    <u>Amendment</u>.  This Agreement may not be amended, altered, modified, or otherwise changed except in a writing executed by all of the Parties or their successors in interest expressly stating that it is an amendment to this Agreement.  The Parties shall not make any Claims, and hereafter waive any right they now have or may hereafter have based upon any oral alteration, oral amendment, oral modification, or other changes of this Agreement not in writing.

7.    <u>Cooperation</u>.  The Parties agree to cooperate fully and to take all additional action that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

8.    <u>Headings</u>.  The headings of the Sections of this Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

9.    <u>Severability</u>.  In the event that any provision hereof becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable, or void, this Agreement shall continue in full force and effect without said provision, subject, however, to the Parties' rights to terminate the Agreement under Section XII, above.

10.    <u>Interpretation</u>.  As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall be deemed to include the others wherever the context so indicates.  The Preamble and Recitals are incorporated herein and made a part hereof.  The words "include," "includes," and "including" shall be deemed to be followed by the phrase "without limitation."

EXECUTION COPY

11.   Counterparts.  This Agreement may be executed in several counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

12.   Facsimile and Electronic Signatures.  Facsimile transmission of signatures on this Agreement shall be deemed to be original signatures and shall be acceptable to the Parties to this Agreement for all purposes.  In addition, transmission by electronic mail of a PDF document created from the originally signed document shall be acceptable to the Parties to this Agreement for all purposes.

13.   Representation by Counsel.   The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective rights and obligations with respect to this Agreement.  The Parties have read and understand fully the above and foregoing Agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

14.   Res Judicata.  Except as provided herein, if this Agreement is approved by the Court, any Party may file and otherwise rely upon this Agreement in any action that may be brought against such Party in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.   Waiver.  The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

16.   Representations and Warranties.  The Class Representatives represent and warrant that they have not assigned any Claim or right or interest therein as against Navient to any other Person and that they are fully entitled to release the same.  Each counsel or other Person executing this Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto hereby warrants and represents to the other Parties hereto that such counsel or other Person has the authority to execute and deliver this Agreement, its Exhibits, and related settlement documents, as applicable.

17.   Survival.  The Parties agree that the terms set forth in this Agreement shall survive the signing of this Agreement.

18.   Governing Law.  All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the State of New York, without reference to its conflict of law provisions, except to the extent the federal law of the United States requires that federal law governs.

EXECUTION COPY

*[Signatures follow on next page.]*

EXECUTION COPY

        IN WITNESS WHEREOF, the Parties hereto have duly executed this Agreement and/or have caused this Agreement to be executed by their duly authorized representatives on the dates set forth below.

**CLASS REPRESENTATIVES**

Dated: April 24, 2020

_____
Kathryn Hyland

Dated: April 24, 2020

_____
Melissa Garcia

Dated: April 24, 2020

_____
Elizabeth Taylor

Dated: April 24, 2020

_____
Michelle Means

Dated: April 24, 2020

_____
Elizabeth Kaplan

Dated: April 24, 2020

_____
Jennifer Guth

Dated: April 24, 2020

_____
Rebecca Spitler-Lawson

Dated: April 24, 2020

_____
Jessica Saint-Paul

Dated: April 24, 2020

_____
Anthony Church

Dated: April 24, 2020

_____
Megan Nocerino

26

EXECUTION COPY

IN WITNESS WHEREOF, the Parties hereto have duly executed this Agreement and/or have caused this Agreement to be executed by their duly authorized representatives on the dates set forth below.

## CLASS REPRESENTATIVES

Dated: April 24, 2020

_____
Kathryn Hyland

Dated: April 24, 2020

_____
Melissa Garcia

Dated: April 24, 2020

_____
Elizabeth Taylor

Dated: April 24, 2020

_____
Michelle Means

Dated: April 24, 2020

_____
Elizabeth Kaplan

Dated: April 24, 2020

_____
Jennifer Guth

Dated: April 24, 2020

_____
Rebecca Spitler-Lawson

Dated: April 24, 2020

_____
Jessica Saint-Paul

Dated: April 24, 2020

_____
Anthony Church

Dated: April 24, 2020

_____
Megan Nocerino

26

EXECUTION COPY

          IN WITNESS WHEREOF, the Parties hereto have duly executed this Agreement and/or have caused this Agreement to be executed by their duly authorized representatives on the dates set forth below.

## CLASS REPRESENTATIVES

Dated: April 24, 2020              _____
                                       Kathryn Hyland

Dated: April 24, 2020              _____
                                       Melissa Garcia

Dated: April 24, 2020              _____
                                       Elizabeth Taylor

Dated: April 24, 2020              _____
                                       Michelle Means

Dated: April 24, 2020              _____
                                       Elizabeth Kaplan

Dated: April 24, 2020              _____
                                       Jennifer Guth

Dated: April 24, 2020              _____
                                       Rebecca Spitler-Lawson

Dated: April 24, 2020              _____
                                       Jessica Saint-Paul

Dated: April 24, 2020              _____
                                       Anthony Church

Dated: April 24, 2020              _____
                                       Megan Nocerino

26

EXECUTION COPY

       IN WITNESS WHEREOF, the Parties hereto have duly executed this Agreement and/or have caused this Agreement to be executed by their duly authorized representatives on the dates set forth below.

**CLASS REPRESENTATIVES**

Dated: April 24, 2020

                         Kathryn Hyland

Dated: April 24, 2020

                         Melissa Garcia

Dated: April 24, 2020

                         Elizabeth Taylor

Dated: April 24, 2020

                         Michelle Means

Dated: April 24, 2020

                         Elizabeth Kaplan

Dated: April 24, 2020

                         Jennifer Guth

Dated: April 24, 2020

                         Rebecca Spitler-Lawson

Dated: April 24, 2020

                         Jessica Saint-Paul

Dated: April 24, 2020

                         Anthony Church

Dated: April 24, 2020

                         Megan Nocerino

EXECUTION COPY

IN WITNESS WHEREOF, the Parties hereto have duly executed this Agreement and/or have caused this Agreement to be executed by their duly authorized representatives on the dates set forth below.

**CLASS REPRESENTATIVES**

Dated: April 24, 2020

_____
Kathryn Hyland

Dated: April 24, 2020

_____
Melissa Garcia

Dated: April 24, 2020

_____
Elizabeth Taylor

Dated: April 24, 2020

_____
Michelle Means

Dated: April 24, 2020

_____
Elizabeth Kaplan

Dated: April 24, 2020

_____
Jennifer Guth

Dated: April 24, 2020

_____
Rebecca Spitler-Lawson

Dated: April 24, 2020

_____
Jessica Saint-Paul

Dated: April 24, 2020

_____
Anthony Church

Dated: April 24, 2020

_____
Megan Nocerino

26

EXECUTION COPY

　　　　IN WITNESS WHEREOF, the Parties hereto have duly executed this Agreement and/or have caused this Agreement to be executed by their duly authorized representatives on the dates set forth below.

## CLASS REPRESENTATIVES

Dated: April 24, 2020

_____
Kathryn Hyland

Dated: April 24, 2020

_____
Melissa Garcia

Dated: April 24, 2020

_____
Elizabeth Taylor

Dated: April 24, 2020

_____
Michelle Means

Dated: April 24, 2020

_____
Elizabeth Kaplan

Dated: April 24, 2020

_____
Jennifer Guth

Dated: April 24, 2020

_____
Rebecca Spitler-Lawson

Dated: April 24, 2020

_____
Jessica Saint-Paul

Dated: April 24, 2020

_____
Anthony Church

Dated: April 24, 2020

_____
Megan Nocerino

26

EXECUTION COPY

IN WITNESS WHEREOF, the Parties hereto have duly executed this Agreement and/or have caused this Agreement to be executed by their duly authorized representatives on the dates set forth below.

**CLASS REPRESENTATIVES**

Dated: April 24, 2020

_____
Kathryn Hyland

Dated: April 24, 2020

_____
Melissa Garcia

Dated: April 24, 2020

_____
Elizabeth Taylor

Dated: April 24, 2020

_____
Michelle Means

Dated: April 24, 2020

_____
Elizabeth Kaplan

Dated: April 24, 2020

_____
Jennifer Guth

Dated: April 24, 2020

_____
Rebecca Spitler-Lawson

Dated: April 24, 2020

_____
Jessica Saint-Paul

Dated: April 24, 2020

_____
Anthony Church

Dated: April 24, 2020

_____
Megan Nocerino

EXECUTION COPY

        IN WITNESS WHEREOF, the Parties hereto have duly executed this Agreement and/or have caused this Agreement to be executed by their duly authorized representatives on the dates set forth below.

**CLASS REPRESENTATIVES**

Dated: April 24, 2020

_____
Kathryn Hyland

Dated: April 24, 2020

_____
Melissa Garcia

Dated: April 24, 2020

_____
Elizabeth Taylor

Dated: April 24, 2020

_____
Michelle Means

Dated: April 24, 2020

_____
Elizabeth Kaplan

Dated: April 24, 2020

_____
Jennifer Guth

Dated: April 24, 2020

_____
Rebecca Spitler-Lawson

Dated: April 24, 2020

_____
Jessica Saint-Paul

Dated: April 24, 2020

_____
Anthony Church

Dated: April 24, 2020

_____
Megan Nocerino

26

EXECUTION COPY

        IN WITNESS WHEREOF, the Parties hereto have duly executed this Agreement and/or have caused this Agreement to be executed by their duly authorized representatives on the dates set forth below.

**CLASS REPRESENTATIVES**

Dated: April 24, 2020

                              _____
                              Kathryn Hyland

Dated: April 24, 2020

                              _____
                              Melissa Garcia

Dated: April 24, 2020

                              _____
                              Elizabeth Taylor

Dated: April 24, 2020

                              _____
                              Michelle Means

Dated: April 24, 2020

                              _____
                              Elizabeth Kaplan

Dated: April 24, 2020

                              _____
                              Jennifer Guth

Dated: April 24, 2020

                              _____
                              Rebecca Spitler-Lawson

Dated: April 24, 2020

                              _____
                              Jessica Saint-Paul

Dated: April 24, 2020

                              _____
                              Anthony Church

Dated: April 24, 2020

                              _____
                              Megan Nocerino

EXECUTION COPY

      IN WITNESS WHEREOF, the Parties hereto have duly executed this Agreement and/or have caused this Agreement to be executed by their duly authorized representatives on the dates set forth below.

**CLASS REPRESENTATIVES**

Dated: April 24, 2020

_____
Kathryn Hyland

Dated: April 24, 2020

_____
Melissa Garcia

Dated: April 24, 2020

_____
Elizabeth Taylor

Dated: April 24, 2020

_____
Michelle Means

Dated: April 24, 2020

_____
Elizabeth Kaplan

Dated: April 24, 2020

_____
Jennifer Guth

Dated: April 24, 2020

_____
Rebecca Spitler-Lawson

Dated: April 24, 2020

_____
Jessica Saint-Paul

Dated: April 24, 2020

_____
Anthony Church

Dated: April 24, 2020

_____
Megan Nocerino

26

EXECUTION COPY

**CLASS COUNSEL**

Dated: April 24, 2020                  By: _____
                                       Faith Gay
                                       SELENDY & GAY PLLC

                                       *Attorneys for Plaintiffs*

Dated: April 24, 2020                  By: _____
                                       Mark Richard
                                       PHILLIPS, RICHARD & RIND, P.A.

                                       *Attorneys for Plaintiffs*


                                       **NAVIENT SOLUTIONS, LLC AND NAVIENT
                                       CORPORATION**

Dated: April 24, 2020                  By: _____
                                       Ashley M. Simonsen
                                       COVINGTON & BURLING LLP

                                       *Attorneys for Defendants Navient Solutions, LLC and
                                           Navient Corporation*

EXECUTION COPY

**CLASS COUNSEL**

Dated: April 24, 2020

By: _____
Faith Gay
SELENDY & GAY PLLC

*Attorneys for Plaintiffs*

Dated: April 24, 2020

By: _____
Mark Richard
PHILLIPS, RICHARD & RIND, P.A.

*Attorneys for Plaintiffs*

**NAVIENT SOLUTIONS, LLC AND NAVIENT CORPORATION**

Dated: April 24, 2020

By: _____
Ashley M. Simonsen
COVINGTON & BURLING LLP

*Attorneys for Defendants Navient Solutions, LLC and
Navient Corporation*

EXECUTION COPY

# **Exhibits**

**Exhibit A:**  Proposed Preliminary Approval Order

**Exhibit B:**  Short-Form Notice

**Exhibit C:**  Long-Form Notice

**Exhibit D:**  Certification

**Exhibit E:**  Term Sheet for Cy Pres Recipient and PSLF Project Proposal

28