UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————— x

KATHRYN HYLAND, MELISSA GARCIA,   :   Civil Action No. 18-cv-9031-DLC
ELIZABETH TAYLOR, JESSICA SAINT-   :
PAUL, REBECCA SPITLER-LAWSON,   :   OBJECTION OF CLASS MEMBER AND
MICHELLE MEANS, ELIZABETH   :   OBJECTOR RICHARD E. CARSON III
KAPLAN, JENNIFER GUTH, MEGAN   :
NOCERINO, and ANTHONY CHURCH,   :
individually and on behalf of all others   :
similarly situated,   :
                                                              :
                          Plaintiffs,   :
                                                              :
        vs.   :
                                                              :
                                                              :
NAVIENT CORPORATION and NAVIENT   :
SOLUTIONS, LLC,   :
                                                              :
                          Defendants.   :
                                                              :

——————————————————— x

I, Richard E. Carson III, making this declaration pursuant to 28 U.S.C. §1746 on the basis of my own personal knowledge as to the facts stated, except as to those matters (stated to be on information and belief) do declare and state as follows:

1. My full name is Richard E. Carson III.

2. My address is 1537 B Pershing Drive, San Francisco, Ca 94129

3. My telephone number is (415) 816-9024.

4. I am making this declaration in support of my objection to the class-action settlement in *Hyland et al. v. Navient Corp., et al., Case No.,* 18 Civ. 9031, pending in the United States District Court for the Southern District of New York.

5. I make this objection both on my own behalf as a class member who would be bound by the Proposed Settlement if it were approved, and also on behalf of the entire class.

6. I am a member of the Settlement Class in *Hyland, et al. v. Navient Corp., et al.,* Case No. 18 Civ. 9031, as it is defined in the email notice that I received and in the Long Form Notice made available on the Internet. The email that I received defines the Settlement Class:

> What is the "Class"? The Class includes all individuals who from October 1, 2007 to the Effective Date (i) have or had Federal Family Education Loan Program ("FFEL") or Direct Loans serviced by Navient; (ii) are or were employed full-time by a qualifying public service employer(s) for purposes of PSLF; and (iii) spoke to a Navient customer service representative about subjects relating to PSLF eligibility.

Exhibit A hereto (which is a true and correct copy of the email I received from the PSLF Settlement Administrator). The Long Form Notice made available online similarly defines the Settlement Class:

> The class includes all individuals who from October 1, 2007 to the "Effective Date"1 of the Settlement (i) have or had Federal Family Education Loan Program ("FFEL") or Direct Loans serviced by Navient; (ii) are or were

employed full- time by a qualifying public service employer or employers for purposes of Public Service Loan Forgiveness ("PSLF"); and (iii) spoke to a Navient customer service representative about subjects relating to eligibility for PSLF.

Exhibit B hereto at 1 (which is a true and correct copy of the Long Form Notice posted on the Internet). Although the Class Notice that I received by email fails to define "the Effective Date," *see* Exhibit A hereto, I found that the Long Form Notice posted on the Internet defines the "Effective Date" as follows:

> "Effective Date" means the first date after either (i) the time to appeal the Final Approval Order and Final Judgment has expired with no appeal having been filed or (ii) the Final Approval Order and Final Judgment is affirmed on appeal by a reviewing court and is no longer reviewable by any court.

Exhibit B hereto at 1 n.1 (Long Form Notice).

> The Effective Date is the date when all appeals are completed or expired, and the proposed settlement becomes final. You can visit the class settlement website at www.PSLFSettlement.com, after October 2, 2020, to check on the progress of the Court-approval process and the Effective Date.

Exhibit B hereto at 5, §9 (Long Form Notice)

7.  As set forth below, I am a member of the Settlement Class as defined in the Long Form Notice.

8.  I am a member of the Settlement Class because (1) I had FFEL or Direct Loans serviced by Sallie Mae from 2011 to 2014, and by Navient from 2014 to April 8, 2019 (2) I was employed full-time by a qualifying public-service employer from October 2005 to March 2020 and (3) I have spoken repeatedly with Navient customer-service representatives about my eligibility for PSLF during the period when Navient was servicing my loans.

9.  I took out four FFEL loans dating back to 1995 to 2001 which were serviced by Deutsche Bank ELT SLC Trust, then consolidated to Sallie Mae on 11/24/2003, which were then transferred to Navient, which split from Sallie Mae in 2014. They are as follows:

- 2 -

a. **First: Loan Type** FFEL **School** CONSOLIDATED

**Owner** DEUTSCHE BANK ELT SLC TRUST

**Guarantor** EDUCATIONAL CREDIT MGMT CORP/CA

**Disbursement Date** 11/24/2003 **Original Principal** $6,219.60

b. **Second: Loan Type** FFEL **School** CONSOLIDATED

**Owner** DEUTSCHE BANK ELT SLC TRUST

**Guarantor** EDUCATIONAL CREDIT MGMT CORP/CA

**Disbursement Date** 11/24/2003 **Original Principal** $12,412.17

c. **Third: Loan Type** FFEL **School** CONSOLIDATED

**Owner** DEUTSCHE BANK ELT SLC TRUST

**Guarantor** EDUCATIONAL CREDIT MGMT CORP/CA

**Disbursement Date** 01/09/2001 **Original Principal** $30,052.18

d. **Fourth: Loan Type** FFEL **School** CONSOLIDATED

**Current Owner** DEUTSCHE BANK ELT SLC TRUST

**Guarantor** EDUCATIONAL CREDIT MGMT CORP/CA

**Disbursement Date** 01/09/2001 **Original Principal** $25,956.83

10. Although I have been making payments on my loans since 2011, the current balance owing on my now-consolidated loans is over two-hundred thousand dollars.

11. That my loans were serviced by Navient until April 8, 2019, is documented by my Navient account history, true and correct screen shots from which are attached as Exhibit C hereto.

12. When I contacted Sallie Mae by telephone in 2011, 2012, 2013, and 2014, I was repeatedly advised that in order to qualify for loan forgiveness I had to make 25-years of

payments without missing any payments otherwise I would lose eligibility, and that I would be required to pay taxes on the forgiven amount.

13. During phone calls with Sallie Mae 20011, 2012, 2013 & 2014 concerning why they had not processed my requests for an Income Based Repayment ("IBR") plan in time to renew my application although I had sent in the documents months before their due dates. Sallie Mae's delay caused its electronic system to automatically charge my bank account over $1,600 in interest payments. This caused my account to become overdrawn and the stress of thinking that my payments would not be credited as on-time repayments for purposes of loan forgiveness was extremely high.

14. When Navient took over servicing my account in 2014, I continued making payments on time through the IBR plan, believing that I was qualifying for loan forgiveness.

15. I have made on-time payments from 2011 until today, except for those times prior to 2014, when Sallie Mae's automated electronic withdrawals caused my bank account to be overdrawn even after Sallie Mae had received all of my work income documents months prior to withdrawing money more money than it should have from my bank account.

16. Each year in which my loans were serviced by Sallie Mae and Navient I submitted documents from my employer which was a 501(c)(3) non-profit.

17. It wasn't until 2017 and 2018 that I started to come across information on the Internet about lawsuits against Navient.

18. In 2018 I filed a complaint with the Consumer Finance Protection Bureau against Navient's poor business practices.  I also made quite a few phone calls to the government to complain about Navient and to determine if my past years of on-time Income Based Repayments with Sallie Mae and Navient while employed full time by a 501(c)(3)

- 4 -

nonprofit organization could be credited towards my PSLF loan forgiveness. I explained that I had been working for the same nonprofit since 2004 and was full-time since October 2005, but could never get a straight answer from Sallie Mae or Navient or the government.

19. I finally found a company, Docupop, in early 2019, which is based in San Diego, who after confirming that I did indeed work for a 501(c)(3) non-profit organization, stated that I qualify for the PSLF program, but that it would take 120 payments to receive forgiveness, toward which none of the payments I had made during the eight years my loans were serviced by Sallie Mae and Navient would count.

20. Each year in which my loans were serviced by Sallie Mae and Navient I submitted documents from my employer which was a 501(c)(3) nonprofit.

21. I was employed full time by the Young Men's Christian Association of San Francisco ("YMCA of San Francisco") from October 2005 to March 2020 when I was furloughed due to the COVID-19 coronavirus pandemic.

22. I was rehired the beginning of July to help as essential staff with summer tennis camp under the guidelines of the city of SF health department rules for camp instruction, and am currently employed part-time by the YMCA of San Francisco. I hope to return to full-time employment in the near future.

23. I understand that the YMCA of San Francisco is a qualifying employer for the PSLF program because it is a tax-exempt not-for-profit organization under Section 501(c)(3) of the Internal Revenue Code.

24. That the YMCA of San Francisco is a nonprofit corporation organized under the laws of the State of California can be seen from its Amended Articles of Incorporation, a true and

- 5 -

correct copy of which is attached as Exhibit D hereto, and its Statement of Information filed with the California Secretary of State, a true and correct copy of which is attached as Exhibit E hereto.

25. That the YMCA of San Francisco is a Section 501(c)(3) tax-exempt organization is further evidenced by its filings on Form 990, a true and correct copy one being attached as Exhibit F hereto.

26. My employment by the YMCA of San Francisco, a qualifying public-service employer, is documented by the PSLF employment certification form a true and correct excerpt from which (with certain personal information redacted) is attached as Exhibit G hereto.

27. I began part-time employment with the YMCA of San Francisco in May of 2004, and was employed full time beginning in October 2005. In all, I was employed full time by the YMCA of San Francisco from October 2005 until March 2020.

28. Further demonstrating my membership in the Settlement Class, I received an email from the "PSLF Settlement Administrator <PSLFSettlement@class-action-administrator.com>" informing me of the proposed settlement of class members' claims against Navient. *See* Exhibit A hereto, which is a true an correct copy of the email I received from the PSLF Settlement Administrator.

29. I object to the proposed Settlement because it compromises the class's claims by creating a $2.4 million common fund from which only the class representatives, their lawyers, and a new nonprofit organization favored by the lawyers, but does nothing to compensate any other class members for injuries suffered by Navient's wrongful conduct.

30. I object that the proposed Settlement impairs class members' ability to obtain meaningful relief, because it bars them from seeking equitable relief in the future, bars them from

seeking damages in a class action, and saddles them with the preclusive effect of this Court's July 8, 2019, Order dismissing all claims but those asserted under New York's General Business Law Section §349.

31. I object that payments of $15,000 apiece from the common-fund recovery of "incentive awards" or "service awards" to compensate the Named Plaintiffs give them an incentive to abandon the interests of the class.

32. I object that the payment of service awards to Named Plaintiffs from a common-fund recovery is illegal under a Supreme Court decision holding that such an award was "illegally made," *Trustees v. Greenough,* 105 U.S. 527, 537-38 (1882).

33. I object that the acceptance of $15,000 service awards in exchange for abandoning prosecution of the Settlement Class's claims against Navient is contrary to the Named Plaintiffs' fiduciary duty as class representatives under Federal Rule of Civil Procedure 23 to seek relief for the class rather than compromising other class members' claims in order to enrich themselves.

34. I object to the allocation of $1.75 million to a new nonprofit organization which is denied the ability to litigate on class members' behalf or to vindicate their legal rights, and which will not benefit Settlement Class members such as myself.

35. I object that I and other class members should be given an opportunity to opt out of the settlement.

36. I object that Class Notice failed to disclose that Class Counsel may have been conflicted because the American Federation of Teachers financed this litigation and paid their attorneys' fees.

37. I object that the Named Plaintiffs have not demonstrated by a preponderance of the evidence that they have Article III standing.

38. My attorney, Eric Alan Isaacson, is preparing a memorandum setting out my objections in greater detail and with legal citations, which memorandum is to be filed contemporaneously herewith.

39. In the last three years, I have not filed an objection in any other class actions.

40. My attorney, Eric Alan Isaacson, intends to appear and to be heard at the Final Approval Hearing.

41. I understand my attorney will argue points set forth in this objection and in the memorandum of law that he is preparing to accompany it.

42. I understand that my attorney will argue that the proposed Settlement is unfair to the class, and that the distribution of the Settlement Agreement's common fund to class representatives, their lawyers, and a new nonprofit, is unfair and illegal.

43. I understand that my attorney will argue that prospective injunctive relief regulating Navient's customer-service activities does not benefit members of the class like myself whose loans no longer are serviced by Navient.

44. I understand that my attorney will argue that prospective relief which does not benefit many members of the class is improper under Federal Rule of Civil Procedure 23(b)(2) and barred by the Second Circuit's decision in *Berni v. Barilla, S.p.A.,* 964 F.3d 141, 143 (2d Cir. 2020).

45. I understand that my attorney will argue that the proposed cy pres distribution is impermissible because it does not meaningfully benefit members of the Settlement Class.

46. I understand that my attorney will argue that the proposed Settlement Agreement harms rather than benefits Settlement Class members, by limiting their future litigation options.

47. I understand that my attorney will argue that the proposed $15,000-apiece service awards for named plaintiffs are unauthorized by law, that they create incentives to abandon the interests of the class, and that they are barred by fundamental Rule 23 principles and Supreme Court precedent.

48. I understand that my attorney will argue that the fact that the American Federation of Teachers financed this litigation and paid Class Counsel's attorneys' fees should have been disclosed to the Settlement Class, and that the Settlement has not consented to this arrangement and apparent conflict of interest.

49. I understand that my attorney may argue that Class Counsel's fiduciary duty runs to the Settlement Class rather than to the American Federation of Teachers, which may have tired of paying their attorneys' fees.

50. I understand that my attorney may argue additional points set out in this objection, in the memorandum of law that he is preparing to accompany it, or in response to any additional papers that Named Plaintiffs and their counsel may file.

51. On information and belief, I understand that in the last three years my attorney Eric Alan Isaacson has filed objections on behalf of class-member clients in two cases.

52. On information and belief, I understand that my attorney, Eric Alan Isaacson, either on behalf of a family trust of which he is a trustee, or on his own behalf, has in the last three years filed objections in three additional actions, all matters in which he is represented by counsel.

53. On information and belief, I understand that my attorney, Eric Alan Isaacson, also is involved in several currently pending appeals concerning objections to class-action settlements and fee awards.

54. I respectfully request that my attorney, Eric Alan Isaacson, be allotted thirty minutes to speak at the Final Approval Hearing.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on September //<sup>Th</sup>, 2020, at San Francisco, California.

Dated this __//__ th day of September, 2020.

Richard E. Carson III

- 10 -