**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KATHRYN HYLAND, MELISSA GARCIA, ELIZABETH TAYLOR, JESSICA SAINT-PAUL, REBECCA SPITLER-LAWSON, MICHELLE MEANS, ELIZABETH KAPLAN, JENNIFER GUTH, MEGAN NOCERINO, and ANTHONY CHURCH individually and on behalf of all others similarly situated,<br><br>                         Plaintiffs,<br><br>v.<br><br>NAVIENT CORPORATION and NAVIENT SOLUTIONS, LLC,<br><br>                         Defendants. | No. 18-cv-9031-DLC-BCM<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 10 / 9 / 2020 |

## FINAL APPROVAL ORDER

**WHEREAS**, Plaintiffs Kathryn Hyland, Melissa Garcia, Elizabeth Taylor, Jessica Saint-Paul, Rebecca Spitler-Lawson, Michelle Means, Elizabeth Kaplan, Jennifer Guth, Megan Nocerino, and Anthony Church ("Plaintiffs" or "Class Representatives," and collectively with the other members of the Settlement Class, the "Settlement Class") entered into a Settlement Agreement and Release (the "Settlement Agreement")[1] with Defendants Navient Solutions, LLC and Navient Corporation (collectively, "Defendants" or "Navient"), on April 24, 2020 to resolve the claims in the above-captioned class action lawsuit (the "Litigation");

**WHEREAS**, the Court on June 19, 2020 issued an order granting preliminary approval of the Settlement Agreement and conditional certification of the Settlement Class, and appointing the

---

[1] All terms not defined herein have the meaning ascribed to them in the Settlement Agreement.

Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel (the "<u>Preliminary Approval Order</u>");

**WHEREAS**, the Settlement Administrator has filed proof of dissemination and publication of the Short-Form Notice and the Long-Form Notice, and proof of maintenance of the Class Settlement Website and Toll-Free Number (the "<u>Class Notice</u>"), in accordance with the Notice Plan set forth in Section VI of the Settlement Agreement, as modified by the Court in the Preliminary Approval Order;

**WHEREAS**, Plaintiffs filed a Motion for Final Approval of the Settlement Agreement and Certification of the Settlement Class (the "<u>Final Approval Motion</u>"), an Application for Service Awards for Class Representatives (the "<u>Service Awards Application</u>"), and an Application for Award of Reasonable Attorneys' Fees and Reimbursement of Expenses (the "<u>Fees Application</u>") on August 28, 2020, none of which was opposed by Navient;

**WHEREAS**, on October 2, 2020, a hearing was held before the Court to consider the fairness, reasonableness, and adequacy of the proposed settlement and whether it should be finally approved by the Court pursuant to a final approval order and judgment (the "<u>Final Approval Hearing</u>"), after which hearing the Court requested that Class Counsel submit a revised proposed final approval order (the "<u>Final Approval Order</u>");

and

**WHEREAS**, the Court, having read and considered the Settlement Agreement and its exhibits, the Final Approval Motion and its accompanying memorandum of law, the Service Awards Application and its accompanying memorandum of law, the Fees Application and its accompanying memorandum of law, the pleadings, all other papers filed in this Litigation, and all matters submitted to it at the Final Approval Hearing, hereby finds that the Final Approval Motion

2

and the Service Awards Application should be **GRANTED** and the Fees Application should be **DENIED**.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

### FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

1.     The Settlement Agreement, including the releases contained therein, is approved as being fair, reasonable, and adequate under Federal Rules of Civil Procedure 23(b)(2) and 23(e) and in the best interest of the Settlement Class as a whole.  Class Representatives and Defendants are directed to implement the settlement in accordance with the terms and conditions of the Settlement Agreement.

2.     The Court further approves the Cy Pres Recipient, described in Section V.C of the Settlement Agreement, to launch the PSLF Project, as set forth in the Term Sheet for Cy Pres Recipient and PSLF Project Proposal, Dkt. 125-8, and to receive a total distribution of $2,250,000 from the Settlement Fund.

3.     The Court finds that the Settlement Agreement was entered into at arm's length by experienced counsel, including after an in-person mediation supervised by the Honorable Barbara C. Moses, United States Magistrate Judge of the United States District Court for the Southern District of New York.

### CERTIFICATION OF THE SETTLEMENT CLASS

4.     The Settlement Class described herein is certified pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(e):

> All individuals who, at any point from October 1, 2007 to the Effective Date (i) have or had Federal Family Education Loans ("FFEL") or Direct Loans serviced by Navient; (ii) are or were employed full-time by a qualifying public service employer or employers for purposes of PSLF; and (iii) spoke to a Navient customer service representative about subjects relating to eligibility for PSLF.

3

5.      Pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, the Court finds, for settlement purposes only, that: (a) the Settlement Class Members are so numerous as to make joinder of all the Settlement Class Members impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class Members; and (d) the Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class Members.

6.      The Court further finds, for settlement purposes only, that Defendants are alleged to have acted or refused to act on grounds that apply generally to the Settlement Class, and that Settlement Class certification is accordingly proper under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

## NOTICE TO SETTLEMENT CLASS MEMBERS

7.      The Court finds that the Class Notice as modified by the Court in the Preliminary Approval Order (a) fairly and adequately described the terms and effects of the Settlement Agreement, (b) fairly and adequately described the date by which Class Counsel were required to file the Final Approval Motion and Fees Application, (c) fairly and adequately described the method and date by which any member of the Settlement Class could object to or comment upon the Settlement Agreement, (d) set a date by which Class Counsel could respond to any objections to the Settlement Agreement, and (e) provided notice to the Settlement Class of the time and place of the Final Approval Hearing.  Subject to paragraph 16 below, the Court finds that the Class Notice constituted appropriate and reasonable notice under the circumstances and otherwise met all requirements of applicable law.

## RELEASES

8.    In accordance with the terms of Section IX.A.3 of the Settlement Agreement, upon distribution to the Cy Pres Recipient, each Settlement Class Member and their related parties (defined in the Settlement Agreement as "Releasing Class Member Parties") release all claims for monetary relief brought on an aggregate or class basis or for non-monetary relief arising out of the same facts underlying this lawsuit (defined in the Settlement Agreement as "Released Class Claims") against Navient and its related parties (defined in the Settlement Agreement as "Released Defendant Parties"). In accordance with the terms of Section IX.A.7 of the Settlement Agreement, the Settlement Class does not release or discharge, but instead expressly preserves, the right of any and all Settlement Class Members to file individual lawsuits for monetary relief on a non-class basis and excluding Aggregate Actions.

9.    In accordance with the terms of Section IX.A.2 of the Settlement Agreement, upon payment of the Incentive Awards, each Class Representative and their related parties (defined in the Settlement Agreement as "Releasing Class Representative Parties") release all claims for monetary or non-monetary relief arising out of the same facts underlying this lawsuit (defined in the Settlement Agreement as "Released Class Representative Claims") against each of the Released Defendant Parties. In accordance with the terms of Section IX.A.8 of the Settlement Agreement, the Class Representatives do not release, waive, or discharge claims to enforce any provision of the Settlement Agreement. As set forth above in paragraph 8, all other Settlement Class Members do not release or discharge, but instead expressly preserve, their right to file individual lawsuits for monetary relief on a non-class basis and excluding Aggregate Actions.

10.    In accordance with the terms of Section IX.A.9 of the Settlement Agreement, as of the Effective Date of the Settlement Agreement, Navient and its related parties (enumerated in Settlement Agreement § IX.A.9) release all claims for any damages or other relief relating to the

prosecution of this Litigation that Navient may have against the Class Representatives, Class Counsel, and their related parties.

## APPROVAL OF THE SERVICE AWARDS

11.     The Court finds that the requested service awards are justified under the circumstances of this case in recognition of the time and effort that each Class Representative expended in furtherance of this case and the personal risks and burdens incurred by the Class Representatives on behalf of the class.

12.     Each Class Representative is or was a public service employee who holds or held at one time significant debts, and if properly advised, they would have had significant opportunity to have those debts forgiven. An award of $15,000 will compensate each Class Representative for only a fraction of the debt that they held at some point in time, if not currently. Nevertheless, the Class Representatives agreed to give up the right to sue Navient individually.

13.     In addition, the Class Representatives opened their lives to scrutiny when they stepped forward on behalf of the class and laid bare their financial circumstances, their career choices, and their personal histories, without which commitment this litigation could not have been brought. There is evidence that the Class Representatives have suffered personal attacks because they have served in their role as named Plaintiffs in order to benefit all class members. These attacks should not be part of the burden of serving as Class Representatives.

14.     Finally, because individualized issues regarding any misrepresentations or omissions by Navient would likely have prevented class certification, and therefore there is likely no monetary relief that could have been awarded to absent class members on an aggregate basis, there is little risk that the Class Representatives breached their duty to absent class members in agreeing to this settlement.

15.     Weighing all of those factors, the requested service awards are approved and each Class Representative is awarded $15,000 pursuant to the Settlement Agreement.

## **ATTORNEYS' FEES**

16.     The Court declines to reach the merits of the Fees Application because counsel's papers, and therefore the Class Notice, did not disclose that the American Federation of Teachers ("AFT") had paid counsel's fees or that an attorneys' fees award would be used to reimburse AFT for those payments.  Therefore, under Settlement Agreement § V.C.4, the $500,000 requested for such award shall be distributed to the Cy Pres Recipient, for a total distribution to the Cy Pres Recipient of $2,250,000.

17.     The Court reserves continuing and exclusive jurisdiction over Plaintiffs, Defendants, and the Settlement Class with respect to the Settlement Agreement and this Order.  Subject to the foregoing, this Litigation is hereby dismissed with prejudice and without costs.

**IT IS SO ORDERED.**

This ninth day of October, 2020          By:  _____

Hon. Denise Cote
United States District Court Judge